

**FILED**
6/22/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

William D. Riley EL ®™
_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**RECEIVED**

**APR 11 2016** ᴱᴬᴳ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

vs.     Case No: 15 C 11180
(To be supplied by the Clerk of this Court)

John R. Baldwin - Director, S. A. Godinez (former O) Atchison - Chief of Operations, Joseph Yurkovich (former), Marcus Hardy, David Gomez, D. Johnson, Mark Delia, Andrew Prenger, Sandra Funk, Starsky, Michael Lemke, Michael Magana, Terry D Williams, Nicohlas Lamb, Tejada, Jenny McGarvey, Randy Pfister, Trancoso, Eitts, A. Hall, Lasket #713, P. Torri #676, C. Wright, M. Range, J. Bennett #1372, J. Shen #1853, J. Clements# 2805, Lake, C. Best, D. Mansfield, J. Hosselton, C. Marshall, Fredricks, Tarr, J. Baldwin, Lantree, C. Brown, Koechel,

_____

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**          **AMENDED COMPLAINT**

__✓__     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
        U.S. Code (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
        28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.     **Plaintiff(s):**

    A.    Name: _William D. Riley Sr._

    B.    List all aliases: _NA_

    C.    Prisoner identification number: _B73269_

    D.    Place of present confinement: _Stateville Correctional Center_

    E.    Address: _PO Box 112, 16830 S. Broadway, Joliet IL 60434_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant: _Salvador Godinez (Former Director)_

           Title: _Director - (Former)_

           Place of Employment: _Illinois Department of Corrections_

    B.    Defendant: _Joseph Yurkovich_

           Title: _Chief of operations - (former)_

           Place of Employment: _Illinois Department of Corrections_

    C.    Defendant: _Marcus Hardy_

           Title: _Deputy Director - Central District_

           Place of Employment: _Illinois Department of Corrections_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

D. Defendant: David Gomez
Title: (former) Deputy Director - Northern District
Place of Employment: Illinois Department of Corrections

E. Defendant: Michael Lemke
Title: (former) Warden - Stateville - AD Committee
Place of Employment: Illinois Department of Corrections

F. Defendant: Michael Magana
Title: (former) Warden - Stateville - AD Committee
Place of Employment: Illinois Department of Corrections

G. Defendant: Tarry D. Williams
Title: (former) Warden - Stateville - AD Committee
Place of Employment: Illinois Department of Corrections

H. Defendant: Nicholas Lamb
Title: Warden - Stateville - AD Committee
Place of Employment: Illinois Department of Corrections

I. Defendant: Assistant Warden Tejeda
Title: Asst. Warden - Stateville - AD Committee
Place of Employment: Illinois Department of Corrections

J. Defendant: Tracy McGarvey # 543
Title: (former Major) - AD Committee
Place of Employment: Illinois Department of Corrections

K. Defendant: Randy Pfister
Title: Warden - Pontiac - AD Committee
Place of Employment: Illinois Department of Corrections

L. Defendant: Tracando
Title: (former Major) - AD Committee - Pontiac
Place of Employment: Illinois Department of Corrections

M. Defendant: Gilts
Title: Counselor - Protic
Place of Employment: Illinois Department of Correction

N. Defendant: A. Hall
Title: (former Counselor)
Place of Employment: Illinois Department of Correction

O. Defendant: Lesket #713
Title: 4/s Major - Stateville
Place of Employment: Illinois Department of Corrections

P. Defendant: P. Terri #6216
Title: 4/s Major - Stateville - AD Committee
Place of Employment: Illinois Department of Corrections

Q. Defendant: C. Wright
Title: (former LL.) - Adjustment Committee
Place of Employment: Illinois Department of Corrections

R. Defendant: M. Range #7787
Title: C/o - Stateville
Place of Employment: Illinois Dept. of Cor.

S. Defendant: J. Bennett #4322
Title: C/o - Stateville
Place of Employment: Ill. Dept. of Corr.

T. Defendant: J. Snow #9953
Title: C/o - Stateville
Place of Employment: Ill. Dept. of Corr.

U. Defendant: J. Church #0505
Title: C/o - Stateville
Place of Employment: Ill. Dept. of Cor.

V. Defendant: Lato
   Title: ce Major  Stateville
   Place of Employment: Ill. Dept. of Corr.

W. Defendant: C. Best
   Title: Sg Lt.  Stateville - Adjustment Committee
   Place of Employment: Ill. Dept. of Corr.

X. Defendant: D. Mansfield
   Title: counselor - Stateville - Adjustment Committee
   Place of Employment: Ill. Dept. of Corr.

Y. Defendant: J. Hosselton
   Title: counselor  Stateville - Adjustment Committee
   Place of Employment: Ill. Dept. of Corr.

Z. Defendant: C. Marshall
   Title: ze Major  Stateville
   Place of Employment: Ill. Dept. of Corr.

AA. Defendant: Fredricks
    Title: c/o Major  Stateville
    Place of Employment: Ill. Dept. of Corr.

BB. Defendant: Tarr
    Title: Warden Assistant - Stateville -AD Committee
    Place of Employment: Ill. Dept. of Corr.

CC. Defendant: J. Baldwin   (AD Committee)
    Title: Caseworker Supervisor (currently - Men Ill. DOC
    Place of Employment: Ill. Dept. of Corr.

DD. Defendant: Lantree
    Title: (former) psychologist -AD Committee
    Place of Employment: Ill. Dept. of Corr.

EE. Defendant: C. Brown
   Title:        Counselor - Pontiac - AD Committee
   Place of Employment: Ill. Dept. of Corr.

F.F. Defendant: Koechel
   Title: C/o - Pontiac - AD Committee
   Place of Employment: Ill. Dept. of Corr.

G.G. Defendant: Starsky
   Title: C/o Intel. Supervisor - Nothern Dist. - AD Committee, Pontiac
   Place of Employment: Ill. Dept. of Corr.

HH. Defendant: Sandra Funk
   Title:        Transfer Coordinator
   Place of Employment: Ill. Dept. of Corr.

II. Defendant. Atchison
   Title:        Chief of Operations
   Place of Employment: Ill. Dept. of Corr.

JJ. Defendant: D. Johnson
   Title:        Chief of Investigation / Intelligence (former)
   Place of Employment. Ill. Dept. of Corr.

KK. Defendant: Mark Delia
   Title:        Chief of Investigation / Intelligence
   Place of Employment: Ill. Dept. of Corr.

LL. Defendant: Andrew Pranger
   Title:        Chief of Intel
   Place of Employment: Ill. Dept. of Corr.

MM. Defendant: John R. Baldwin
   Title:        Director
   Place of Employment: Ill. Dept. of Corr.

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Riley EL v Hardy, et al (11 CV 4401); Riley EL v Godinez State of Illinois, et al (13C5768); Riley El v Hardy, et al, (13CV5771); Riley El v State of Illinois (13CV8656) Riley v. Godinez 2015 MR1504

B. Approximate date of filing lawsuit: fall of 2011; 8/16/13; 8/16/13; 11/13; 8/27/15

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: NA only one plaintiff (William D Riley El

D. List all defendants: (11CV4401-Salvador Godinez, Marcus Hardy, Dr. Ghosh)(13C5768-(13C5771- Godinez, Hardy, Edwards, Wexford Health Sources Inc, Kevin Halloran, KT Carter) 13C8656-Lemke, Hardy, McCann, Shaw, Ramos, Dominquez, Battaga, Goiley, Funk, Ghosh, Ngu, Tilden, Aguinaldo, Zhang, Shute, Richardson, Bautista, Mahne, Ritter, Schaefer, Carter, Davis, Obaisi.) (Godinez, Williams, Anderson, Best, Mansfield 2015 MR1504)

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): "Northern District of Illinois-Eastern Division", "Will County"

F. Name of judge to whom case was assigned: "Honorable Joan B Gottschall", "Bennett J. Brown"

G. Basic claim made: (11CV4401 Discrimination; deliberate indifference)(13C5768-Conditions of confinement, deliberate indifference)(13C5771-Denial of medical treatment; deliberate indifference) (13C8656-denial of medical treatment; deliberate indifference)(Due Process)(Due Process & 2015 MR1504)

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): All still pending

I. Approximate date of disposition: All still pending

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Nature of Claim

# I. INTRODUCTION

1. This is a civil rights action, in which Plaintiff seeks relief from the defendant's violation of his rights secured by 42 U.S.C. § 1983, and the First, Eighth, and Fourteenth Amendments to the United States Constitution. The claims arise from a series of occurrences and events, which persist until the present. Defendants have engaged in a systematic course and pattern of harassment and retaliation against Plaintiff for filing grievances. And civil rights lawsuits in this court. Defendants in their systematic course and pattern of harassment and retaliation have; 1) subjected Plaintiff to false disciplinary reports, which have denied Plaintiff due process of law on several occassions, and arbitrary placement in segregation/isolation; 2) subjected Plaintiff to arbitrary and malicious placement in Administrative Detention that required at minimum 270 days of Administrative Detention before release, in clear violation of IDOC's own regulations; 3) subjected Plaintiff to unconstitutional "Conditions of Confinement" at Stateville Corr. Ctr., and Pontiac Corr. Ctr. while being arbitrarily held in Administrative Detention; 4) subjected Plaintiff to arbitrary deprivation of all his personal property without due process of law, while continuously holding Plaintiff in Administrative Detention/isolation/segregation; 5) subjected Plaintiff to a retaliatory transfer for filing grievances, and lawsuits in this court. Defendants were deliberately indifferent to objectively serious risks to Plaintiff's health, safety and well being. Plaintiff seeks a preliminary injunction, compensatory and punitive damages, declaratory and injunctive relief, an award of costs, and attorney's fees, and such other and further relief as the court deems just and proper for defendants deliberate acts under color of law.

2. Defendants are employees of the Illinois Department of Corrections ("IDOC") who were employed at Pontiac Corr. Ctr., 700 West Lincoln Street, Pontiac, Illinois 61764, and Stateville Corr. Ctr., 16830 S. Broadway - Route 53, Crest Hill, Illinois 60434 at all times relevant to this complaint. Defendants acted, at all times relevant in their official capacity under color of state law. The individual Defendants are sued in their individual and official capacities.

3. Plaintiff has filed numerous grievances prior to and spanning the course and pattern of harassment and retaliation addressing all the issues. Plaintiff seeks, in part, to enjoin the continuous and on-going harassment and retaliation. Plaintiff also seeks a preliminary injunction at this time, as necessary because plaintiff is suffering and continues to suffer irreparable, and actual harm by the arbitrary placement in administrative isolation, and arbitrary deprivation/loss of all plaintiff's personal property, in retaliation for enforcing plaintiff's right to redress a grievance.

4. Specifically, plaintiff has already been physically damaged by defendants refusal to provide plaintiff with "Conditions of Confinement" that meet modern standards of living, and their denial of procedural due process to plaintiff in providing a initial placement hearing prior to placing plaintiff in Administrative isolation, with a phrase system that punishes plaintiff in the equivalent of disciplinary segregation. As well as defendants retaliatory acts of harassment i.e., arbitrary transfer to Menard Corr-Ctr., defendants refusal to return plaintiffs personal property, and defendants denial of due process in two seperate disciplinary hearings.

5. Plaintiff alleges that Defendants have retaliated against plaintiff for exercising plaintiffs right to redress a grievance, and access the courts on a number of occassions spanning the course and pattern of retaliation that defendants engaged in against Plaintiff. The retaliatory actions were pursuant to a custom and policy that was enforced by defendants against Plaintiff. Despite supervisor's knowledge of this custom and pattern, and staff involvement in such practice, there was no investigation, no discipline, no corrective action taken, and no resolution to the action complained of about said staff members.

6. Plaintiff alleges that defendants did not afford plaintiff his procedural due process rights under the "Fourteenth Amendment" in conducting the disciplinary hearings and in punishing plaintiff arbitrarily for disciplinary infractions that never occurred. Plaintiff also alleges that the Adjustment Committee committed a number of errors in violation of plaintiffs due process rights. Specifically, plaintiff contends that the disciplinary report gave an inadequate notice to plaintiff as to the time, place, or what action plaintiff engaged in which caused said violation of rules; that the committee (1) relied on a confidential source without providing any indication of its reliability and (2) inadequately explained its decision

to convict plaintiff of the charged offense, and the evidence relied upon.

7. Plaintiff alleges under 20 Ill.Adm.Code § section 504.660, Plaintiff was entitled to a hearing after 90 days to determine if he should be released from Administrative Detention. However, Defendants ignored those rules, and instituted a policy that required at minimum 270 days of Administrative Detention before allowing Plaintiff an opportunity to be released from Administrative Detention. The Defendant's policy dictated that Plaintiff and all other inmates in "AD", be placed in Administrative Detention for three phases, each of them lasting 90 days. After the first 90 days, Plaintiff would be given a hearing to determine if he could be moved into the next phase, or if he be required to stay in the same another 90 days. 90 days later, Plaintiff would be given another hearing to determine whether he would be moved to the next phase, and so on until Plaintiff had graduated all three phases. To be released from the detention, Plaintiff was required to complete all the phases successfully. To date, Plaintiff is still in Administrative Detention.

## Conditions in Administrative Detention

## Stateville Correctional Center

8. Plaintiff asserts that while held arbitrarily in segregation, Plaintiff was placed on the Administrative Detention wing, and held in an isolation cell away from the general population.

9. Toilets in Plaintiff's cell unit backed up and flooded. Plaintiff's cell was routinely flooded with urine, toilet paper, and feces.

10. Plaintiff was only allowed to shower two times per week while at Stateville. The shower had no ventilation and were covered in dirt and mold. In addition, Plaintiff was forced to stand in old water from other inmates showers due to lack of drainage.

11. There was no ventilation in Plaintiff's cell at Stateville, and he was forced to breath dusty, stagnant air.

12. When the floors in Administrative Detention were waxed, the wax smell would remain in Plaintiff's cell, causing Plaintiff stomach pains, and head aches.

13. Plaintiff asserts that ants, roaches, and other bugs infested Plaintiff's cell and property.

14. Plaintiff's cell assignment (X-Lower Center 16) had layers of old paint that accumulated over the years. Plaintiff's floor and property would accumulate a thick layer of white/grayish dust every two days.

15. During the winter, Plaintiff was subjected to extreme cold. The window in his cell was warped, allowing cold air to seep in during the winter. Plaintiff was only given a radiator in his cell to keep warm, and it did little to alleviate the cold temperatures. In fact, Plaintiff was able to see his own breath as it condensed in the cold.

16. Throughout Plaintiff's stay at Stateville, Defendants were made aware through direct complaints face to face, and grievances of these conditions and disregarded risk of harm to Plaintiff.

## Pontiac Correctional Center

17. Plaintiff asserts that the building, at Pontiac in which Plaintiff was housed, (Northhouse), was rarely swept or mopped. The showers were filthy, and covered in soap scum, mildew, and mold. Plaintiff's cell was infested with ants, mice, spiders, and other bugs. Due to this infestation, the bugs were all over plaintiff's legal material. Due to plaintiff, plaintiff being housed in the same cell house with seriously mentally ill offenders who threw feces and urine in the vent, which forced plaintiff to eat every meal with this foul smell in the air. When officers use pepper spray to subdue the mentally ill, and the non-mentally ill, the chemicals from the pepper spray was ventilated into Plaintiff's cell assignment, causing Plaintiff's eyes to become irritated, as well as irritating Plaintiff's asthma condition.

18. When Plaintiff was given out-of-cell exercise, plaintiff was forced to be segregated in pod cages that simulated a dog kennell full of human beings. While being subjected to these conditions Plaintiff is forced to smell the foul odor of feces and urine, for the duration of the out-of-exercise. Plaintiff was never supplied with water or allowed to use the washroom, or supplied with appropriate clothing during the winter.

19. Throughout Plaintiff's stay at Pontiac, Defendants were made aware through complaints and grievances of these conditions and disregarded the risk of harm to Plaintiff.

20. Plaintiff asserts that defendants violated his procedural/due process rights when plaintiff was allegedly identified by confidential sources, as a validated STG leader, and arbitrarily transferred, and all plaintiff's personal property was confiscated on two occasions, defendants did so in retaliation for plaintiffs' jailhouse lawyering activities and with insufficient evidence in violation of plaintiff's Fourteenth Amendment rights to due process, and equal protection, and plaintiff's First Amendment right to file prison grievances, and civil rights lawsuits. As well as plaintiff's Eighth Amendment right to receive proper medical treatment, and defendants deliberate indifference to provide such medical treatment.

21. Plaintiff alleges that IDOC prison officials abused the prison gang validation procedures, (730 ILCS 5/3-2-2 @ r-10) as a cover or a ruse to silence and punish plaintiff because plaintiff has filed numerous grievances, and civil rights complaints in this Court, as a direct violation of plaintiffs First Amendment right to redress a grievance, and acess the court.

22. Plaintiff alleges that IDOC prison officials from Springfield down to the facility level engaged in a systematic course and pattern of harassment, and retaliation against plaintiff because certain tactical operations can only be authorized on the Springfield Administrative level, such as the activation of the Special Operation Response Team (S.O.R.T. the men in black), who targeted plaintiff on November 7, 2013, and extracted plaintiff from his cell assignment at 7:30 AM on said date without plaintiff's property, and subsequently transferred plaintiff to Menard in a van equipped with a aluminum box cage pod to secure plaintiff in.

23. Plaintiff alleges that IDOC officials in Springfield engaged in retaliatory actions against plaintiff when they authorized the transfer of plaintiff from Stateville to Menard Correctional Center with total disregard for plaintiff's physical condition (Stage IV renal failure), and the cancelation of plaintiff's medical hold, and direct interference with plaintiff's medical treatment at UIC Nephrology Clinic, whereby plaintiff was scheduled to return prior to being transferred arbitrarily in retaliation for filing grievances, and lawsuits in this Court.

COUNT I
(42 U.S.C. § 1983 - Retaliation)

24. Plaintiff incorporates paragraphs 1 through 23 as paragraph 24 of this Count I.

25. The First Amendment of the United States Constitution prohibits Retaliation against an incarcerated person preventing plaintiff from exercising his constitutional rights.

26. Plaintiff's rights under the First Amendment to be free from retaliation by the State of Illinois have been abridged by IDOC, Administrative officials in Springfield, who authorized the arbitrary cell extraction of plaintiff without allowing plaintiff to pack his property, and transfer by the Special Operations Response Team ('S.O.R.T.'-men in black) of plaintiff to Menard Correctional Center on November 7, 2013 with deliberately and willfully total disregard of plaintiff's medical conditions and right to receive proper medical treatment for filing grievances, lawsuits, and jailhouse lawyering activities Amongst the general population. Plaintiff was subsequently transferred back to Stateville Correctional Center in two days. After the healthcare staff assessed plaintiff's medical condition and consulted with IDOC Medical Director who recommended the transfer as medically necessary, and plaintiff was transferred back to Stateville Correctional Center on a Saturday, November 9, 2013. Upon returning to Stateville plaintiff was arbitrarily held in the healthcare unit by orders of Major J. McGarvey, per Warden Lemke, two days later plaintiff was transferred to the closed maximum security wing in X-House (Lower Center) by Major J. McGarvey, in furthering defendants course and pattern of harassment and retaliation, because plaintiff was never given an initial review hearing, Nor was plaintiff ever told why he was being placed on the closed maximum security wing, or what action plaintiff engaged in which warranted such placement.

27. At all times relevant to this complaint, Defendants were employee's of IDOC in Springfield and Wardens/Majors at Stateville.

28. While in the custody of the State of Illinois, Plaintiff was held on a closed maximum security wing arbitrarily, where some of the alleged constitutional deprivations occurred, whereby plaintiff was disciplined and placed in solitary confinement for 3 months across the board arbitrarily and maliciously by a Chairperson % Lt. Wright, who was a defendant in case #11 C 4401 in this Court. Plaintiff appropriately filed grievances to address defendants arbitrary and capricious actions of harassment and retaliation. A investigative report was served on or about November 24, 2013, and a disciplinary report on 11/26/13. Plaintiff filed grievances on 11/9/13, 11/17/13, 11/19/13, 12/19/13, 1/15/14, 1/27/14, 1/29/14, 2/10/14, 3/12/14, 3/14/14, 3/27/14 twice, addressing the discipline, the expungement, the failure to return plaintiff's personal property, the refusal to provide plaintiff with living conditions which meet contemporary standards of decency, the failure to return plaintiff to the position he was in prior to the arbitrary actions of staff, all a product of harassment and retaliation for plaintiff's persistent pursuit of justice by way of grievances at Stateville/ARB Springfield, and civil rights complaints in this Court.

29. Upon information and belief, the defendants retaliation was related to plaintiff's numerous request and grievances for medical care that plaintiff wasn't receiving, and defendant's failure to provide necessary medical care filed prior to November 7, 2013.

30. Upon information and belief, the defendants retaliation was further evidenced by defendants further placement of plaintiff in segregation/Administrative Detention after plaintiff got the disciplinary infraction expunged from grievants record on or about the date of 3/10/14, grievant received notice of this on or about 3/25/14.

31. Upon information and belief, at all relevant times, by grievances being filed, and recommendations made by grievance officer to expunge the disciplinary report from plaintiff's record. Defendants were made aware of plaintiff not being guilty of any rule infraction, when they signed off on the expungement of plaintiff's grievance #562, but refused to release grievant from segregation, which was based on firm evidence, as explained by the grievance officer.

32. Defendants, in their supervising and official capacity retaliated against plaintiff by:

a) deliberately and willfully approving, condoning and recommending the arbitrary transfer, the unauthorized confiscation, loss, and destruction of plaintiff's property, and the arbitrary placement and refusal to release plaintiff from segregation/isolation/Administrative Detention.

b) deliberately disregarding and/or denying plaintiff the necessary relief that was due, when plaintiff's disciplinary report was expunged by the grievance officer.

c) deliberately and willfully disregarded the Grievance Officers recommendation of expungement based on clear violations of 20 Ill. Adm. Code §§ 504.10 through 504.150.

d) approving, condoning and recommending that plaintiff remain in solitary confinement, and denying plaintiff's request to be released and to restore his liberty despite the clear, violations of plaintiff's rights.

33. As a direct result of Defendants acts and/or omissions, defendants denied plaintiff his constitutional rights, including plaintiff's right to seek redress through the administrative grievance process, by keeping plaintiff placed in solitary confinement and expunging the disciplinary report, but refusing to provide any relief from punitive status, despite the convincing evidence that plaintiff wasn't guilty of any disciplinary infraction. Plaintiff has, was, and continues to be retaliated against by defendants, because plaintiff is still being held in punitive status.

Wherefore, Plaintiff prays that the Court:

a) enter judgment against defendants and in favor of plaintiff for damages in an amount to be proven at trial;

b) enter a judgment against Defendants for punitive damages;

c) enter a judgment against Defendants and in favor of Plaintiff for costs of prosecuting this action;

d) order such further relief as this Court may deem appropriate.

COUNT II
(42 U.S.C. § 1983 - Retaliation)

34. Plaintiff incorporates paragraphs 1 through 33 as paragraph 34 of this Count II.

35. The First Amendment of the United States Constitution, prohibits retaliation against an incarcerated person preventing him from exercising his constitutional rights.

36. Plaintiff's rights under the First Amendment to be free from retaliation has been abridged by the State of Illinois, Department of Corrections employee's on a continuous basis by defendants (J. Shaw #9853, J. Clements #2805, Major Laskot #713, Major J. McGarvey #543, C.M. Range #2782, ½ Lt. C. Best, D. Mansfield, Former Warden T. Williams) who have devised a scheme of revenge, in retaliation for plaintiff getting the first disciplinary infraction expunged, that was used as the premise to hold plaintiff in segregation/isolation/Administrative Detention arbitrarily. By issuing another disciplinary infraction on 6/15/14 that used the exact same information given by the alleged confidential sources from the first disciplinary infraction. Which never stated the place, the time, or when plaintiff engaged in the alleged incident, which prevented plaintiff from marshalling the facts and presenting a defense to the alleged accusations, or providing proper notice to plaintiff.

37. At all times relevant to this complaint, Defendants were employees of the State of Illinois, Department of Corrections. While in the custody of the State of Illinois, Department of Corrections, under color of law, plaintiff was subjected to arbitrary and capricious actions by defendants who intentionally, with sadistical maneuvering, retaliated against plaintiff, which caused further deprivation, and continued solitary confinement and isolation.

38. Upon information and belief, the defendants continuous retaliation was related to plaintiff's grievances filed on 3/27/14 (Staff Conduct), 4/5/14 (Staff Conduct, Mail handling, harassment and retaliation), 4/17/14 (Personal Property, Staff Conduct, Defamation/harassment and retaliation), 5/9/14 (Staff Conduct, harassment and retaliation), and defendants failure to provide the necessary relief that plaintiff was entitled too, and the subsequent transfer to Pontiac Correctional Center.

39. As a direct result of defendants acts and/or omissions denied plaintiff his constitutional rights, including plaintiffs right to be free from arbitrary and capricious actions of staff, and afforded the appropriate due process under the law.

Wherefore, Plaintiff prays that the Court:

a) Enter an order of injunction against the defendants to cease and desist their pattern and practice of harassment and retaliation against plaintiff, and return all of plaintiff's property that was confiscated, and replace any and all property that was either destroyed or lost while in defendants custody, and release plaintiff from punitive/Administrative segregation/isolation;

b) Enter judgment against Defendants and in favor of Plaintiff for damages in an amount to be proven at trial;

c) Enter a judgment against Defendants for punitive damages, and;

d) Enter a judgment against Defendants in favor of Plaintiff for costs of prosecuting this action;

e) Order such further relief as this Court may deem appropriate.

## COUNT III
### (42 U.S.C. §1983 - Retaliation)

40. Plaintiff incorporates paragraphs 1 through 39 as paragraph 48 of this Count III.

41. The First Amendment of the United States Constitution prohibits retaliation against an incarcerated person preventing him from exercising his constitutional rights.

42. Plaintiff's rights under the First Amendment to be free from retaliation has been abridged by the State of Illinois, Department of Corrections employee's, under color of law, have engaged in a systematic campaign of harassment and retaliation to keep plaintiff in a state of deprivation and isolation for filing grievances and lawsuits, addressing civil rights violations of plaintiffs current condition of confinement.

43. At all times relevant to this complaint Defendants were employees of the State of Illinois, Department of Corrections. While in the custody of the State of Illinois, Department of Corrections plaintiff continues to be subject to on-going arbitrary and capricious actions of defendants who willfully, with malice intent have engaged in a systematic course and pattern of harassment and retaliation by continuously writing plaintiff false disciplinary reports, administering arbitrary disciplinary proceedings and punishment. Defendants issued another disciplinary on 10/19/15, where it is alleged that plaintiff had contraband in his excess legal material that was STG related according to defendants, but defendants searched plaintiff's property several times prior at Stateville, and Pontiac personal property departments and there was never any STG material, contraband found, defendants punished plaintiff with a year across the board, for a newspaper article from the Final Call that was allowed in through the publication review process. Defendants (J. Clement #2805, J. Shaw #9853, C. Marshall #620, Major Fredricks #714, % Lt. C. Best, J. Hosselton, Warden N. Lamb (former)), have violated plaintiff's right to be free from arbitrary and capricious actions of staff, the defendants have used their position of authority as a weapon of terror and intimidation against plaintiff for exercising his constitutional rights. Defendants have waged a war of terror and intimidation against plaintiff and any other offender who pursues justice, i.e., the grievance process and civil rights complaints in this Court. Defendants have also used their retaliatory actions against plaintiff, to gain prestige as "Officers of the Year Awards," and promotional accommodations to higher positions of authority within IDOC, arbitrarily off the illegal actions imposed against plaintiff.

44. As a direct result of Defendants acts and/or omissions, defendants have denied plaintiff his constitutional rights to be free from arbitrary and capricious actions of staff, and afforded the appropriate due process under the law.

Wherefore, Plaintiff prays that the Court;

a) enter an order of injunction against defendants to cease and desist their pattern and practice of harassment and retaliation against plaintiff, and restore plaintiff to the position plaintiff was in prior to defendants campaign of harassment and retaliation against plaintiff, and expunge all STG disciplinary infractions, that are holding plaintiff in punitive/Administrative segregation/isolation.

b) enter judgment against Defendants and in favor of Plaintiff for damages in an amount to be proven at trial.

c) enter a judgment against defendants for punitive damages, and

d) enter a judgment against defendants and in favor of Plaintiff for costs of prosecuting this action;

e) order such further relief as this Court may deem appropriate.

## COUNT IV
(42 U.S.C. § 1983 - Procedural Due Process)

45. Plaintiff incorporates paragraphs 1 through 44 as paragraph 45 of this Count IV.

46. As described more fully above, one or more of the Defendants violated Plaintiff's right to procedural due process on three separate occasions. The first time by depriving Plaintiff of impartial decision making in both the composition of and the process utilized by the Adjustment Committee in a disciplinary report dated 11/26/13; by depriving plaintiff adequate notice, the right to call witnesses and/or present documentary evidence at the Adjustment Committee hearing; and provided an inadequate statement of reason, and by publishing a final summary report recommending among other punishment, 3 months C-Grade, 3 months segregation, 3 months commissary restriction, and 6 months contact visits restriction. When there was no evidence to support the disciplinary verdict.

47. Defendants violated Plaintiff's rights to procedural due process the second time when Plaintiff was deprived a impartial decisionmaking in both the composition of and the process utilized by the Adjustment Committee in a disciplinary report dated 6/13/14; by depriving plaintiff of adequate notice, the right to call witnesses and/or present documentary evidence at the Adjustment Committee hearing; and provided an inadequate statement of reason, and by publishing a final summary report recommending among other punishments, 1 year C-Grade, 1 year segregation, 1 year commissary restriction, 1 year contact visits restriction, when there was no evidence to support the disciplinary verdict.

48. Defendants violated Plaintiff's right to procedural due process for the third time by depriving Plaintiff a "Initial Review hearing" (Plaintiff never received a Initial Review hearing), before placing Plaintiff on Stateville's closed maximum security wing

in X-house, and defendants on Stateville and Pontiac Administrative Detention Committee's instituted a policy that required at minimum 270 days of Administrative Detention before allowing Plaintiff an opportunity to be released from Administrative Detention. The defendants policy dictated that Plaintiff be placed in Administrative Detention for three phases, each of them lasting 90 days in clear violation of 20 Ill. Adm. Code § 504.660, before Plaintiff could be released from AD.

49. Defendants actions were undertaken intentionally, with malice and with reckless indifference to Plaintiff's rights.

50. As a direct and proximate result of the misconduct described in this Count, Plaintiff's rights were violated and plaintiff has suffered physical and emotional injuries.

51. Plaintiff's injuries were caused by employees of IDOC, including, but not limited to, the individually named defendants who acted pursuant to the policies and practices of IDOC.

## COUNT Ⅴ
### (42 U.S.C. § 1983 - Cruel and Unusual Punishment)
### (DELIBERATE INDIFFERENCE TO A OBJECTIVELY SERIOUS CONDITION - STATEVILLE / PONTIAC)

52. Plaintiff incorporates paragraph 1 through 51 as paragraph 52 of this Count Ⅴ.

53. The Eighth Amendment of the United States Constitution prohibits the Cruel and Unusual Punishment of United States Citizens by the Federal Government, as described more fully above.

54. Plaintiff's rights under the Eighth Amendment, to be free from Cruel and Unusual Punishment by the State of Illinois, Department of Corrections, have been abridged by defendants deliberate indifference to plaintiff's continuous containment within inhumane conditions of confinement, while placed in Administrative Detention at Stateville and Pontiac Correctional Center arbitrarily by prison officials;

4) Defendants subjected Plaintiff to conditions of confinement at Stateville Correctional Center, that constituted a deprivation of basic human needs, including exposure to, infliction of and failure to address the following conditions:

    a. Ants, roaches, and other insects;
    b. Excessive cold;
    c. inadequate sanitation, including lack of access to showers;
    d. defective plumbing;
    e. inadequate ventilation;
    f. flooding, stagnant water and fecal matter;
    g. mold and mildew;
    h. fumes from paint and wax.

B) Defendants subjected Plaintiff to conditions of confinement at Pontiac Correctional Center, that constituted a deprivation of basic human needs, including exposure to, infliction of and failure to address the following conditions:

    i. mice, ants, and other insects;
    j. exposure to pepper spray;
    k. mold and mildew;
    l. foul fumes of human waste while participating in out of cell exercise, and eating in the cell;
    m. denial of adequate clothing for the winter;

55. At all times relevant to this complaint, defendants were employees of IDOC in Springfield, and Stateville, and Pontiac respectfully.

56. Upon information and belief, defendants had final policy making authority and was responsible for ensuring performance of staff under their supervision, in addition to ensuring the safety, and humane living conditions of inmates at the facility level.

57. Upon information and belief, at all relevant times, by numerous grievances being filed, defendants were made aware of the unconstitutional living conditions that

plaintiff was being subjected to, but failed to act in addressing, or correcting the unconstitutional conditions of confinement that plaintiff was subjected too, while being held in Administrative Detention/segregation/isolation since November 7, 2013, to the present. Which is the only time frame that this complaint is referring too.

58. While in the custody of the State of Illinois, Department of Corrections, Plaintiff is restrained from caring for himself and defendants have deliberately and willfully disregarded Plaintiff's complaints, that the living conditions to which plaintiff is being subjected to, is a threat to plaintiff's health and safety, and a violation of plaintiff's constitutional rights.

59. Defendants, in their supervising and official capacity showed deliberate indifference to Plaintiff's unconstitutional living conditions by:

a) deliberately disregarding and/or denying Plaintiff's grievance and/or complaints expressly indicating plaintiff was being subjected to unconstitutional living conditions

b) Approving, condoning, and allowing the denial of plaintiffs constitutional rights to the basic human necessities of life by staff under their supervision, despite numerous grievances.

c) deliberately disregarding plaintiffs rights under the constitution to be afforded Eighth Amendment protection, as well as clear violation of 730 ILCS 5/3-7-2 facilities, §§ (a) through (g).

60. As a direct and proximate result of defendants acts and/or omissions, Plaintiff was denied the minimal civilized measure of life necessities, which has violated plaintiff's constitutional rights, and has resulted in physical and emotional injuries.

WHEREFORE, Plaintiff prays that the Court:

a) enter judgment against Defendants and in favor of Plaintiff for damages in an amount to be proven at trial.

b) Enter a judgment against Defendants for punitive damages;

c) Enter a judgment against Defendants and in favor of Plaintiff for costs of prosecuting this action;

d) order such further relief as this Court may deem appropriate.

## COUNT VI
### (42 U.S.C. §1983 - Failure to Intervene)

61. Plaintiff incorporates paragraphs 1 through 60 as paragraph 61 of this Count VI.

62. As described morefully above, one or more of the Defendants had a reasonable opportunity to prevent the violation of plaintiff's constitutional rights as set forth above, had they been so inclined, but failed to do so.

63. Defendants actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

64. As a direct and proximate result of the misconduct described in this Count, Plaintiff's rights were violated and Plaintiff has suffered physical and emotional injuries.

65. Plaintiff's injuries were caused by employees of IDOC, including, but not limited to, the individually named Defendants, who acted pursuant to the policies and practices of IDOC.

## COUNT VII
### (INDEMNIFICATION)

66. Plaintiff incorporates paragraph 1 through 65 as paragraph 66 of this Count VII.

67. Illinois law provides that public entities are directed to pay, any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

68. Defendants, prison officials are or were employees of the Illinois Department of Corrections who acted within the scope of their employment in committing the misconduct described herein.

64. WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants;

a) Compensatory damages in an amount to be determined by a jury;
b) Punitive damages in an amount to be determined by a jury;
c) Costs, interest, and Attorneys fees;
d) Preliminary injunction enjoining defendants continual violations of plaintiffs constitutional rights;
e) Such other and further relief as this Court may deem just and proper including injunctive and declaratory relief.

Respectfully submitted,
[without Prejudice UCC 1-308/1-207]

William D. Riley

William D. Riley EL©™
B03069 STA.C.C.
P.O. Box 112
Joliet, Illinois [60434-0112]

## V.  Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

(SEE Attached)

VI.  The plaintiff demands that the case be tried by a jury.  ☑ YES  ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _28⁷ᵗʰ_ day of _March_ , 20 _16_

Without Prejudice UCC 1-308/1-207

William D. Riley El
(Signature of plaintiff or plaintiffs)

William D. Riley El
(Print name)

3030l9
(I.D. Number)

P.O. Box 112, 16836 S. Broadway Rt 53
Joliet, Illinois [60434-0112]
(Address)

6

Revised 9/2007

# "List of Exhibits"

| EX. Number # | NAME | Page |
|---|---|---|
| 1-1A | Offender Grievance, dated 11/9/13 | 1-2 |
| 2-2A | Offender Grievance, dated 11/17/13 | 3-4 |
| 2b-2E | 30-Day Confiscation Form, Stateville Correctional Center | 5-8 |
| 3-3b | Offender Grievance, dated 11/19/13 | 9-11 |
| 4-4A | Offender Grievance, dated 12/14/13 | 12-13 |
| 5-5A | Offender Grievance, dated 1/15/14 | 14-15 |
| 6-6A | Offender Grievance, dated 1/27/14 | 16-17 |
| 7-7A | Offender Grievance, dated 1/29/14 | 18-19 |
| 8-8A | Offender Grievance, dated 2/16/14 | 20-21 |
| 9-9C | Offender Grievance, dated 3/13/14 | 22-25 |
| 10-10A | Offender Grievance, dated 3/14/14 | 26-27 |
| 11-11A | Offender Grievance, dated 3/27/14 | 28-29 |
| 12-12A | Offender Grievance, dated 3/27/14 | 30-31 |
| 13-13A | Offender Grievance, dated 4/5/14 | 32-33 |
| 13b-13c | Offender Grievance, dated 4/17/14 | 34-35 |
| 14-14c | Offender Grievance, dated 4/24/14 | 36-39 |
| 15-15A | Offender Grievance, dated 5/9/14 | 40-41 |
| 16-16A | Offender Grievance, dated 6/15/14 | 42-43 |
| 17-17A | Offender Grievance, dated 6/15/14 | 44-45 |
| 18-18A | Offender Grievance, dated 6/18/14 | 46-47 |
| 19-19A | Offender Grievance, dated 7/8/14 | 48-49 |
| 20-20A | Offender Grievance, dated 7/13/14 | 50-51 |
| 21-21A | Offender Grievance, dated 10/12/14 | 52-53 |
| 22-22A | Offender Grievance, dated 10/12/14 | 54-55 |
| 23-23A | Offender Grievance, dated 11/18/14 | 56-57 |
| 24-24A | Offender Grievance, dated 2/16/15 | 58-59 |
| 25-25A | Offender Grievance, dated 9/5/15 | 60-61 |
| 26-26A | Offender Grievance, dated 10/2/15 | 62-63 |
| 26B-26G | Notice And Course of Action for Excess Personal Property | 64-69 |
| 27 | Grievance Officer Response To Committed Person's Grievance | 70 |

"List of Exhibits"

| Ex Number # | Name | Page |
|---|---|---|
| 28 | Response To Committed Persons Grievance | 71 |
| 29 | Response To Committed Person's Grievance | 72 |
| 30 | Response To Committed Persons Grievance | 73 |
| 31 | Administrative Review Board, Return of Grievance or Correspondence | 74 |
| 32 | Administrative Review Board, Return of Grievance or Correspondence | 75 |
| 33 | Administrative Review/Board, Return of Grievance or Correspondence | 76 |
| 34 | Administrative Review Board, Return of Grievance or Correspondence | 77 |
| 35 | Administrative Review Board, Return of Grievance or Correspondence | 78 |
| 36 | Affidavit of "William D. Riley EL", sworn to on 2/27/14 | 79 |
| 37 | Affidavit of "Brian Dugan", sworn to on 2/26/14 | 80 |
| 38 | Affidavit of "William D. Riley EL", sworn to on 2/27/14 | 81 |
| 39 | Affidavit of "William D. Riley EL", sworn to on 3/13/14 | 82 |
| 40-40A | Affidavit of "William D. Riley EL, sworn to on 3/23/15 | 83-84 |
| 41 | Response letter from "Counselor A. Hall on 3/7/14 | 85 |
| 42-42A | Notice of Administrative Detention Placement, Review, signed 6/3/14 | 86-87 |
| 42B-42C | Notice of Administrative Detention Placement Review, signed 6/19/15 | 88-89 |
| 43 | ARB Response to Offender Grievance, dated 12/5/14 (6/15/14) | 90 |
| 44 | ARB Response to Offender Grievance, dated 12/26/14 (7/8/14) | 91 |
| 45 | Offender "William D. Riley EL" letter to Adjustment Com., dated 12/6/13 | 92 |
| 46 | Offender Disciplinary Report, dated 11/7/13 | 93 |
| 47 | Offender Disciplinary Report, dated 11/26/13 (corrected copy) | 94 |
| 47A-47B | Offender Disciplinary Report, and Continuation Page, dated 11/26/13 | 95-96 |
| 48-48A | Offender Disciplinary Report, And Continuation Page, dated 11/26/13 (corrected copy) | 97-98 |
| 49-49A | Adjustment Committee, Final Summary, Report, signed and dated 12/6/13 | 99-100 |
| 50-50A | Adjustment Committee, Final Summary Report, signed and dated 12/10/13 | 101-102 |
| 51-51A | Offender Disciplinary Report, and Continuation Page, dated 6/13/14 | 103-104 |
| 52-52A | Adjustment Committee, Final Summary Report, signed and dated 6/17/14 | 105-106 |
| 53 | Offender Disciplinary Report, dated 10/19/15 | 107 |
| 54-54A | Adjustment Committee, Final Summary, Report, signed and dated 10/27/15 | 108-109 |
| 55-55A | Declaration/Affidavit of "William D. Riley EL", signed and sworn to on 2/1/14 | 110-111 |

"List of Exhibits

Ex Number #                          Name                                                    Page

56-56B        Affidavit of Truth of William Darrell, Riley EL, signed, sworn to (12/14/10) 112-114
57            ARB Response to Offender Grievance, dated May 21, 2015                    115
58            Letter to AD Committee, dated 6/23/15                                     116
59-59A        Pontiac-Wardens Memo / AD Placement, dated 6/23/14                        117-118
60            Counseling Summary - AD Status                                           119
61-61H        Itemized List of Missing Property                                        120-128
62            Chart of Hierarchy of Authority for IDOC                                 129
63-63E        "JHA" Monitoring Tour of Stateville Correctional Center, September 14, 2010  130-137

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: 11/4/13   Offender (Please Print): William D. Riley-EL   ID#: _____

Present Facility: Stateville / Menard   Facility where grievance issue occurred: Stateville / Menard

**NATURE OF GRIEVANCE:**

☒ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ Disability
☐ Staff Conduct   ☐ Dietary   ☒ Medical Treatment   ☐ HIPAA
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer-Coordinator   ☒ Other (specify): Harassment / Retaliatory Transfer

☐ Disciplinary Report: ____/____/____   Date of Report _____ Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance pertains to harassment in the nature of retaliatory transfer and deliberate indifference to a serious medical need. On or about the date of 11/1/13 I, William D. Riley EL (grievant) was extracted from cell D-142 by orange crush and tactical officers Houghton (S.O.R.T) and taken to the chow hall with nothing had on uniform underwear, t-shirt and gymshoes. Grievant was stripped searched, made to sit in the chow hall with other inmates. Then grievant name was called and grievant and four other individuals was taken back into the movement area and stripped searched again, and given a jumpsuit. A white male with baby blue eyes stated to grievant and the four other individuals who were lined up next to me that "inmates if you ever use [...] you a being a tester in the gangster disciples per their intel that...

Relief Requested: That grievants constitutional rights be respected, and that the harassment stop.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

William D. Riley EL   B03067   11/9/13
Offender's Signature   ID#   Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 11/29/13   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

____ Hall   _____
Print Counselor's Name   Counselor's Signature   10/31/13 Date of Response

**EMERGENCY REVIEW**

Date Received: ____/____/____   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature   ____/____/____ Date

Ex. #/A

they (the individuals who gave the interaction) were tired of paying dues to save grievants. Then grievant was made to leave Stateville by walking through the tunnel. As grievant got near the health care unit door, grievant asked (S.O.R.T.) Tactical officer Hamilton, could grievant receive his morning dose of blood pressure medication, Tactical officer Hamilton kept walking along with all the other inmates and tactical officers. Once grievant got to gate three and was being cleared by the front end lt, grievant once again asked for his blood pressure medication, by this time the front end lt was calling the HCU for a copy of the permits (court cuffing) (waist chain) for grievant and another inmate, and the front end lt inquired about grievants morning medications. About 3 minutes later the nurse came with grievants morning meds. Upon receiving medication grievant left through gate 2 and proceeded to the elevator because grievant uses a crutch for mobility. Once grievant got to the ground floor, grievant was put into a van, and his crutch was taken back inside the administration building by (S.O.R.T.) Tactical officer Hamilton, Grievant was driven from Stateville Correctional Center to Menard Correctional Center in a straight shot 7 hr drive. Grievant was not fed or given water on this drive. Grievant wasn't allowed to drink anything because the water and toilet was turned off before grievant drank water. Once grievant arrived at Menard Correctional Center at approximately 3pm (shift change) grievant was taken to North two seg. visiting room with another inmate in separate holding cells and stripped searched again. Then grievant was given a seg. jump suit. Grievant was allowed to use the wash room and then was seen by a med tech/nurse. Grievants blood pressure was taken and was told it was 220/126. So grievant was wheeled to the HCU in a wheel chair. Once grievant got to the HCU, grievants blood pressure was taken again and it was 198/130. so grievant was ~~admitted~~ admitted to the HCU for medical observation, grievant was given medication and was told grievants medical hold was cancelled for no reason, all of a sudden. The next morning at breakfast the nurse made rounds and checked my blood pressure through the chuckhole of the door and stated "grievants blood pressure was 90/60 and that grievants blood pressure was to low and that she wasn't giving grievant his medication." Grievant asserts that he was very stressed out over this situation. To be subjected to this type of harassment and retaliatory transfer for filing grievances and lawsuits in regards to constitutional rights, is another violation of grievants constitutional rights. Grievant asserts that he has broken NO law or rule that would subject grievant to this type of treatment. Grievant asserts that after an assessment of grievants health situation by Menard medical staff, grievant was transferred back to Stateville Correctional Center, Ill on 11/3/05. Grievant has no idea where his property is at. Grievant asserts upon information and belief that grievants property is in the custody of the correctional officers. Grievant has pending Illinois in court right now. The Stateville Administration knew about grievants medical condition and still subjected grievant to such harassment. Grievant feels that the Stateville Administration is trying to kill grievant by subjecting grievant to harsh conditions to induce a stroke and or heart attack. Grievant wants to receive proper medical treatment free from harassment and retaliatory transfers, by way of sending grievant here and his speedy...

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 11/17/13 | Offender: (Please Print) William D. Libby EL | ID#: 303269 |

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |

**NATURE OF GRIEVANCE:**

- [X] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [X] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [X] Other (specify) HARASSMENT / Retaliation

- [ ] Disciplinary Report: _____/_____/_____
  Date of Report      Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance pertains to the arbitrary actions of Personal Property here at Stateville. On or about the date of November 7TH, 2013 grievant was extracted from cell A-1/2 by orange crush and tactical officer Hamilton, and shipped to Menard without grievants property. Grievant was at Menard for two (2) days without any property. Grievant was shiped back to Stateville on the 9th of November, 2013. Shortly, there after grievant recieved a Personal Property Inventory Slip and four (4) 30-Day confiscation slips filled with All of grievants property. Property theft is

Relief Requested: That my property be returned and the harassment stopped

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

I Without Prejudice(~08/1~-2011

| William D. Libby EL | 303269 | 11, 17, 13 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: _____/_____/_____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response _____/_____/_____ |

---

**EMERGENCY REVIEW**

| Date Received: _____/_____/_____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____/_____/_____

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

inside of grievants property boxes which was sent went listed in those
slips. Grievants storage boxes was classified as excess but grievant is
walking in his boxers because personal property has his gym-es shoes
packed in a box. Grievant asserts that this arbitrary action is a
form of harassment in retaliation against grievant for filing grievances
and lawsuits against the Stateville Administration.



$Ex. \#23$

Illinois Department of Corrections

## 30-DAY CONFISCATION FORM
### STATEVILLE CORRECTIONAL CENTER

TO: OFFENDERS NAME: _____ NUMBER: _____ CELLHOUSE: _____

FROM: PERSONAL PROPERTY: _____ DATE: _____

DATE OF CONFISCATION: _____ INVENTORY SHAKEDOWN

OFFENDER DISPOSITION OPTION DUE DATE: _____

THE FOLLOWING ITEM(S) WAS FOUND IN YOUR PROPERTY, AND IS NOT ALLOWED AT STATEVILLE CORRECTIONAL CENTER:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

CHECK THE APPLICATION BOX BELOW FOR THE DISPOSITION OF THE CONFISCATED CONTRABAND. FORWARD THE ORIGINAL FORM BY THE ABOVE LISTED DUE DATE TO PERSONAL PROPERTY. FAILURE TO CHOOSE BY THE DENOTED DEADLINE WILL RESULT IN THE PROPERTY BEING DISPOSED OF IN ACCORDANCE WITH DEPARTMENT RULE 501, SEARCHES FOR DISPOSITION OF CONTRABAND.

CHECK ONE BOX ONLY:

☐ MAIL ITEM(S) OUT OF THE FACILITY. RECORD NAME AND ADDRESS BELOW, AND ATTACH A DOC 0296, OFFENDER/AUTHORIZATION FOR PAYMENT FORM FOR POSTAGE. YOU MUST DENOTE ON YOUR DOC 0296 IF YOU WISH TO HAVE THE ITEM(S) INSURED, AND THE AMOUNT OF INSURANCE REQUESTED, SUCH AS THE VALUE OF THE ITEM(S).

NAME: _____ ADDRESS: _____

CITY: _____ STATE: _____ ZIP CODE: _____

☐ HAVE ITEM(S) PICKED UP ON A VISIT. REQUEST MUST BE RECEIVED IN PERSONAL PROPERTY 72 HOURS PRIOR TO VISIT.

VISITORS NAME: _____ DATE OF VISIT: _____

☐ HAVE ITEMS(s) DESTROYED IN ACCORDANCE WITH DR-501 BY SIGNING AND DATING BELOW.

OFFENDERS NAME: _____ NUMBER: _____ DATE: _____

☐ FILE A GRIEVANCE. HAVE YOUR COUNSELOR SIGN AND DATE BELOW WHEN GRIEVANCE WAS FILED.

COUNSELORS NAME: _____ DATE: _____ DATE FILED: _____

30-DAY CONFISCATION FORM
STATEVILLE CORRECTIONAL CENTER

TO: OFFENDERS NAME: _____ NUMBER: _____ CELLHOUSE: _____

FROM: PERSONAL PROPERTY: _____ DATE: _____

DATE OF CONFISCATION: _____ INVENTORY SHAKEDOWN

OFFENDER DISPOSITION OPTION DUE DATE: _____

THE FOLLOWING ITEM(S) WAS FOUND IN YOUR PROPERTY, AND IS NOT ALLOWED AT STATEVILLE CORRECTIONAL CENTER:

| | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

CHECK THE APPLICATION BOX BELOW FOR THE DISPOSITION OF THE CONFISCATED CONTRABAND. FORWARD THE ORIGINAL FORM BY THE ABOVE LISTED DUE DATE TO PERSONAL PROPERTY. FAILURE TO CHOOSE BY THE DENOTED DEADLINE WILL RESULT IN THE PROPERTY BEING DISPOSED OF IN ACCORDANCE WITH DEPARTMENT RULE 501, SEARCHES FOR DISPOSITION OF CONTRABAND.

CHECK ONE BOX ONLY:

☐ MAIL ITEM(S) OUT OF THE FACILITY. RECORD NAME AND ADDRESS BELOW, AND ATTACH A DOC 0296, OFFENDER/AUTHORIZATION FOR PAYMENT FORM FOR POSTAGE. YOU MUST DENOTE ON YOUR DOC 0296 IF YOU WISH TO HAVE THE ITEM(S) INSURED, AND THE AMOUNT OF INSURANCE REQUESTED, SUCH AS THE VALUE OF THE ITEM(S).

NAME: _____ ADDRESS: _____

CITY: _____ STATE: _____ ZIP CODE: _____

☐ HAVE ITEM(S) PICKED UP ON A VISIT. REQUEST MUST BE RECEIVED IN PERSONAL PROPERTY 72 HOURS PRIOR TO VISIT.

VISITORS NAME: _____ DATE OF VISIT: _____

☐ HAVE ITEMS(s) DESTROYED IN ACCORDANCE WITH DR-501 BY SIGNING AND DATING BELOW.

OFFENDERS NAME: _____ NUMBER: _____ DATE: _____

☐ FILE A GRIEVANCE. HAVE YOUR COUNSELOR SIGN AND DATE BELOW WHEN GRIEVANCE WAS FILED.

COUNSELORS NAME: _____ DATE: _____ DATE FILED: _____

30-DAY CONFISCATION FORM
STATEVILLE CORRECTIONAL CENTER

TO: OFFENDERS NAME: _____ NUMBER: _____ CELLHOUSE: _____

FROM: PERSONAL PROPERTY: _____ DATE: _____

DATE OF CONFISCATION: _____ INVENTORY SHAKEDOWN

OFFENDER DISPOSITION OPTION DUE DATE: _____

THE FOLLOWING ITEM(S) WAS FOUND IN YOUR PROPERTY, AND IS NOT ALLOWED AT STATEVILLE CORRECTIONAL CENTER:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

CHECK THE APPLICATION BOX BELOW FOR THE DISPOSITION OF THE CONFISCATED CONTRABAND. FORWARD THE ORIGINAL FORM BY THE ABOVE LISTED DUE DATE TO PERSONAL PROPERTY. FAILURE TO CHOOSE BY THE DENOTED DEADLINE WILL RESULT IN THE PROPERTY BEING DISPOSED OF IN ACCORDANCE WITH DEPARTMENT RULE 501, SEARCHES FOR DISPOSITION OF CONTRABAND.

CHECK ONE BOX ONLY:

☐ MAIL ITEM(S) OUT OF THE FACILITY. RECORD NAME AND ADDRESS BELOW, AND ATTACH A DOC 0296, OFFENDER/AUTHORIZATION FOR PAYMENT FORM FOR POSTAGE. YOU MUST DENOTE ON YOUR DOC 0296 IF YOU WISH TO HAVE THE ITEM(S) INSURED, AND THE AMOUNT OF INSURANCE REQUESTED, SUCH AS THE VALUE OF THE ITEM(S).

NAME: _____ ADDRESS: _____

CITY: _____ STATE: _____ ZIP CODE: _____

☐ HAVE ITEM(S) PICKED UP ON A VISIT. REQUEST MUST BE RECEIVED IN PERSONAL PROPERTY 72 HOURS PRIOR TO VISIT.

VISITORS NAME: _____ DATE OF VISIT: _____

☐ HAVE ITEMS(s) DESTROYED IN ACCORDANCE WITH CR-501 BY SIGNING AND DATING BELOW.

OFFENDERS NAME: _____ NUMBER: _____ DATE: _____

☐ FILE A GRIEVANCE. HAVE YOUR COUNSELOR SIGN AND DATE BELOW WHEN GRIEVANCE WAS FILED.

COUNSELORS NAME: _____ DATE: _____ DATE FILED: _____

$Ex.^{7b}2E$



ILLINOIS DEPARTMENT OF CORRECTIONS

30-DAY CONFISCATION FORM

STATEVILLE CORRECTIONAL CENTER

TO: OFFENDERS NAME: _____ NUMBER: _____ CELLHOUSE: _____

FROM: PERSONAL PROPERTY: _____ DATE: _____

DATE OF CONFISCATION: _____ INVENTORY SHAKEDOWN

OFFENDER DISPOSITION OPTION DUE DATE: _____

THE FOLLOWING ITEM(S) WAS FOUND IN YOUR PROPERTY, AND IS NOT ALLOWED AT STATEVILLE CORRECTIONAL CENTER:

| | |
|---|---|
| 25 _____ Envs | _____ |
| 2 _____ Envs | |
| 12 _____ Envs | |
| 15 _____ Envs | |
| 25 _____ Envs | |
| 2 _____ Envs | |
| 65 _____ Envs | |
| 1 _____ Envs | |
| 1 _____ Envs | |
| 1 _____ Envs | |
| 2 _____ Envs | |
| 5 _____ Envs | |
| 2 _____ Envs | |
| 1 _____ Envs | |
| 2 _____ Envs | |

CHECK THE APPLICATION BOX BELOW FOR THE DISPOSITION OF THE CONFISCATED CONTRABAND. FORWARD THE ORIGINAL FORM BY THE ABOVE LISTED DUE DATE TO PERSONAL PROPERTY. FAILURE TO CHOOSE BY THE DENOTED DEADLINE WILL RESULT IN THE PROPERTY BEING DISPOSED OF IN ACCORDANCE WITH DEPARTMENT RULE 501, SEARCHES FOR DISPOSITION OF CONTRABAND.

CHECK ONE BOX ONLY:

☐ MAIL ITEM(S) OUT OF THE FACILITY. RECORD NAME AND ADDRESS BELOW, AND ATTACH A DOC 0296, OFFENDER/AUTHORIZATION FOR PAYMENT FORM FOR POSTAGE. YOU MUST DENOTE ON YOUR DOC 0296 IF YOU WISH TO HAVE THE ITEM(S) INSURED, AND THE AMOUNT OF INSURANCE REQUESTED, SUCH AS THE VALUE OF THE ITEM(S).

NAME: _____ ADDRESS: _____

CITY: _____ STATE: _____ ZIP CODE: _____

☐ HAVE ITEM(S) PICKED UP ON A VISIT. REQUEST MUST BE RECEIVED IN PERSONAL PROPERTY 72 HOURS PRIOR TO VISIT.

VISITORS NAME: _____ DATE OF VISIT: _____

☐ HAVE ITEMS(s) DESTROYED IN ACCORDANCE WITH DR-501 BY SIGNING AND DATING BELOW.

OFFENDERS NAME: _____ NUMBER: _____ DATE: _____

☐ FILE A GRIEVANCE. HAVE YOUR COUNSELOR SIGN AND DATE BELOW WHEN GRIEVANCE WAS FILED.

COUNSELORS NAME: _____ DATE: _____ DATE FILED: _____

Ex #3

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| Date: 11/19/13 | Offender: (Please Print) William D. Riley El | ID#: Bd3069 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance Issue occurred: Stateville | |

NATURE OF GRIEVANCE:

☒ Personal Property          ☐ Mail Handling          ☐ Restoration of Good Time          ☐ Disability
☒ Staff Conduct              ☐ Dietary                ☐ Medical Treatment                ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator              ☒ Other (specify) Retaliation/Harassment

☐ Disciplinary Report: ____/____/____
                     Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: This grievance pertains to the arbitrary and retaliatory actions
of the Stateville Administration, and the Illinois Department of Corrections
Administration in Springfield i.e. Director S.A. Godinez. Prior to the date of the
7th of November, grievant had to be targeted by IDOC, Administrative Detention
Committee, and classified as a "Streetgang member" or "gang member", for which
grievant was extracted out of grievants assigned cell, without being allowed to
pack or take any property with grievant, and arbitrarily transfered grievant to
Menard. Grievant asserts that grievant is not a "Streetgang member" or "gang-
member". A "Streetgang member" or "gangmember" according to the Illinois legislature, per
the Illinois Streetgang Terrorism Omnibus Prevention Act, means any person who

Relief Requested: That the harassment and retaliation stop

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Further Prejudice see 1/30/1-2071

William D. Riley El                          Bd3069          11/19/13
         Offender's Signature                              ID#              Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | | |
|---|---|---|
| Date Received: ____/____/____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

| EMERGENCY REVIEW | | |
|---|---|---|
| Date Received: _____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____

actually and in fact belongs to a gang, and any person who knowingly acts in the capacity of an agent for or accessory to, or is legally accountable for, or voluntarily associate himself with a course or pattern of gang-related criminal activity, whether in a preparatory, executory, or cover-up phase of any activity, or who knowingly performs, aids, or abets any such activity. Grievant has not committed any of these acts, so grievant cannot see how grievant is classified as a "Street gang member or gangmember" without any proof of any course or pattern of gang-related criminal activity. Grievant asserts further that grievant is a Moor, upright and fearless, a member of the Moorish Science Temple of America. Grievant knew of the arbitrary and abusive nature of the Department of Corrections, and so, as a preventive measure grievant drafted, and had notarized, and filed with the Attorney General, State of Illinois-Department of Corrections, IDOC Inmate File # B03069, IDOC Director, Stateville A/w Operations, IDOC Internal Affairs-Springfield, IDOC Internal Affairs-Stateville, an "Affidavit of Truth" stating "Non-Terror TREAT GROUP, NON ENEMY COMBATANT, NON DOMESTIC TERRORIST, NON GANG MEMBERSHIP" on or about the date of December 14, 2010. See attached "Affidavit of Truth". Grievant asserts that the arbitrary actions of the Stateville Administration (Warden Lemke), and the Illinois Department of Corrections (Director/Godinez-Transfer Coordinator-Head of Investigations/Subin) are clearly retaliatory in nature, because of grievants persistent pursuit of JUSTICE by way of filing grievances and civil rights complaints. Grievant asserts that grievant has filed three (3) civil rights complaints, and numerous grievances dealing with the food and denial of Medical treatment/denial of a prescribed medical mattress for pain/A mail issue-where grievants mail (legal) was opened and mixed with another inmates (legal mail), all within the last six (6) months. Grievant gave a Civil Rights Complaint/Preliminary Injunction to the Stateville law clerk/Paralegals on or about the 29th of October for copies. But didn't receive it back until the 13th of November. Grievant further asserts that on or about the 5th or 6th of November grievant stopped Warden Lemke in Unit D, and addressed the issue of not receiving the medically-prescribed mattress, which grievant explained was for pain, which grievant is in daily. Warden Lemke stated "They just came in today, and what is your name again?" Grievant gave Warden Lemke his name again, and Warden Lemke stated "Let me check." The reason the Wardens were in Unit D was because about four or five inmates had gotten shot in the chow hall that day, so Warden Lemke and his staff were making rounds. Grievant further asserts that his medical hold was cancelled for no other reason than to harass and retaliate against grievant, along with his property being confiscated. See Attached 1 of 4, 30-Day Confiscation slips for filing grievances and civil rights complaints. Grievant asserts that the Illinois Department of Corrections Director S.A. Godinez, the transfer coordinator, and the Head of Investigation/Subin, set out

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE    Ex. #3B

| Date: 11/19/13 | Offender (Please Print) William D. Riley EL | ID#: B03067 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance Issue occurred: Stateville | |

NATURE OF GRIEVANCE:

- ☒ Personal Property
- ☐ Mail Handling
- ☐ Restoration of Good Time
- ☐ Disability
- ☒ Staff Conduct
- ☐ Dietary
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ Transfer Denial by Facility
- ☐ Transfer Denial by Transfer Coordinator
- ☒ Other (specify): Retaliation / Harassment
- ☐ Disciplinary Report: _____ / _____
   Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

3 of

Brief Summary of Grievance: (cont.) grievants life in danger, when grievant was
shipped to Menard on a SEVEN (7) hour ride, where grievant wasn't
given any water or food. Grievant hadn't ate anything since the night
before, prior to 7pm. So it was more like twenty (20) hrs, that
grievant hadn't had anything to drink or eat. Grievants blood pressure
was 220/120 (stroke range) once grievant got to Menard. Wherefore,
grievant was admitted to the Health Care Unit at Menard for
observation, and in two (2) days grievant was sent back to Stateville,
because the Health Care Unit at Menard wasn't equipted to handle
grievants medical issues. (Kidney's)

Relief Requested: _____

_____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    _____
Offender's Signature                      ID#          Date
(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | | |
|---|---|---|
| Date Received: ___ / ___ / ___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

| EMERGENCY REVIEW | |
|---|---|
| Date Received: ___ / ___ / ___ | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 12/13/13 | Offender: (Please Print) William D. Riley-EL | ID #: B65062 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☒ Personal Property | ☒ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify): |

☐ Disciplinary Report: ____/____/____
      Date of Report                       Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This complaint pertains to the arbitrary actions of Staff (Mail Room) via "Denial of USA Today Sports Weekly" newspaper subscription. Grievant has been receiving this newspaper for a few years, while being incarcerated at Stateville Correctional Center. On November 7th, 2013 grievant was shockingly transferred to Menard Correctional Center without any property, and once there was immediately held in the Health Care Unit still without any property. Two days later on November 9th 2013 grievant was shipped back to Stateville Correctional Center and held in the Health Care Unit another 3 days until the 12th of November. Now on the 12th of November grievant was placed in X-House (Lower Center) on the Administrative Detention wing in cell 16. Now shortly thereafter grievant started to receive mail again.

Relief Requested: That this harrassment stops

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

William D. Riley CP            B65062      12/13/13
    Offender's Signature                            ID#                Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ____/____/____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response ____/____/____ |
|---|---|---|

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance   ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature                              Date

Distribution: Master File; Offender                Page 1

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Ex.#4A

Grievant received his newspaper dated the week of Nov. 13-19, 2013 on time that Thursday or Friday, the 14th or 15th of November. Now the following week I didn't receive a current issue. I only received a week before issue, the one I missed because of the transfer, which was dated Nov. 6-12, 2013. Now Grievants newspaper that's dated the week of Nov. 6-12, 2013 was allegedly shipped to Menard or about to be, which is indicated by a sticker over the computerized stamped sticker that comes on the newspaper weekly. The paper also indicates that someone might have called the 1-800-872-1415 by it being written clearly on the front page, next to the sticker with Menard Correctional Center P.O. Box and zip code on it, in the same hand writing. Now to this current date I haven't received a newspaper for a whole month. Staff is intentionally harassing me, because I never asked them to interfere with my subscription, something I've paid money for.

Case: 1:15-cv-11180 Document #: 14 Filed: 06/22/16 Page 42 of 165 PageID #:796

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 1/15/14 | Offender: (Please Print) William D. Riley EL | ID#: A03027 |

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): *Harassment and Retaliation*
Investigative report 11/7/13
☒ Disciplinary Report: ___ 11/24/13    Stateville
     Date of Report      Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance pertains to the arbitrary actions of staff in relation to a investigative report and disciplinary report. As well as the intentional harassment and retaliation by the Department of Corrections/Stateville Administration, i.e. a bogus investigative report which exceeded the time frame for being served on the offender in violation of Section 504.30 f which states "Service of a disciplinary report upon the offender shall commence the disciplinary proceedings. In no event shall a disciplinary report or investigative report be served upon an adult offender more than 8 days." Clearly, this was violated because grievants investigative report was written on 11/7/13 and was served upon grievant on 11/24/13, 11 days later, which is 9 days beyond the time frame for serving said investigative reports.

Relief Requested: That I be restored and advanced to where I would have been if not given this disciplinary report.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
Irreparable Prejudice ACC (708/1-2015)

William D. Riley El      B03027      1 / 15 / 14
    Offender's Signature          ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response (If applicable)**

| Date Received: 1/24/14 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277 Springfield, IL 62794-9277 |

Response: According to the DOC 0317 [grievant's Investigative report, was only 17 days from date ____. Grievant was transferred by one day from _____ to Pinckneyville and back. Per Grievance Officer, while an investigative/Disciplinary Report was handled in appropriate time pending _____ action. Can not take _____ time lost for this incident. should be restored. Not recommended.

_____      _____      1/30/14
Print Counselor's Name         Counselor's Signature         Date of Response

---

**EMERGENCY REVIEW**

| Date Received: _____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____      _____ / _____ / _____
Chief Administrative Officer's Signature         Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)   Ex#5A

As to the disciplinary report that was heard at the Adjustment Committee, grievant asserts that it was bogus because it replaced the investigative report which was bogus and started the whole process. The hearing was held beyond the 14 day's allowed to convene the hearing. Grievant's request for witnesses was circumvented because the ticket was rewritten and void all my request. I also requested a predetermine test which was ignored. To this date grievant still hasn't received a summary of the Adjustment Committee, but a counselor sent me the results that are in the computer. It states I was given 3 months C grade, Segregation, Commissary denial an 6 months visits restriction and that the planned end from disciplinary seg is 2/26/14, planned end contact visits 5/10/14, and planned end date for commissary denial 2/10/14. All of these planned dates are WRONG because I've been in it confinement since the 7th of November. Clearly there is a misunderstanding of the time frame. One of the issues with this situation is that the disciplinary report that was heard at the adjustment committee didn't have anybody authorizing the temporary confinement status, and with all the procedural time frames being violated, grievant was still found guilty of hearsay, and is the reason why grievant assert that he is being harassed and retaliated against for filing grievances and law suits, on the department of corrections/Stateville Administration, Whereby, this investigative report is the reason why grievant was placed in Administrative Detention, held without my property (Audio/Visual) denied the ability to buy food, only allowed to shop one time in a 72 day period, stuck in the cell 24/7, except on yard days, where there isn't even no yard, because grievant is disabled.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** Ex. #6

| Date: 1/27/14 | Offender: (Please Print) William D. Riley El | ID#: 1803069 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☑ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☑ Other (specify): Harassment and Retaliation
☐ Investigative Report 11/7/13
☑ Disciplinary Report: 11/26/13 Stateville C.C.
　　　　　　　　　　Date of Report　　　　　　　　Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
　Chief Administrative Officer, only if EMERGENCY grievance.
　Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
　administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
　Administrative Officer.

Brief Summary of Grievance: This grievance pertains to the arbitrary and malicious actions of
staff, by way of harassment and retaliation against grievant for filing grievances and
law suits against Stateville Administration. On or about the date of 1/24/14
grievant received a copy of the summary of the Adjustment Committee / Final
Summary Report grievant noticed that there was a mix-up as to who was at
the Adjustment Committee Hearing. Grievant asserts that Lt. C Wright and C/O Colleve
are the individuals who heard grievant's hearing. Lt. C Wright asked C/O Colleve for
witness the hearing. So grievant is wondering why Counselor Ann J. Workman
name and signature was on grievants' Final Summary Report. Ms. Workman did
not hear grievant's hearing, so her name shouldn't be on it. This shows the

Relief Requested: That grievant be released from Administrative Detention and placed where
grievant would be as if this arbitrary action never occurred, and that the ticket
be expunged.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Grievant number 1161/3057/2011
William D. Riley El　　　　　　　　1803069　　　　1/27/14
　　　　Offender's Signature　　　　　　　　　　ID#　　　　　　Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

Chief Administrative Officer's Signature　　　　　　　Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Ex #6A

arbitrary and malicious actions of staff to go to any means of punishing grievant for filing grievances and law suits. Sgt. Norton, c/o Williams, c/o Dumphis and Lt. Johnson all were there when grievants hearing was over and grievant was being put back into his cell. Before that, Lt Wright asked grievant what gang grievant was in, grievant stated I'm a Moor, a member of the Moorish Science Temple of America. Lt. Wright said what do we have you down as. grievant stated I don't know. Lt c Wright stated "I'll find out". This conversation took place in the lobby of X-House, right in front of the Administrative Detention wing. In front of all the c/o's to hear. Grievant Also Asserts that grievant didn't waive or sign any waiver agreeing to hearing date less than 24 hrs after ticket was served, as the Final Summary Report states.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** Ex. #7

| Date: | Offender: | ID #: |
|---|---|---|
| Present Facility: | | Facility where grievance issue occurred: | |

## NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: _____ Date of Report / ____

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify) _Harassment and Retaliation_

Facility where issued

*Note:* Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On numerous occasions I've complained to the warden/staff with no action of note to the placement of prisoner in a environmentally hazardous shelter in X-House-Lower floor cells, Which has patches of paint that have blistered and fallen away leaving every layer of paint ever applied to the wall exposed, which in turn exposes prisoner to the many layers of old toxic paints. Especially, but not limited to LEAD ACETATE: A poisonous crystalline compound used in water proofing and various varnishes and mixed with or applied over paint to produce glossy effects. LEAD CHROMATE: A poisonous yellow crystalline compound used as a paint pigment. BARIUM SULFATE: A poisonous fine white powder used as a pigment in paint. CADMIUM: A poisonous soft metallic element used as a glaze in paints, etc.

**Relief Requested:** That I be moved from these hazardous conditions and that the harassment and retaliation stop.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self. *Evident Prejudice SCC(-508/1-521)*

Offender's Signature _____ ID # _____ Date _____

*(Continue on reverse side if necessary)*

---

| Counselor's Response (if applicable) |
|---|

Date Received: _____   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____ Print Counselor's Name _____ Counselor's Signature _____ Date of Response _____

---

| EMERGENCY REVIEW |
|---|

Date Received: _____   Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____

OFFENDER'S GRIEVANCE (Continued)     Ex 7A

The handwritten grievance text is largely illegible. Partial reading follows:

...that there has been several cells in the institution where inmates have taken paint chips and as [UNKNOWN] put it would be easily accessible... and a serious risk... to lead poisoning. In a cell factory... if given a proper exposure to the chipping... of paint on constantly flaking and chipping today or everyday... to go to the top of chips that find their way all over everywhere top/paint. This old type of paint or also extremely flakeable, and the stuff... there if any exists, exposure to lead can cause serious injury and death is included. Grievant further asserts that the continued ceiling of this cell assignment is putting and exposing grievant to hazardous toxic paint, which is a health and safety risk to grievant. Grievant has noticed lately that grievant is having dizziness with defecation and that grievant's blood pressure is extremely high. Even with the medication and is unmanageable, but at first when grievant was first placed in this cell assignment, grievant blood/pressure was some what under control, there is every reason it started back risen to extreme highs 190/105 on average. Grievant asserts that the particular placement in X-House Lower Condemned Administrative Detention was in act of harassment in retaliation to filing grievances and law suits, which makes these (Statesville Administration) actions maliciously and sadistically for the very purpose of causing harm to grievant. The exposure to lead based paint is contrary to current standards of decency that pose an unreasonable risk of harm to grievants present, and future health. Grievant has been in this cell assignment since November 12, 2015, Warden M. Hosseus, and the Director of IDOC Salvador Godinez are responsible for placing grievant in this hazardous condition, and subjecting grievant to unsafe and hazardous risks to grievants health and safety.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE  Ex #8

| Date: 2/13/14 | Offender: William D. Riley EL | IDOC #: B52087 |

Present Facility: Pontiac | Facility where grievance issue occurred: Pontiac

NATURE OF GRIEVANCE:

[ ] Personal Property          [ ] Mail Handling          [ ] Restoration of Good Time          [ ] Disability
[X] Staff Conduct             [ ] Dietary                [ ] Medical Treatment                [ ] HIPAA
[ ] Transfer Denial by Facility  [ ] Transfer Denial by Transfer Coordinator    [X] Other (specify) Harassment and Retaliation

[ ] Disciplinary Report:  _____  _____
                          Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance pertains to the arbitrary and capricious actions of the Department of Corrections (via Warden Lemke, Warden Harana, the Chief of Staff, and the Director S.A. Godinez). Grievant asserts that the operation of all prisons are governed by the provisions of the Unified Code of Corrections, (the Code) 730 ILCS 5/1-1-1 et. seq. Grievant further asserts that section 3-8-7(a) of the Code provides that inmates only may be disciplined for violations of rules which are available to all inmates. Section 3-8-7(a) of the Code establishes the procedures required for the imposition of "disciplinary segregation and isolation". NO provision of the Code provides for isolation of inmates in AD status. The prison officials (Warden Lemke, Warden Harana, the Chief of Staff, and the Director cited supra). That the harassment and retaliation stop and that grievant be placed back into general population.

Relief Requested: [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

William D. Riley _____ B52087 _____ 2-13-14
Offender's Signature                    IDOC #              Date
(Continue on reverse side if necessary)

| Counselor's Response (if applicable) |

Date Received: _____  [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

Print Counselor's Name _____  Counselor's Signature _____  Date of Response _____

| EMERGENCY REVIEW |

PRISONER'S GRIEVANCE — EX #84

e, A.Godinez) confinement of grievant to AD status, at X-House, the Stateville Closed Maximum Security Wing violates section 3-8-7(a) in that grievant was transferred/placed on said wing for violations of rules, which were not available to grievant prior to grievants transfer/placement said wing. ████████████ The prison officials transfer/placement of grievant on Stateville Closed Maximum Security Wing violates section 3-8-7(a) as the hearing procedures set forth therein were not followed. As a result of the prison officials violation of the Code, grievant has been subjected to onerous conditions of confinement whereby grievant has been subjected to a PHASE PROCESS that is not authorized by the Code. PHASE I subjects grievant to the harsh conditions of segregation without a hearing or notice of rule violation prior to being given a segregation, jury suit and all your privileges taken away for 90 day's, which is a clear violation of the Code (section 3-8-7(a)). Grievant has been told that the PHASE PROCESS is a behavioral modification process, but grievant hasn't been told what behavior grievant committed that needs modification, or the reason for placement in AD status, on the Stateville Closed Maximum Security Wing, in X-House. Grievant is being deprived of contact visits, telephone privileges, commissary privileges, showers, mail privileges, audio-visual privileges, educational privileges, and all personal property by being placed in PHASE I AD status without violating a single disciplinary regulation in clear violation of section 3-8-7(a). Grievance has been on this Closed Maximum Security Wing since November 12, 2013. Grievant has not been provided with a transfer/placement Review Hearing. Nor has grievant been informed of an estimated length of stay and how privileges can be earned to provide for eventual transfer/placement back in general population. There is no increase in privileges throughout. The behavioral level system to incentivize positive behavior. Grievant is being denied religious services without any regards to law. Grievant would like to know why grievant is being treated this way. If it isn't harassment and retaliation for filing grievances and law suits. Grievant would also like to know what evidence was used to justify the arbitrary and capricious actions of the Department of Corrections prison officials (Warden Lemke, Warden Hardy, the Chief of Staff, and the Director S A.Godinez), to place grievant in AD status on the Closed Maximum Security Wing in X-House-

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

Ex #9

| Date: 3/12/14 | Offender: William D. Riley EL | ID#: B20069 |

Present Facility: Stateville

Facility where grievance issue occurred: Stateville

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Harassment and Retaliation

- [ ] Disciplinary Report _____ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This grievance pertains to the arbitrary and capricious actions of the Stateville Administration i.e (Warden Magana, Major McCarney??? and the entire Administrative Detention Committee). On or about the date of 2/24/14 Grievants grievance #562 was reviewed by Grievance Officer Anna McBee, CCII who ruled that, the grievant was issued a disciplinary report for investigative status dated 11/7/13; however, he (Grievant) was not served until 11/24/13, which is past the timeframe. Further the disciplinary report 11/26/13 was served on 11/26/13 and then a corrected copy was served on 12/9/13, which is also past the timeframe. Grievance Officer finds that the charge of 205 is not substantiated. Disciplinary report does not state what unauthorized gang activity took place. The Grievance Officer's recommendation was as stated, "Based upon a total review

Relief Requested: That the harassment, retaliation, and deprivation stop, and that my liberty and property interest returned as if this situation never occured

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Further Prejudice (ACC/2204-2671)

William D. Riley El — Offender's Signature    B20069    3-12-14
(Continue on reverse side if necessary)

Counselor's Response (if applicable)

Date Received: _____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

EMERGENCY REVIEW

Date Received: _____

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE Continued Ex. 29A

of all available information, it is recommended that the disciplinary report be expunged. There is no justification for any monetary awards. The Chief Administrative Officer concurred with Grievance Officer on 2/23/14. Grievant asserts that even though grievant's disciplinary report was expunged, grievant is still being held in segregation status, even if its called something else i.e. "Phase I" Administrative Detention. Grievant further asserts that IDOC and the Stateville Administration i.e. (IDOC Director S.A. Godinez, Warden Hardana, Major McGarvey #58, and the Wide Administrative Detention Committee) are using Administrative Detention as a "scheme of revenge" to harass and retaliate against grievant for filing numerous grievances and lawsuits. Grievant asserts that the actions of said "State Officials" under color of law, were maliciously and sadistically undertaken for the very purpose of causing grievant harm. Grievant asserts that the actions taken against him have violated his rights, at which his liberty and property interest are at stake. Grievants' personal property has not been returned, even though grievant has been vindicated by way of the grievance procedure (Grievance #562), whereby said disciplinary action was expunged from grievants record. The alleged action used to take grievant's property is the same alleged action used to place grievant in Administrative Detention, and was the basis of the disciplinary infraction that was grieved and expunged. So there is no logical or penalogical reason to justify the continued deprivation of grievants liberty and property interest except to harass and retaliate against grievant for filing grievances and lawsuits.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** Ex#93

| Date: 3/12/14 | Offender: William D. Riley El | ID#: B02061 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

- ☑ Personal Property
- ☐ Mail Handling
- ☐ Restoration of Good Time
- ☐ ADA Disability Accommodation
- ☑ Staff Conduct
- ☐ Dietary
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ Transfer Denial by Facility
- ☐ Transfer Denial by Transfer Coordinator
- ☑ Other _Harrassment and Retaliation_

- ☐ Disciplinary Report: _____
  Date of Report       Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This grievance pertains to the arbitrary and capricious actions of the Stateville Administration i.e. (Warden Magana, Major McKinney CBY and the entire Administrative Detention Committee). On or about the date of 2/24/14 Grievants grievance #562 was reviewed by Grievance Officer Anna McBee, CCII who ruled that, the grievant was issued a disciplinary report for investigative status dated 11/7/13; however, he (Grievant) was not served until 11/24/13, which is past the timeframe. Further the disciplinary report 11/26/13 was served on 11/26/13 And then a corrected copy was served on 12/9/13, which is also past the timeframe. Grievance Officer finds that the charge of 205 is not substantiated. Disciplinary report does not state what unauthorized gang activity took place. The Grievance Officer's recommendation was as stated, "Based upon a total review

Relief Requested: That the harassment, retaliation, and deprivation stop, and that my liberty and property interest returned as if this situation never occurred

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| William D. Riley El | B02061 | 3_12_14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

E.I. that Prejudice Act / 1983 - 2671

---

| | Counselor's Response (if applicable) |
|---|---|

| Date Received: _____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

---

| EMERGENCY REVIEW |
|---|

| Date Received: _____ | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. |
|---|---|

OFFENDER'S GRIEVANCE (Continued) EXF 9C

of all available information, it is recommended that the disciplinary report be expunged. There is no justification for any monetary awards. The Chief Administrative Office concurred with Grievance Officer on 4/28/14. Grievant asserts that even though grievant's disciplinary report was expunged, grievant is still being held in segregation status, even if its called something else i.e. "Phase I" Administrative Detention. Grievant further asserts that IDOC and the Stateville Administration i.e. (IDOC Director S.A. Godinez, Warden Hapane, Major McGaney #543, and the whole Administrative Detention Committee) are using Administrative Detention as a "scheme of revenge" to harass and retaliate against grievant for filing numerous grievances and lawsuits. Grievant asserts that the actions of said "State Officials" under color of law, were maliciously and sadistically undertaken for the very purpose of causing grievant harm. Grievant asserts that the actions taken against him have violated his rights, at which his liberty and property interest are at stake. Grievant's personal property has not been returned, even though grievant has been vindicated by way of the grievance procedure (Grievance #62), whereby said disciplinary action was expunged from grievant's record. The alleged action used to take grievant's property is the same alleged action used to place grievant in Administrative Detention, and was the basis of the disciplinary infraction that was grieved and expunged. So there is no logical or penological reason to justify the continued deprivation of grievant's liberty and property interest except to harass and retaliate against grievant for filing grievances and lawsuits.

Illinois Department of Corrections    Ex#10
**OFFENDER'S GRIEVANCE**

| Date: 3/14/14 | Offender: (Please Print) William P. Riley Sr. | ID#: R69124 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issues occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): _____
- [ ] Disciplinary Report: ___/___/___
  Date of Report    Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance pertains to the arbitrary and injurious actions of counselor Alex Hall. On or about the date of 3/14/14 counselor Hall walked through the X-House (Power Center) Administrative Detention wing to grab a visiting list from an inmate, after Major Motroway #8438 called him #413 to the wing. As counselor A. Hall was leaving X-House without asking for help Martin Taylor was on the wing with Major Motroway #8438 when inmate A. May (Power Cell) cut and disrespectful with demand and after receiving a visiting list in a manner he didn't like. Counselor A. Hall said "Why you all get me this when I was down here earlier." He wasn't asked. I'm not sure. I asked A. May would if I would there.

Relief Requested: That this counselor A. Hall be removed as my counselor because I don't believe he will access my any visit. (grievance)

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

I want my grievance ID # 1304-3-14-14

| Offender's Signature | ID#: R69124 | Date: 3 / 14 / 14 |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance. [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | | Date |

Ex #10A

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Counselor A. Hall stated "see if I process it." Then another inmate stated "you going to do your job," counselor A. Hall stated "Shut the fuck up" to said inmate and the whole wing erupted from the derogatory and disrespectful remarks. Which is a very unprofessional and demeaning gesture by an individual who's suppose to be our advocate/go-between to the Administration to resolve the many issues back here on this Administrative Detention wing. Grievant doesn't have any confidence or trust in A. Hall to be unbiased in the performance of his duties as a counselor for A.D. after his comment about "see if I process it". Which was a direct threat to deny an inmate the right to visits, because he's not going to process his visiting list, and his bold demeanor to be disrespectful to the same individual's that he has a job duty to represent.

Ex. #11

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 3/27/14 | Offender William D. Riley EL | ID#: B03069 |
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

☒ Personal Property          ☐ Mail Handling          ☐ Restoration of Good Time          ☐ ADA Disability Accommodation
☒ Staff Conduct              ☐ Dietary                ☐ Medical Treatment                ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator                  ☐ Other (specify):

☐ Disciplinary Report: _____
                        Date of Report          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name of each identifying information for each person involved): This grievance pertains to the arbitrary and malicious actions of the Stateville Administration (i.e. Personal Property, Warden Lemke, Warden Magana). On or about the date of March 19, 2014, I, William D. Riley EL was elevated to phase II in Administrative Detention, whereby grievant was given his uniform blues and property boxes. Upon receiving and checking said property boxes grievant noticed that majority of his property was confiscated for no reason, because grievant's boxes were empty for the most part. The correspondence box was completely empty. Once grievant organized said boxes, grievant's big property box is over half empty because grievant's property was illegally confiscated as being excessive when it wasn't. (See attached 30-day Confiscation form 1-4 pgs). Grievant was shipped to Menard on November 7, 2013 and

Relief Requested: That my property be returned.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Without Prejudice UCC 1-308/1-207 }
William D. Riley EL                                    B03069          3  27  14
    Offender's Signature                                ID#            Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response:

---

**EMERGENCY REVIEW**

Date Received: _____     Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
                                                                                       ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)   Ex #11A

shipped back on the 7th of November 2013, whereby grievant wasn't allowed to pack any of his property after a Orange Crush shakedown of cell A-142. Grievant's boxes were pulled to the max before grievant left his cell on the morning of November 7, 2013. Now grievant is sitting in Administrative Detention without his property for no reason but to harass and retaliate against grievant for filing grievances and lawsuits against said Administration. The incident that led to all the actions of staff has fallen apart. Grievant received an investigative/disciplinary report for alleged gang activity which get expunged in grievance #562.(See attached Final Summary Report), but grievant is still being punished for an incident that got expunged from his record. Grievant's property is still being withheld under the premiss of it being excessive when it wasn't. Grievant black radio seal was removed so that it could be taken as contraband. All of grievant's art supplies are missing. grievant had gel pens and papermate color pens that cost $8 a set of 6 that are missing. Grievant's paintings are missing because there is no mention of any of these items on my inventory list, in I guess they are stolen, lost, or thrown away. See attached 30-Day Confiscation Form 1 thru 4 and Resident Personal Property Inventory Record 1 thru 3.

ILLINOIS DEPARTMENT OF CORRECTIONS  Ex# 12
**OFFENDER'S GRIEVANCE**

| Date: 3/27/14 | Offender (Please Print): William A. Riley EL | | IDOC# 303067 |
|---|---|---|---|
| Present Facility: Stateville | | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___
  Date of Report                 Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for such person involved): This grievance pertains to the arbitrary, arbitrious, and sadistical actions of staff, (i.e. Sgt. Paula, c/o Thurack of X-House, Major McGarvey 7-3 Shift Commander, and Major A. Schusus 3-11 Shift (co-worker) (for the date of 3/21/14) On or about the date of March 21, 2014 the water was turned off at approximately 7:30am while grievant was still asleep because the toilets were backing up and over flowing in another part of the building in X-House, so there wasn't any water, nor could grievant use the washroom without having to sit in his cell and smell the human waste (i.e. defecation, urination) that other inmates had already done in their cells on lower center. Grievant was served his lunch tray in these conditions with an 8oz milk as the only liquid provided to prevent for the whole eight (8) hours shift. Grievant asked Sgt. Paula for something to drink. Sgt. Paula as to the facts of stated "there wasn't anything to drink". Grievant questioned Sgt. Paula as to the facts of

Relief Requested: That this system be fixed so that this situation don't happen again.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self

William A. Riley El    303067    3  27  14
          Offender's Signature                        IDOC#              Date
                        (Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: _____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____ | Counselor's Signature | Date of Response

---

**EMERGENCY REVIEW**

| Date received: _____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

Chief Administrative Officer's Signature                              Date

OFFENDER'S GRIEVANCE

the matter whether the water was cut off in the whole institution or just x-House. Sgt. Clark stated that "X-house, B-house and up front water was cut off". The purpose of the questions was to clarify why staff wasn't passing out water, because grievant has been in this type of situation before and staff had no problem passing out water under these circumstances. The X-house staff had water delivered so that the inmate cell house workers could mop the overflowed water from the toilets, that was filled with human waste and faeces, but refused to give inmates stuck in their cells on lower center anything to drink on the 2 & 3 shift. At approximately 5:30 pm the toilets on lower center overflowed with the human waste and flooded the cells and wing with defecation, and urination. Every cell on lower center was flooded with this human waste and grievant and all other inmates on said wing were trapped in their cells and forced to clear said human waste without any protection (i.e. mask or bio hazard suit). Grievant was subjected to raw sewage for hours at a time, because as soon as grievant cleaned his cell and ate dinner under these conditions of smelling the fumes from the human waste, at approximately 8:45 pm the toilets overflowed and flooded the cells and wing again for the second time, and grievant was once again trapped in a cell full of human waste without any protection. Grievant and all the inmates on lower center were NEVER given the opportunity to use the washroom like the other inmates in this building of X-House. We were forced to sit in these cells and suffer through the whole ordeal. The staff on 3 to 11 shift moved (5) five inmates with (5) wing officers to an area where they could use the washroom, but refused to provide grievant and the inmates on lower center with that opportunity. Grievant was stuck in his cell for more than 24 hours without drinking water, because grievant went to sleep at 10 O'clock the night before and didn't get up fully until 7:30-8:00 AM the next morning where the water was already cut off. Major A. Johnson of the 3-11 shift personally toured X-House lower center while the wing was flooded with human waste, Also the smell was so strong that it was taken your breath, and grievant and all the other inmates were trapped in their cells. Major A. Johnson saw the conditions at its worst and refused to authorize his staff to allow the inmates on lower center access to a toilet.

EX-15

| Date: 4/5/14 | Offender: (Please Print) William D. Riley EL | | ID#: B03069 |
|---|---|---|---|
| Present Facility: Stateville | | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☒ Mail Handling | ☐ Restoration of Good Time | ☐ ADA Disability Accommodation |
|---|---|---|---|
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☒ Other (specify) Harassment & Retaliation |

☐ Disciplinary Report: _____/_____/_____  _____
                          Date of Report        Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This grievance pertains to the arbitrary and callous actions of staff i.e. the denial to access the courts. On the above date at approximately 9:15 pm c/o J. Nelson and c/o Siegert came to cell 157 of the NCU to deliver legal mail to said offender William D. Riley EL. Grievant was given a receipt to sign and there received a 9X12 envelope addressed from Lisa Madigan and then c/o J. Nelson gave said offender another express mail big package that was addressed to the Illinois Department of Corrections which was damaged and had a sticker on it explaining for the damage. So upon inspection of the material after c/o J. Nelson opened and flipped through the material and handled to grievant. Grievant realized that it was grievants legal mail that was mailed out while grievant was in X-House on lower center, on or about the date of 3/16/14 from the Administrative Detention wing. The mail

Relief Requested: That grievant's mail reach its destination uninhibited and that the harrassment and retaliation stop.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
    Extheat Prejudice UCC 1-308/1-207 !

William D. Riley EL _____          B03069          10, 5, 14
         Offender's Signature                                ID#            Date

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: _____/_____/_____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |
| Response: | | |
| | | |
| | | |
| | | |
| Print Counselor's Name | Counselor's Signature | Date of Response |

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: _____/_____/_____ | Is this determined to be of an emergency nature?  ☐ Yes; expedite emergency grievance  ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
| Chief Administrative Officer's Signature | _____/_____/_____  Date |

Printed on Recycled Paper

 

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE (Continued)**    Ex. #134

outlined summenses for case #13 MR 3049 to the IDOC and former Director Walker which is all that grievant says. But the original package was addressed to the Sangamon County Sheriffs Office with a cover letter requesting delivery of said summenses to A. Galvez (S.A. Godinez, Co. Taylor, R. Walker, M. Randle, and J. Reinhart), Grievant asserts that if his legal mail is not being delivered then grievants access to the courts is being denied. Because grievant has to trust that the State Employees (correctional officers) will do there job and pass grievant's mail to the appropriate department for processing it is a no win situation if staff is interfering with said mail. Grievant believes that someone in the mail room is tampering with grievants legal mail being mailed out, and the strange thing about the situation is that its only grievants legal mail that's not going out of the institution sealed. The process for grievant's out going mail from the Administrative Detention wing was as so. Grievant would place said mail (regular or legal) on the cell bars for pick up by the c/o's assigned to the wing, then someone from on the cell bars for pick up by the mail from the unit before its sent to the mail Internal affairs would pick up the mail from the unit before its sent to the mail room for processing to leave the institution. Now, once grievant realized that it was his legal mail that was mailed to Sangamon County Sheriffs Office, and the mailing address on the package stated 'Illinois Department of Corrections, 1301 Concordia Court, Springfield, Illinois' grievant immediately called C/o Szigeti to that he could inform C/o Y. Nelson of the situation. C/o Y. Nelson and C/o Szigeti returned to cell 157 of the HCU, and grievant gave all the material back that was in the package to C/o Y. Nelson and she and C/o Szigeti left grievant's cell assignment with the material back in the package. The Actual legal mail package that was sent out by grievant was a collection of (5) summenses and complaints properly addressed to the above named defendants which somehow has damaged through the mailing process which has interfered with grievant serving process on the above named defendants in case #13 MR 3049. At this point grievant doesn't know if his other three packages of summenses on the rest of the defendants has survived the mailing process. Grievant also asserts that he is being harassed and retaliated against for filing grievances and lawsuits, as well as this lawsuit. pertaining the commissary over pricing violations by the IDOC.

Exhibit 73 b

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 4/17/14 | Offender: (Please Print) William D. Riley QD | | ID#: 803069 |
|---|---|---|---|
| Present Facility: Stateville | | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☒ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☒ Other (specify) Retaliation And Harassment

☐ Disciplinary Report: _____ / _____ / _____
Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This grievance pertains to the arbitrary and unlawful actions of staff i.e. tampering with legal mail and the denial to access the courts. On the above date at approximately 9:30 am c/o Y. Nelson and c/o Salazar came to cell 157 of the HCU to deliver legal mail to said offender William D. Riley QD. Grievant was given a receipt to sign and then received a 9x14 envelope addressed to grievant from the Sheriff's Office of Sangamon County, NEIL M. WILLIAMSON, #1 SHERIFF'S PLAZA, Springfield, Illinois 62701. Once grievant opened and read the letter from the Sheriff office. Grievant realized that it was grievants legal mail that was mailed out from unit X, while grievant was on the Administrative Detention wing. The letter was dated April 9, 2014 and stated that the Sheriff office Records Technician, Terri L. Motley, will not accept any paperwork in

Relief Requested: That staff stop interfering with grievants mail, and stop harassing and retaliating against grievant for enforcing grievants constitutional rights.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
Further Prejudice UCC 1-30/1-207]

William D. Riley QD _____ Offender's Signature _____ 803069 ID# _____ 4/17/14 Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | |
|---|---|
| Date Received: _____ / _____ / _____ | ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |
| Response: | |

Print Counselor's Name _____ Counselor's Signature _____ Date of Response

| EMERGENCY REVIEW | |
|---|---|
| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature _____ Date

this fashion and that I (grievant) need to organize my paperwork. The problem is that this was the second envelope sent to the Sheriff's Office in Sangamon County to serve process on the defendants in case #13 MR 3049. Grievant asserts that grievant sent (5) five summonses and (5) five complaints, with a cover sheet explaining that such and such defendants need to be served in a neat and organized fashion. To received my mail back all tossed up and in disarray shows me (grievant) that someone is intentionally hindering and tampering with grievants legal mail. The package contained one summons that was returned to grievant addressed to R. Bard and different paperwork from Schura Law Office, P.C. 701 Devonshire Drive, Suite 207, Champaign, IL 61820 which was a Fax Transmission form addressed to Ms. Melissa Brockman from Attorney Todd E. Schura. Grievant asserts that grievant doesn't know any of these individuals. Also, medical records of Sherri Mattahan, told a escrow/corporate breakdown of Jason Peterson and Andrea Warren and a Assignment of mortgage for the same. The envelope that I (grievant) sent originally, which was the second one, contained summonses and complaints for D. Eldridge, T. Small, C. Ohrans, R. Bard, and E. Jones. Grievants ability to serve process on defendants is being hindered and obstructed by defendants, which is denying grievant the ability to access the courts deliberately. Grievant asserts that he is being harassed and retaliated against for filing grievances and lawsuits against the Department of Corrections.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Ex. #14

| Date: 7/24/14 | Offender: (Please Print) William D. Riley EL | ID#: 303569 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance Issue occurred: Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

GRIEVANCE OFFICE

- [x] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___ Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Defamation/Harassment and Retaliation

MAY 2

STAB 1315

Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This complaint pertains to the deliberate actions of staff, to arbitrarily and maliciously defame grievant with the intent to sadistically harm grievant with their actions. Grievant asserts that grievant is a registered card carrying member of the Moorish Science Temple of America, Brother David Bailey EL is the Supreme Grand Shiek, and is my spiritual advisor, I conduct myself in accordance to the teachings of Noble Drew Ali and the Moorish Holy Koran, I have a duty per these teachings to uplift fallen humanity. On or about the date of December 14, 2010 grievant drafted and had filed an "Affidavit of Truth" with the Attorney General, the Director of the Illinois Department of Corrections, the Stateville Warden and

Relief Requested: That the harassment and retaliation stop. That I be allowed to participate in the activities that I've worked hard to receive, through the grievance process.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
Emit raut Prejudice UCC 1-308/1-207)

| Willie D. Riley el | 303569 | 7, 24, 14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response:

RECEIVED

___
Print Counselor's Name                    Counselor's Signature            Date of Response

---

**EMERGENCY REVIEW**

Date Received: 5, 6, 14

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Tracy Williams 5, 7, 14
Chief Administrative Officer's Signature            Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) EX #14A

Assistant Warden of Operations as well as Internal Affairs in Springfield and Stateville Internal Affairs. Grievant would bring to the attention of these agencies that an affidavit unrebutted, point for point, stands to be the truth. With that grievant reasserts that grievant lives by the teachings of Noble Drew Ali grievant's character is governed by LOVE, TRUTH, PEACE, FREEDOM, and JUSTICE. On or about the date of February 11, 2014 grievant drafted another "Declaration/Affidavit of William D Riley EL", because grievant was being arbitrarily label a gang member, and worse of all the leader. Grievant specificly denied these allegations and fought the disciplinary report tooth and nail and eventually the Adjustment Committee ruling was overturned and expunged from my record, but the damage was done. I'm stunned upon and constantly harassed by Staff. All grievant efforts of seeking JUSTICE per the constitutional means of redressing a grievance has been hindered. Grievant asserts that grievant is still being punished for being label a gang leader even though grievant is not, which has defamed grievant in the worse way. Grievant feels the IDOC administration is trying to bully grievant into being an informant by harassment and retaliation. Grievant asserts that these tactics won't work, and will only make grievant fight to the death for JUSTICE. Grievant asserts that grievant has worked hard, persistently to change and usher into the new grievant is today. Grievant was a member of the "Long Term Offender Class" that was lead by James Chapman, and grievant was elected Chairperson of one of the committees in the class that help start the "Changing Minds Campaign" that produced "A Day at Stateville". I personally read the "Fatherhood Initiative/Innercity Violence committee program to Assistant Warden Osborne when he visited are class and stated that "we were an enigma, because how could we create something so positive in a hell hole like Stateville? Is what he (Warden Osborne) stated. Grievant asserts that all grievant has done at Stateville since 2003 is promote positive change, and walk that walk with each every step. Maybe my method of positive change is not liked by the administrators, but that's what it's been. For this administration to attack me this way is unfounded and hurtful. Grievant has not engaged in or promoted any type of criminal gang activity. Grievant would also like to know how one inmates head is taken over another to substantiate allegations that are used to harass grievant to this magnitude. Grievant's daily activity has drastically been affected by the circumstances of grievant being labeled a gang member and being the leader. Grievant has been isolated unjustly. grievant is permanently in his cell assignment except for one day on Friday where grievant is given yard for (5) five hours. Grievant asserts that his ability to participate in my program (education or otherwise) has been voided because of the circumstances surrounding grievant being labeled a gang leader. Grievant asserts that since "Street gangs" have been declared a gang "Home Grown Terrorist Group" under the "Patriot Act", and that "Street gang members" are subject to be indicted and tried under the "continuing criminal enterprise" (C.C.E) and the "State and Federal Rico Acts", it is not logical to

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

Ex # 14B

| Date: 4/24/14 | Offender: (Please Print) William D. Riley EL | ID#: B030609 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

☒ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation
☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA   Defamation/Harassment
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): And Retaliation

☐ Disciplinary Report: _____ / _____ / _____
       Date of Report              Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

(Cont) 3 of

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

support or condone that particular behavior. So to be labeled a "Streetgang Member" is more than just mere harmless accusations. These accusations are labeling one with unlawful or improper conduct subject to prosecution. These accusations are very harmful to grievants current status as a Moorish American Moslem Virik. These accusations also contradict the universal principles of LOVE, TRUTH, PEACE, FREEDOM, and JUSTICE that grievant is bound to uphold per the Asiatic Covenant of the Holy Koran of the Moorish Science Temple of America. Grievant also asserts that these accusations are preventing grievant from being allowed to attend Religious Service, which grievant was

Relief Requested: _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___ / ___ / ___
Offender's Signature            ID#           Date
(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | |
|---|---|
| Date Received: ___ / ___ / ___ | ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____      _____    _____
Print Counselor's Name                   Counselor's Signature           Date of Response

| EMERGENCY REVIEW | |
|---|---|
| Date Received: ___ / ___ / ___ | Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

instrumental in getting these services reinstituted at Stateville, Grievants religious head gear (Fez) has been confiscated and his religious medallion has been confiscated and held in personal property as being excessive. It seems as though everything that grievant has positively worked for in the past has been taken away because of these accusations. Grievant asserts that every achievement that grievant has accomplished through the grievance procedure has been taken away because of these accusations. Grievant asserts for the record that grievant filed grievances for the crutch yard and night yard for individuals with crutches, grievant filed grievances to receive Moorish Science Temple of America Services, grievant filed numerous grievances to receive medical treatment, and grievant filed grievances to receive a job in the law library because those events were being denied to grievant. Grievant doesn't like to file grievances just because, grievant feels he's forced to file grievances to rectify the unjust actions of the Administration when grievant isn't being treated equal. This is why grievant feel he's being harassed and retaliated against because the individuals who were treating grievant unjust don't like the fact that grievant went around them and got things changed for the better on grievants part and not theirs.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| Date: 5/9/14 | Offender: (Please Print) William D. Riley El | | |
|---|---|---|---|
| Present Facility: Stateville | | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): _Harassment & Retaliation_

- [ ] Disciplinary Report: _____ / _____
    Date of Report        Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues; or issues not resolved by the Chief
    Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved):

This grievance pertains to the arbitrary and malicious actions of Staff.
On or about the date of May 9, 2014 grievant was denied his mandatory
requirement of (5) five hours of yard for whatever reason staff may
give or make up. The point of the matter is that staff thinks its
okay to take grievants constitutionally required (5) five hour of yard
and don't make it up. Grievant asserts that grievant is confined to
his cell assignment 24/7 with NO movement except to the yard, and
if grievant don't receive yard grievant doesn't receive any out of cell
time. Grievant asserts that Stateville Administration is violating grievants

Relief Requested: That I recieve my yard like I'm suppose too.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
Brother of injustice N.O.I. #001-12071

| William D. Riley El | B31389 | 5 · 9 · 14 |
|---|---|---|
| Offender's Signature | IDE | Date |

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) | | |
|---|---|---|
| Date Received: ____ / ____ / ____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

| EMERGENCY REVIEW | | |
|---|---|---|
| Date Received: ____ / ____ / ____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date |
|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Ex #15A

rights to receive out of cell exercise time that's mandated by the law dictates. The Stateville Administration has a blatant and reckless disregard for grievants constitutional rights to receive out of cell exercise time. This Administration knows I'm suppose to receive three (5) five hours per week and still don't provide them. For what ever reason the Administration can't give grievant yard on the day decided, the Administration acts like they can't change or make up for the (5) five hours that grievant didn't receive. Grievant asserts that on the day in question the Stateville Administration still ran visits, but refused to give grievant his mandatory yard. Grievant also believes that grievant is being retaliated against by the Stateville Administration for filing law suits and grievances, especially the one about being stuck in a cell full of human waste. If the Stateville Administration wanted to make up the yard they could have without a problem, but instead they chose not to, just to punish and deny grievant his mandatory yard. and keep grievant stuck in his cell constantly.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: | Offender: (Please Print) | | ID#: |
|---|---|---|---|
| Present Facility: | | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___
  Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

_This grievance pertains to the arbitrary and retalitory actions of Internal Affairs Officer ... When about the date of 6/15/16 grievant received a hearing report by the Officer(s) of 205 and a 101 to 205. Grievant ... wrote that he has previously beat the 205 charge less than two(2) months prior to this ... infraction. Grievant stands by his position that he is not a gang leader and does not engage in any gang activity. Grievant asserts that he has never engaged in any conspiracy to commit STG or Unauthorized Organizational Activity. Grievant asserts that there is a conspiracy against him by internal affairs and ... individual officers because grievant has been under investigation which have ... _

Relief Requested: _That the Segregation time and the disciplinary activity be removed and expunged. Grievant asserts that he requests to be cleared with 7 counts/facts on all cases._

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| | | |
|---|---|---|
| Offender's Signature | ID# | Date 6/15/16 |

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** | |
|---|---|
| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer  [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |

Response: _____

| | | |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature?  [ ] Yes; expedite emergency grievance.  [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| | |
|---|---|
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Ex #16A

November [illegible] AD status. [illegible]

[illegible] they [illegible]

[illegible] activities of [illegible] come [illegible]

[illegible]

[illegible] thing [illegible]

Internal Affairs [illegible] to [illegible] specifically [illegible] grievant. [illegible]

that grievant [illegible] the [illegible] (2) [illegible]

[illegible] that if I [illegible]

These confidential sources [illegible] advantage of the [illegible] that [illegible]

affairs and the "Stateville Administration" [illegible] grievant [illegible]

[illegible] to receive benefits that [illegible] their personal [illegible]

[illegible] out of his cell assignment [illegible] (2) [illegible] months [illegible] grievant [illegible]

[illegible] with [illegible]? Grievant [illegible] on the record

[illegible] grievant [illegible]

[illegible] Grievant [illegible]

[illegible] to prove [illegible]

because [illegible]

confidential sources [illegible]

[illegible] that the [illegible] Grievant [illegible]

[illegible] Grievant would like to know [illegible]

[illegible]

[illegible]

[illegible]

[illegible] with [illegible]

it is [illegible] allegations. [illegible]

of [illegible]

Grievant asserts that [illegible]

[illegible] grievant has [illegible]

the U.S. and State courts. [illegible]

Internal Affairs [illegible]

[illegible]

[illegible] 2015. Internal Affairs [illegible]

[illegible] the [illegible] investigation [illegible]

[illegible]

Ex #17

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| | | |
|---|---|---|
| Date: [illegible] | Offender (Please Print): [illegible] | ID#: [illegible] |
| Present Facility: [illegible] | Facility where grievance issue occurred: [illegible] | |

NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☒ Other (specify): Harassment & Retaliation

☐ Disciplinary Report: ___/___/___ (Date of Report) ______ (Facility where issued)

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): [illegible] This grievance [illegible] to the arbitrary and [illegible] [illegible] constitutional right [illegible] [illegible] [illegible] AD hearing which [illegible] [illegible] Grievant [illegible] Maj. McGarvey [illegible] [illegible]

Relief Requested: That I be provided with the appropriate procedural [illegible] required by the rules, that Maj. McGarvey [illegible] "Stateville [illegible]" [illegible] grievant should be [illegible] arbitrary [illegible]

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[illegible] — Offender's Signature | [illegible] — ID# | [illegible] — Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___ ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

______ Print Counselor's Name | ______ Counselor's Signature | ___/___/___ Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature | ___/___/___ Date

DOC 0046 (8/2012)

Illinois Department of Corrections
OFFENDER'S GRIEVANCE (Continued) Ex #17A

[illegible]
[illegible] Hessey [illegible]
[illegible] Major [illegible]
[illegible] 1981 [illegible] Hessel [illegible]
[illegible] Mccarney [illegible]
[illegible]
[illegible] Grievant gave Major McCarney the [illegible]
sheet that was previously given to grievant [illegible] and replaced
with another [illegible] that the hearing will be [illegible]
[illegible] Grievant [illegible] that the Stateville Administration [illegible]
way to arbitrarily punish grievant by any means necessary. [illegible]
being harassed and [illegible] Major McCarney and [illegible]
[illegible]
[illegible] ventilate is
[redacted] [illegible].

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** *EX - 16*

| Date: | Offender (Please Print): William A. K... | ID#: |
|---|---|---|
| Present Facility: | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ ADA Disability Accommodation
☒ Staff Conduct ☒ Dietary ☒ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): _____

☐ Disciplinary Report: ____/____/____ _____
   Date of Report            Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This grievance pertains to the denial of medical treatment. At this point ...
to breathing pain. I'm hot as hell, can't breath there is no air circulating ...
it's very humid. I have serious medical conditions such as psoriatic ...
and severe and I already need about surgery as I can't understand how ...
sign it with this is by putting me behind the door with no room to ...
the cells of two persons in front. This is not a trip and I'll give me ...
getting to this asthmatic is it is also urgent believe that staff ...
subject prisoners to such harsh conditions. Given his physical condition he ...
... and inhuman are hard tremendously everytime I take a breath. I am ...

Relief Requested: That I receive the appropriate medical treatment.

☑ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ _____ _____
Offender's Signature        IDi#     Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: ____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____     _____     ____/____/____
Print Counselor's Name        Counselor's Signature   Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
                                                                                    ☐ No; an emergency is not substantiated.
                                                                                    Offender should submit this grievance in the normal manner.

_____                                              ____/____/____
Chief Administrative Officer's Signature                               Date

OFFENDER'S GRIEVANCE (Continued) EX

my pain medication renewed, as well as my double mattress permit to deal with the
lower back pain I suffer in. I'm in so much pain I can't get any sleep. I ask
the staff for a Med tech and they look at me funny, like its a joke. I'm not going
to play the mind games with these staff. This is what I do to address the
arbitrary and malicious actions of staff. I also need my meal tray renewed
because so far I'm starving myself. They served meatballs for dinner on the white
which is high in sodium and protein/soy which I did not eat. Then for
breakfast they served radishes which is very high in sodium and protein/soy, a soy
burger high in protein for lunch and spaghetti for dinner high in sodium and protein
and tomatoes which is very bad for quiescent health conditions

F Mex

WA
230 SL

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| Date: 7/8/14 | Offender: (Please Print) William D. Riley ZZ | ID#: 353661 |
| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: Stateville C.C. |

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Harrassment & Retaliation

- [x] Disciplinary Report: 6 / 13 / 2014        Stateville CC
  Date of Report        Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This grievance pertains to the arbitrary and malicious action of Staff. Grievant asserts that this disciplinary infraction is a frame up in retaliation for beating a previous 205 charge by Stateville Internal Affairs. Grievant asserts that he has been in AD status since November 7, 2013, whereby grievant was shipped to Menard and sent back to Stateville in two days for health reasons. Now while at Stateville grievant was presented with a disciplinary infraction for 205 with six C's listed as witnesses against grievant. Grievant went to the Adjustment Committee as was found guilty and appealed that decision to the Grievance Officer and the decision was overturned (grievance #562), and the ticket was expunged from my record

Relief Requested: That the ticket be expunged and that I be advance where I would had not this infraction occurred.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self
  (See the Appendix ILCC 1-100/1-200.)

William D. Riley ZZ        353661        7/8/14
Offender's Signature        ID#        Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) |

Date Received: ___/___/___    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name        Counselor's Signature        Date of Response

| EMERGENCY REVIEW |

Date Received: ___/___/___    Is this determined to be of an emergency nature?    [ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)  Ex # 11A

on or about the date of 3/16/15. Grievant asserts that while in AD
Status grievant filed numerous grievances and lawsuits to address constitutional
violations. The Stateville AD wing was shut down and all the inmates
were shipped to other joints except grievant. I was placed in the
infirmary isolated away from general population as I thought for
medical reasons, but it was so Internal Affair could harass and
retaliate against grievant with this disciplinary infraction. Because grievant
had No contact or communication with no other inmates at the same time
grievant was recovering from surgery and bed ridden most of the time.
Grievants request for witnesses was denied, grievant requested that the
Adjustment Committee question C3#1 as to where these orders took place by
who, when, and so forth because I never told No one anything. I'm asking
for another lie detector/polygraph for the fifth time since being placed in
AD status. Its so arbitrary because I received a ticket for still being
at Stateville CC. for the C3 to say that In the IC is outright bogus
ed untrue. I do not partake in any criminal gang activity. The only
activity I can be held accountable for is enforcing my constitutional rights
theres it, and thats why I believe I'm being targeted by the Administration
because of my Writ writing abilities. To harass and retaliate against me
because I use my pen and my mind to address the wrongs that I face daily.
Also on the ticket the C3's were never deemed credible or reliable and a polygraph
is need, because at this rate everytime somebody wants something from Internal
Affairs they will use grievants name and I'll receive another ticket. (Also see
Attached Grievances)

ILLINOIS DEPARTMENT OF CORRECTIONS  Ex. # 20
OFFENDER'S GRIEVANCE

| Date: 7/13/14 | Offender: (Please Print) William A. Kiley III | ID#: 153321 |

| Present Facility: Pontiac | Facility where grievance Issue occurred: Pontiac |

NATURE OF GRIEVANCE:

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☒ ADA Disability Accommodation |
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify): _____ |

| ☐ Disciplinary Report: ___/___/___ | |
| Date of Report | Facility where issued |

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This grievance pertains to grievant receiving "Reasonable Accommodation" for his disability under the ADA (Americans with Disability Act). Grievant asserts that he is a qualified individual with a disability. Grievant asserts that he suffers from degenerative joint disease in both knee's from past surgeries. Which has grievant suffering in pain daily and unable to move around without the assistance of a crutch. Grievant has never regained full strength or flexibility in grievants knees. Grievant's left knee clicks, and pops, and often gives out which forces grievant to use a crutch so that grievant can maintain his balance and stability. On 7/13/14 grievant went to the yard that was

Relief Requested: Grievant is seeking reasonable accommodations, such as a place to sit and the ability to either be provided with water, or bring a bottle of water given my health concerns.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
Grievant # (pulled doc.) (-SSN/-201)

| William A. Kiley III | 153321 | 7/13/14 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) |

| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. |

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |

| EMERGENCY REVIEW |

| Date Received: 7/___/14 | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

[illegible stamp: JUL 2014]

7/14/14

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Ex #201

provided to him as being a segregation inmate here at Pontiac C.C., Grievant was forced to stand up with out grievants crutch for most of the duration, because the C/O's took grievants crutch, which is needed for grievant to move around safely. Grievant was some what overwhelmed by the heat and needed water to drink, because grievant also suffers from severe high blood pressure, and takes numerous medications for the treatment thereof. Grievant asserts that his health has deteriorated to the point that grievant was severely fatigued after only ten (10) minutes of standing without grievants crutch, to the point that grievant had to sit on the ground where inmates have thrown feces and urine. Grievant asserts that grievant is attempting his best to maintain his mental stability and mental health by enjoying an opportunity of "Out-of-Cell exercise", which is conducive to grievants physical and mental well being. Grievant is not trying to fall victim to the many psychological abuses that exist and develope from one being isolated with nothing but idle time, and individuals who are willing and able to treat one like an animal. Grievant asserts that being stuck in a human kennel like a german shepherd or collie with the scent of feces and urine lingering in the air is inhumane, and not a meaningful opportunity for "Out-of-Cell exercise" as mandated by the Department of Justice standards, and offensive to any modern standard of human dignity, which falls below the "contemporary standards of decency" which grievant is entitled to per the Eighth Amendment and the ADA.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE    Ex #21

| Date: | Offender: | ID#: |
|-------|-----------|------|
| Present Facility: | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Mail Handling
- [ ] Restoration of Good Time
- [ ] ADA Disability Accommodation
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): _Processing and Retaliation_

- [ ] Disciplinary Report: _____ / _____
                          Date of Report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This grievance pertains to the arbitrary and malicious actions of staff (Intel) to hold (grievant regular mail (mail to and from family) for excessive periods of time. Grievant asserts that the 20 Ill Admin Code CH I, 525 SUBCHAPTER a, Section §25.120 (Processing of Mail 3) states Mail shall be delivered and posted promptly. Grievant asserts that pursuant to this Administrative Code grievant should be allowed sufficient opportunities to maintain family and community ties with correspondence that is delivered to grievant in a reasonable time frame. Intel is holding grievants mail for 3 weeks to a month is unreasonable and a blatant act of harassment by Intel officers here at Pontiac Correctional Center. This harassment has been ongoing ...

Relief Requested: That Intel stop holding grievant mail as a form of harassment and deliver grievants mail in a reasonable time frame.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| William B. _____ | B05___ | 10/___/14 |
|---------------------|--------|-----------|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 10/30/14   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277 Springfield, IL 62794-9277

Response: Intel checks the mail and forwards it to cube if it is addressed. Intel does not hold mail for weeks or months.

| J. _____ | _____ | ____ 31 14 |
|-------------|----------|------------|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

| Date Received: _____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Ex #21A

[illegible] since grievant got here in June. Grievant has yet to receive mail [illegible] in a reasonable manner. Grievant asserts that his outgoing and incoming mail is taking 3 weeks to a month to be received by grievant. Grievant believes that Intel is harassing grievant because of the numerous lawsuits and grievances that grievant has filed to address the [illegible] constitutional violations that the Department of Corrections Administration engages in daily, against grievant and those similarly situated.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**   Exf 22

| Date: | Offender: (please Print) | IDR#: |
|---|---|---|
| Present Facility: | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

☒ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☒ Disability
☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify):

☐ Disciplinary Report: _____ / _____ / _____
     Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This grievance pertains to the arbitrary and malicious actions of the Prison Administration and the Staff in this cell house during winter Deprivation & deny grievant his constitutional right to clothing that is "at least minimally adequate" for the conditions under which he is confined. Grievant is also asking for reasonable accommodation for his disability pertaining to recreation in the winter. Grievant is asking for suitable clothing for this winter weather, to find grievance can enjoy a meaningful kind of cell exercise period or in the alternative for his disability be given indoor out of cell exercise for the winter months. Grievant has been informed that grievant would only be allowed to wear all over at SOX in this winter months, in the snow and freezing cold in gym shoes, which is insufficient and a threat to grievant

**Relief Requested:** That I be given appropriate clothing and allowed to wear the appropriate clothing for the winter months, and reasonable accommodation for my disability.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _____ | _____ | _____ |
|---|---|---|
| Offender's Signature | IDR# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 10 / 20 / 14    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Offender was allowed to wear one piece of clothing to the yard. Coats can be worn to the yard in the winter months.

| J. Sims    C&C | _____ | 10 / 21 / 14 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____    Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
   ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| _____ | _____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

54

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Ex #22A

health and safety. Grievant asserts pursuant to 730 ILCS 5/3-7-2 which states that grievant is entitled to the following according to section (a) "All institutions and facilities of the Department shall provide every committed person with adequate and nutritional diet as required, necessary living, sleeping, the clothing adequate to the season, bedding, soap and towel, and medical and dental care. Grievant further asserts that pursuant to 20 Ill. Admin. Code, Safety, Maintenance and Sanitation, Part 502 which states under section 502.10 Clothing subsection a) Clothing issued to committed persons, including shoes shall be suitable for the season and reasonably durable or otherwise washed, and b) Institutions may retain and wear personal clothing items subject to the approval of the Chief Administrative Officer. Grievant asserts that those are the (2) two Statutory authorities for which the Department of Corrections is to conduct its daily operation by, any other policy that does not comply with these (2) two Statutory authorities, are arbitrary and if implemented is a form of harassment and a violation of grievants constitutional rights. Grievant doesn't know the motive for which the Staffs actions are based, but whether its done for budgetary restraints or as a means of harassment to deter grievant from going to the yard, and enjoying a meaningful out of cell exercise period, its a violation of the Eighth Amendment/cruel and unusual punishment clause to deny grievant his right to basic human needs such as adequate clothing for the winter. Grievant is entitled to clothing that is "at least minimally adequate for the conditions under which grievant is confined. The Supreme Court has listed as basic human needs" food, clothing, shelter, medical care and reasonable safety, as well as "warmth and exercise".

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 11/19/14 | Offender: (Please Print) William D. Riley El | ID#: B 33069 |
|---|---|---|
| Present Facility: Pontiac | | Facility where grievance issue occurred: Pontiac |

**NATURE OF GRIEVANCE:**

- ☑ Personal Property
- ☐ Mail Handling
- ☐ Restoration of Good Time
- ☐ ADA Disability Accommodation
- ☑ Staff Conduct
- ☐ Dietary
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ Transfer Denial by Facility
- ☐ Transfer Denial by Transfer Coordinator
- ☑ Other (specify) Harassment and Retaliation.

- ☐ Disciplinary Report: ___/___/___  Date of Report  Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This grievance pertains to the Arbitrary And malicious actions of Staff. Grievant asserts that he is being retaliated against by Assistant Warden Pierce for challenging the clothing policy of (1) pair of soxes in subfreezing weather. Grievant asserts that on October 12, 2014, grievant filed a grievance pertaining to a institutional policy that is being enforced at Pontiac Correctional Center, where inmates in segregation And Administrative Detention Are being subjected to subfreezing weather without the appropriate clothing being provided, or being allowed to wear the appropriate clothing for the winter weather (more than (1) pair of soxes). Grievant asserts that his actions in writing a grievance is a protected Activity, where grievant has An

Relief Requested: That I be allowed to wear the appropriate clothing, And treated respectfully

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
without prejudice with 1-30471-2673

| William D. Riley El | B33069 | 11 , 19 , 14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___  ☐ Send directly to Grievance Officer  ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ___/___/___  Is this determined to be of an emergency nature?
☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance in the normal manner.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

First Amendment right to redress + grievance. Grievant asserts that Assist. Warden Pierce directed his staff % Lt. Davis, % D. Williams, and % Medearis to harass and retaliate against grievant for challenging said institutional clothing policy. On or about the date of November 14, 2014 grievant went on a medical writ to UIC. Prior to leaving the institution grievant was stripped searched, and upon getting re-dressed grievant was told by % Lt. Davis, % D. Williams, and % Medearis that grievant couldn't wear his long johns (top and bottoms). Grievant expressed his disagreement with this decision and asked % Lt. Davis who policy is this? % Lt. Davis stated "Warden Pierce". Then grievant stated "It's either I freeze or refuse medical treatment". % Lt. Davis then stated "It's like he has you bent over a barrel". Grievant took this remark as derogatory, and sexist, with an egregious overtone of homosexuality. This was said to grievant right after % Williams, and % Medearis had just finish making grievant strip and bendover as part of the procedural process before going on grievants medical writ. To force grievant to wear inadequate clothing on purpose in subfreezing weather without appropriate clothing is a form of torture, and a violation of grievant's Eighth Amendment right to be free of "Cruel and Unusual punishment. Grievant also asserts that this was the first time that these events took place, but it is not the first time grievant has went on a writ. Grievant went on a medical writ (6) weeks prior, and wore the long johns (top and bottoms) out without any problems. Now once grievant filed the grievance dated October 12, 2014 it became a problem.

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE    Ex #24

| Date: | Offender: | ID#: |
|---|---|---|

| Present Facility: | | Facility where grievance this occurred: |
|---|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: _____
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify) _____

Date of Report _____    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

_This grievance pertains to the arbitrary and malicious actions of staff, that occurred on/about the date of 2/2015 Before Counselor. Inmate staff engaged in a course and pattern of harassment and retaliation against grievant, involved here inmates + Warden Atchison, Assistant Warden Price, Mike Hasch, Internal Affairs ... touched, and ... inmate ... as that's listed on the defense ... personal property and all his legal work ( ... and documents, exhibits, discovery, reference material, affidavits, ARB responses, inventory slips, receipts, and money vouchers being withheld to present to the court.) and legal books, and legal ... his confiscated as ... legal materials, and it wasn't ... as it's that ..._

**Relief Requested:** _That any "evidence" or document ... and ... taken into ..._

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or imparable harm to self.

| Offender's Signature | ID# | Date |
|---|---|---|
| | | 2 / 10 / 15 |

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

Date Received: _2 / 11 / 15_    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _Personal Property was checked and there is no record of legal work being confiscated from you. I can not confirm what your legal work is at this time._

| _J. Englett_ | | 2 / 17 / 15 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: _____

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | Date |
|---|---|

EMERGENCY GRIEVANCE

TO WARDEN

TO WARDEN

EMERGENCY GRIEVANCE

EMERGENCY GRIEVANCE

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** EX (#2)

| Date: 3/9/15 | Offender: (Please Print) William D. Edwards | IDN: 30WW |
|---|---|---|

| Present Facility: Stateville | Facility where grievance occurred: Pontiac / Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Harassment

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):
This complaint pertains to missing property and harassment. On or about the date of 7/10/15 I grievant went on a medical writ for Pontiac 2-C to UIC Medical Center and was admitted for medical treatment (dialysis). Grievant received three treatments of dialysis, one treatment on Saturday. On Sunday, a day off, then another on Tuesday. Grievant was then discharged from UIC Medical Center and brought to Stateville C.C. on 7/14/15 (3 to 4 diff) without any property. Grievant received his property (legal) on 7/22/15. Upon receiving grievant noticed that his (regular) property was sent with the legal material, as grievant asked where there was there any other property at writers? That my property be replaced and the harassment stop

**Relief Requested:** That my property be replaced and the harassment stop

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Limited grievance U.C. CW 2019/1-2018

 William D. Edwards _____ 30WW _____ 7-15-15
Offender's Signature _____ IDN _____ Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

| Date Received: _____ / _____ / _____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

| _____ Print Counselor's Name | _____ Counselor's Signature | _____ / _____ / _____ Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

_____ Chief Administrative Officer's Signature _____ / _____ / _____ Date

DOC 0046 (3/2013)

Printed on Recycled Paper

(89)

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Ex. #25A

[illegible] Grievant [illegible] [illegible] all the [illegible] [illegible] [illegible] [illegible] that there was [illegible] [illegible] shipped to Stateville C.C. [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] but she would check with property [illegible] [illegible] they have anything else [illegible] [illegible] that belongs to grievant. On 7/23/15 grievant retrieved from his legal box a copy of (2) two 30-day Confiscation forms from Stateville C.C. personal property dated 11/18/14 which listed all of grievant's personal property. Grievant filed a grievance on 11/4/14 and the counselor Hill signed off on 11/25/14, see attached exhibit #1-4. On 8/2/15 while searching through my legal boxes grievant discovered (6) white copy inventory slips pertaining to confiscated property of grievant [illegible] the correctional officer's never signed or had grievant to sign or notified grievant about. These forms list numerous amount of property. The confiscation slips were never given to grievant to sign, see attached exhibit #5-12. Upon retrieving these documents grievant gave them to Major Torre, who said she would check with the [illegible] of Pontiac C.C. over A.D. and call personal property at Pontiac C.C. to see if they have anything of grievant's in their personal property. On 8/24/15 grievant was informed by Major Torre that Pontiac C.C. personal property [illegible] Lt. [illegible] Stevens stated that they have nothing on their inventory [illegible] and the confiscated property was destroyed, see attached exhibit #13. Grievant asserts that he was not given an opportunity to either send property out on a visit or by mail, wasn't notified by the cellhouse staff C/O [illegible], C/O [illegible] C/O Ellis, C/O Brodie, C/O Torre, C/O Martin, Sgt. Blackwell, C/O Cox, C/O H. Brewer about the status of my property, or allowed to file a grievance because of insufficient notice by staff, because at the time, the cellhouse E-4 gallery A/B at Pontiac C.C. was under investigation and on lockdown and staff was engaged in arbitrary and capricious action against certain inmates grievant being one of them. Grievant is also attaching a complete copy of his entire commissary history at Stateville C.C. where all the property was bought. Grievant asserts that all property was brought by grievant.

Distribution: Master File; Offender
Page 2
Printed on Recycled Paper
(61)
DOC 0047 (8/2011)

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| Date: | Offender: (Please Print) | IDN: |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville Routing | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify) 4097

- [ ] Disciplinary Report: ____/____/____  Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This grievance pertains to lost, confiscated, and destroyed property. Grievant disagrees with counselor S. Miles non-resolution of the situation because grievant never received "Notice of the Confiscation." If grievant would have received notice of the confiscation grievant would have taken the necessary steps to file a grievance. Grievant asserts that counselor S. Miles over looks the fact that grievant became [?] aware of the situation on 7-23-15 once grievant was shipped to Stateville from Pontiac and received his property (legal) and discovered the authorization forms which were blank where the signature goes. Grievant also asserts that the

Relief Requested: That my property be replaced.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature _____ IDN _____ Date _____

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Name _____ Counselor's Signature _____ Date of Response ____/____/____

---

**EMERGENCY REVIEW**

Date Received: ____/____/____
Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature _____ Date _____

62

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued) Ex # 26A

as being outlined in Departmental Rule 501.280 [illegible] not [illegible] [illegible] section [illegible] it is determined the unauthorized or excess property confiscated as contraband, or the property specified in subsections (c) and (d) of this section belongs to the committed person, the committed person may, within 30 days of "Notice of Confiscation": 1) Have the property shipped at his own expense or have it picked up at the facility during certain hours by a person designated in writing; 2) Request in writing that the property be destroyed; 3) Indicate in writing that he has filed a grievance regarding the confiscation of the property. Grievant asserts that there is nothing in writing authorizing personal property at Pontiac to destroy grievant's property in accordance with Departmental Rule 501. Grievant's property was destroyed arbitrarily and in violation of due process and in violation of grievant's constitutional rights. See exhibit #5-5 is attached to grievance dated 9/5/15. Grievant also asserts that counselor S. Hiles never addressed the issue of Pontiac sending [illegible] boxes to Stateville and once here (5) five of them disappeared into thin air. The 20 boxes consisted of; 15 cases, 1 [illegible], 1 cardbox, per Major Terri [illegible] Richards and Claude Tinnan along with the Lt. [illegible] Sterne were assigned to property at all times relevant to the issues complained of. Grievant also asserts that pursuant to section 501.280 C 7, the Chief Administrative Officer is to ensure confiscated property procedures follow the above DR 501 & section 501.280 C, 9. Grievant asserts that the Warden/Chief Administrative Officer of Pontiac (Warden Randy Pfister) and the Warden/Chief Administrative Officer of Stateville (Warden Nicholas Lamb) failed to afford grievant equal protection of the law. Grievant also asserts that prior to any property being destroyed at Pontiac C.C. personal property the following individuals must sign-off on the destruction; the officer assigned to property, the Lt in charge of property, the Major over property and the Warden. Grievant has also been informed that Mr. Simpson from the Administration Building at Pontiac is in charge of the destruction of inmate/offender property. Grievant asserts that these individuals didn't do their jobs and didn't afford grievant equal protection or procedural due process.

DOC 0046 (Rev. [illegible])



ILLINOIS DEPARTMENT OF CORRECTIONS

## Notice and Course of Action for Excess Personal Property

_____
Facility

Offender Name: _____   ID #: _____   Housing Unit: _NA_

Date of Confiscation: _____  Type of Confiscation:  ☐ Mail  ☒ Shakedown

The following item(s) exceed the allowable amount of Personal Property: _____

| | |
|---|---|
| 1- excess _____ cost (used) | 1- excess _____ (Limit 1) |
| 4- excess _____ set (Limit 1) | 1- excess _____ (Limit 2) |
| 3- excess 4 adapters (Limit 1) | 3- 4/a _____ (not bright) |
| 1- excess _____ (Limit 1) | 4- altered AM/FM _____ |
| 2- excess _____ (Limit 1) | 1- 4/a VHF/UHF _____ |
| 4- excess _____ (Limit 1) | 1- altered _____ |
| 9- _____ | 1- excess _____ (Limit 1) |
| 1- 4/a _____ | |

Check the applicable box/option below for the disposition of the confiscated contraband. Forward the original form by the above listed due date to Personal Property. Failure to choose by the listed deadline will result in the property being disposed of in accordance with the Departmental Rule 501 Subpart C, Searches for and Disposition of Contraband.

Check ONE box only:

☐ Mail item(s) out of the Facility. Provide name and address of person to who items are being shipped and attach an Offender Authorization for Payment, DOC 0296, for postage. If you wish to have the items insured, you must note on the form the amount of insurance requested, such as the value of the item(s)

**DESTROYED**
**AUG 2 7 2014**
**PONTIAC CORRECTIONAL CENTER**

Name: _____   Address: _____

City: _____   State: _____   Zip Code: _____

☐ Have item(s) picked up at the facility. Request must be received in Personal Property 72 hours prior to visit.

Name of Person picking up item(s): _____   Date of pick up: _____

☐ Have item(s) destroyed:

Offender Name: _____   ID #: _____   Date: _____

☐ File a Grievance

Counselor Name: _____   Date Grievance was filed: _____

Offender Signature: _____

Property not shipped, picked up from the facility, or destroyed within 30 days of notice of confiscation shall be sold, made State loan, given to a charitable organization or destroyed as determined by the Chief Administrative Officer in accordance with the provisions in Department Rule 501C.
NOTE: If a grievance is noted, possession of the confiscated item should be maintained until a final resolution is determined by the facility/ARB. If the item(s) cannot be maintained due to sanitation issues, documentation should be maintained, noting the reason necessitating the item's destruction.

Ex #26C

ILLINOIS DEPARTMENT OF CORRECTIONS

Notice and Course of Action for Excess Personal Property

_____
Facility

Offender Name: _____ ID #: _____ Housing Unit: _NH_

Date of Confiscation: 7-1-14 _____ Type of Confiscation: ☐ Mail ☒ Shakedown

The following item(s) exceed the allowable amount of Personal Property:

```
1 - extra _____ (limit 1)        1 - U/A headset dead body
1 - _____ cassettes (tape/per box)    5 - U/A ____ deadlen ___
2 - excess holder pins (lim +2)        2 - ____ article adhesive by (U/A)
1 - excess of ____ (lim 1)             7 - excess pens at size 2 (lim +3)
1 - excess ___ (lim +3)                2 - excess shave cream (lim +2)
1 - extra - solutions (_____)         1 - excess - shave ___ (lim +2)
1 - extra ____ ____ (2 per _____)     2 - U/A ____ ____ (to by)
1 - excess of toothbrushes (lim +3)    1 - ____ ____ mb (lim +1)
1 - U/A ____ device AM/FM/___ (____)   1 - extra ____ (broken)
```

Check the applicable box/option below for the disposition of the confiscated contraband. Forward the original form by the above listed due date to Personal Property. Failure to choose by the listed deadline will result in the property being disposed of in accordance with the Departmental Rule 501 Subpart G, Searches for and Disposition of Contraband.

Check ONE box only:

☐ Mail item(s) out of the Facility. Provide name and address of person to whom the items are to be shipped and attach an Offender Authorization for Payment, DOC 0296, for postage. If you wish to have the items insured, you must note on the form the amount of insurance requested, such as the value of the item(s)

**DESTROYED**

Name: _____ Address: AUG 2 7 2014

City: _____ State: _____ Zip Code: _____

**PONTIAC CORRECTIONAL CENTER**

☐ Have item(s) picked up at the facility. Request must be received in Personal Property 72 hours prior to visit.

Name of Person picking up item(s): _____ Date of pick up: _____

☐ Have item(s) destroyed.

Offender Name: _____ ID #: _____ Date: _____

☐ File a Grievance.

Counselor Name: _____ Date Grievance was filed: _____

Offender Signature: _____

Property not shipped, picked up from the facility, or destroyed within 30 days of notice of confiscation shall be sold, made State loan, given to a charitable organization or destroyed as determined by the Chief Administrative Officer in accordance with the provisions in Department Rule 501C NOTE: If a grievance is noted, possession of the confiscated item should be maintained until a final resolution is determined by the facility ARB. If the item(s) cannot be maintained due to sanitation issues, documentation should be maintained, noting the reason necessitating the item's destruction.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Notice and Course of Action for Excess Personal Property

_____
Facility

Offender Name: _____ ID #: _____ Housing Unit: _NA_

Date of Confiscation: 7-1-14  Due by 8-1-14  Type of Confiscation: ☐ Mail  ☒ Shakedown

The following item(s) exceed the allowable amount of Personal Property: _8-altered magazines (damaged lost)_

9-excess file (limit 6)  11-altered note books (cutting damaged)

57-4x zoot boxes (but altered no devices)  4-misc magazines pg. es (5 ea)

4-altered newspaper files (base)  6-4x note pads (limit this altered there are)

3-altered (4x misc files (but altered damaged))  3-excess note pads (limit 5)

7-excess design files (limit 6)  1-4x misc drawing pads altered

4-excess drawing binders (limit 1)  2-4x cards (with game glued in)

misc sheets - 4/4x not ea (quirt (altered or no device)  6-4x altered foam (not altered

555- excess magazines (limit 6)

Check the applicable box/option below for the disposition of the confiscated contraband. Forward the original form by the above listed due date to Personal Property. Failure to choose by the listed deadline will result in the property being disposed of in accordance with the Departmental Rule 501 Subpart C. Searches for and Disposition of Contraband.

Check ONE box only:

☐ Mail item(s) out of the Facility. Provide name and address of person to whom the items are to be shipped and attach an Offender Authorization for Payment, DOC 0296, for postage. If you wish to have the items insured, you must note on the form the amount of insurance requested, such as the value of the item(s)

Name: _____  Address: **DESTROYED**

City: _____  State: _____  Code: _____

**AUG 2 7 2014**

☐ Have item(s) picked up at the facility. Request must be received in Personal Property 72 hours prior to visit.

**PONTIAC CORRECTIONAL CENTER**

Name of Person picking up item(s): _____  Date of pick up: _____

☐ Have item(s) destroyed:

Offender Name: _____  ID #: _____  Date: _____

☐ File a Grievance.

Counselor Name: _____  Date Grievance was filed: _____

Offender Signature: _____

Property not shipped, picked up from the facility, or destroyed within 30 days of notice of confiscation shall be sold, made State loan, given to a charitable organization or destroyed as determined by the Chief Administrative Officer in accordance with the provisions in Department Rule 501C. NOTE: If a grievance is noted, possession of the confiscated item should be maintained until a final resolution is determined by the Facility/ARB. If the item(s) cannot be maintained due to sanitation issues, documentation should be maintained, noting the reason necessitating the item's destruction.

*Suj Status*       *Ext 26 E/t, Mrk 5*

ILLINOIS DEPARTMENT OF CORRECTIONS

## Notice and Course of Action for Excess Personal Property

_Pontiac_
Facility

Offender Name: _Riley_    ID #: _23369_    Housing Unit: _NA (E)_

Date of Confiscation: _7-1-14_   Due By: _8-1-16_   Type of Confiscation: ☐ Mail ☒ Shakedown

The following items exceed the allowable amount of Personal Property:

| | |
|---|---|
| 11 - altered oreos (Cm, apex~) | 182-4/A photos (excessive Apolity) |
| 2 - altered boxs (in thee 7/4 plum L# prov cut) | 2 - excess photo boxes (lim - 4) |
| 2 - Excess, Legal Mat'als (1 unit 31) | 3 - excess boxes (1 unit 1) |
| 1 - altered (on cd/Dbl to Inc/des compary) | 2 - 4/A pairs of pant (1 set 1) |
| 1 - altered gray Box (Sosn hl/done stk Box 1) | 1 - 4/A pillow in st swim, (no cover) |
| 1 - 4/A tonelet (lim em/ste) | 1 - 4/A 15" x 24" color tv (no altered) (15 11" x 14") |
| 1 - 4/A Eye glass, (no cover) | |
| 7 - 4/A Cards (remem/ste) | |

Check the applicable box/option below for the disposition of the confiscated contraband. Forward the original form by the above listed due date to Personal Property. Failure to choose by the listed deadline will result in the property being disposed of in accordance with the Departmental Rule 501 Subpart C, Searches for and Disposition of Contraband.

Check ONE box only:

☐ Mail item(s) out of the Facility. Provide name and address of person to whom the items are to be shipped and attach an Offender Authorization for Payment, DOC 0296, for postage. If you wish to have the items insured, you must note on the form the amount of insurance requested, such as the value of the item(s)

Name: _____    Address: _____

City: _____    State: _____   **DESTROYED**

☐ Have item(s) picked up at the facility. Request must be received in Personal Property 72 hours prior to visit.   **AUG 2 7 2014**

Name of Person picking up item(s): _____   **PONTIAC CORRECTIONAL CENTER**

☐ Have item(s) destroyed:

Offender Name: _____   ID #: _____   Date: _____

☐ File a Grievance:

Counselor Name: _____   Date Grievance was filed: _____

Offender Signature: _____

Property not shipped, picked up from the facility, or destroyed within 30 days of notice of confiscation shall be sold, made State loan, given to a charitable organization or destroyed as determined by the Chief Administrative Officer in accordance with the provisions in Department Rule 501C. NOTE: If a grievance is noted, possession of the confiscated item should be maintained until a final resolution is determined by the facility/ARB. If the item(s) cannot be maintained due to sanitation issues, documentation should be maintained, noting the reason necessitating the item's destruction.

ILLINOIS DEPARTMENT OF CORRECTIONS

Notice and Course of Action for Excess Personal Property

_____
Facility

Offender Name: _____ ID #: _____ Housing Unit: _____

Date of Confiscation: _____ Type of Confiscation: ☐ Mail  ☒ Shakedown

The following item(s) exceed the allowable amount of Personal Property: _____

1 - _____
1 - _____
1 - _____
1 - _____
1 - _____

Check the applicable box/option below for the disposition of the confiscated contraband. Forward the original form by the above listed due date to Personal Property. Failure to choose by the listed deadline will result in the property being disposed of in accordance with the Departmental Rule 501 Subpart C, Searches for and Disposition of Contraband.

Check ONE box only:

☐ Mail item(s) out of the Facility. Provide name and address of person to whom the items are to be shipped and attach an Offender Authorization for Payment, DOC 0296, for postage. If you wish to have the items insured, you must note on the form the amount of insurance requested, such as the value of the item(s)

Name: _____ Address: _____

City: _____ State: _____ Zip Code: _____

☐ Have item(s) picked up at the facility. Request must be received in Personal Property 72 hours prior to visit.

Name of Person picking up item(s): _____ Date of pick up: _____

☐ Have item(s) destroyed.

Offender Name: _____ ID #: _____ Date: _____

☐ File a Grievance.

Counselor Name: _____ Date Grievance was filed: _____

Offender Signature: _____

Property not shipped, picked up from the facility, or destroyed within 30 days of notice of confiscation shall be sold, made State loan, given to a charitable organization or destroyed is determined by the Chief Administrative Officer in accordance with the provisions in Department Rule 501C NOTE: If a grievance is noted, possession of the confiscated item should be maintained until a final resolution is determined by the facility/ARB. If the item(s) cannot be maintained due to sanitation issues, documentation should be maintained, noting the reason necessitating the item's destruction.

ILLINOIS DEPARTMENT OF CORRECTIONS  E/# 26G — FOOD

## Notice and Course of Action for Excess Personal Property

_____Pontiac_____
Facility

Offender Name: Riley     ID #: B03069     Housing Unit: N/A

Date Of Confiscation: 7-1-14   due 7-31-14    Type of Confiscation: ☐ Mail ☑ Shakedown

The following item(s) exceed the allowable amount of Personal Property: seg status – food not allowed

| | |
|---|---|
| 35 needles | 4 bags beans |
| 14 rice bags | misc tea bags |
| 2 boxes honey buns | 1 pk tortillas |
| partial cupboard candy | 1 box instant grits |
| 1 bag quacli | |
| a partial of coffee | |
| 2 bags of camebla bags | |
| 1 box oatmeal | |

Check the applicable box/option below for the disposition of the confiscated contraband. Forward the original form by the above listed due date to Personal Property. Failure to choose by the listed deadline will result in the property being disposed of in accordance with the Departmental Rule 501 Subpart C. Searches for and Disposition of Contraband.

Check ONE box only:

☐ Mail item(s) out of the Facility. Provide name and address of person to whom the items are to be shipped and attach an Offender Authorization for Payment, DOC 0296, for postage. If you wish to have the items insured, you must note on the form the amount of insurance requested, such as the value of the item(s)

Name: _____ Address: _____

City: _____ State: _____ Zip Code: _____

☐ Have item(s) picked up at the facility. Request must be received in Personal Property 72 hours prior to visit.

Name of Person picking up item(s): _____ Date of pick up: _____

☐ Have item(s) destroyed:

Offender Name: _____ ID #: _____ Date: _____

☐ File a Grievance.

Counselor Name: _____ Date Grievance was filed: _____

Offender Signature: _____

property not shipped, picked up from the Facility, or destroyed within 30 days of notice of confiscation shall be sold, made State loan, given to a charitable organization or Destroyed as determined by the Chief Administrative Officer in accordance with the provisions in Department Rule 501C.
NOTE: If a grievance is noted, possession of the confiscated item should be maintained until a final resolution is determined by the Facility/ARB. If the item(s) cannot be maintained due to sanitation issues, documentation should be maintained, noting the reason necessitating the item's destruction.

ILLINOIS DEPAR~~MENT~~ OF CORRECTIONS

## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

Ex #27

| Grievance Officer's Report | | | | |
|---|---|---|---|---|
| Date Received: 1/23/13 | Date of Review: 2/11/13 | | Grievance # (optional): 2013 | |
| Committed Person: William Riley | | | ID#: B03069 | |

Nature of Grievance: Dietary – Menu Composition

Facts Reviewed: Grievant wants a no soy diet and proper medical treatment.

Counselor Response: Medical/Special Diets are no longer issued. Offenders are educated as to what foods they should consume based on their individual medical needs. The menu composition meets or exceeds the dietary allowances as recommended by the National Academy of Sciences. Stateville follows ADA standards as to the composition of meals. So far, these standards have not been changed. According to Agency Medical Director, current extensive medical literature does not support the claim that Soy diets cause significant medical problems and certainly not at the concentrations it is being served with the IDOC. Medical issues, as always, need to be addressed with the Med Tech.

Recommendation:  Grievance denied.

Anna M. Bee (Print Grievance Officer's Name)  Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | | |
|---|---|---|---|
| Date Received: 2/13/13 | ☑ I concur | ☐ I do not concur | ☐ Remand |

Comments:

Michael Magana (CO) (Chief Administrative Officer's Signature)  2/13/13

| Committed Person's Appeal To The Director |
|---|

If you are dissatisfied with the Chief Administrative Officer's decision, you may appeal in writing to the Director within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a copy of Committed Person's Grievance, including the counselor's response, if applicable, and any pertinent documents.)

Exhibit #1B

XLC16

## ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** 2/19/14  **Date of Review:** 2/24/14  **Grievance #** (optional): 562

**Committed Person: Williams Riley** _____  ID#: B03069

**Nature of Grievance:** DR – 201303461/-STA & DR201303461/2-STA

**Facts Reviewed:** Grievant was issued a DR for 205 on 11/26/13 and was found guilty and received three months each c grade, segregation, commissary restriction and six months of contact visit restriction. He wants the disciplinary report expunged as he claims he was not served within the timeframes set forth by DR504.

Grievance Officer finds that grievant was issued a disciplinary report for investigative status dated 11/7/13; however, he was not served until 11/24/13, which is past the timeframe. Further the disciplinary report 11/26/13 was served on 11/26/13 and then a corrected copy was served on 12/9/13, which is also past the timeframe.

Grievance Officer finds that the charge of 205 is not substantiated. Disciplinary report does not state what unauthorized gang activity took place.

**Recommendation:** Based upon a total review of all available information, it is recommended that the disciplinary report be expunged. There is no justification for any monetary awards.

**Anna McBee, CCII**
Print Grievance Officer's Name

_Anna McBee_
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 4/23/14     ☒ I concur   ☐ I do not concur   ☐ Remand

Comments:
205 is substantiated
however, Time frame violation
on DO ricatt

_signature_  4/23/14

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Without Prejudice UCC 1-308/1-207 ]

_William D. Riley_
Committed Person's Signature

B03069
ID#

3/7/14
Date

Rec'd

Distribution:  Master File; Committed Person          Page 1          DOC0047 (Eff. 10/2001)

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

## Grievance Officer's Report

Date Received: ___ 1/17/14 ___  Date of Review: ___ 5/23/14 ___  Grievance # (optional): 104

Committed Person: William Riley  ID#: B03069

Nature of Grievance: Staff Conduct - Harassment

Facts Reviewed: Grievant complains that he is being harassed. He wants the harassment to cease.

Grievance Officer finds that grievant gives no names of staff in order substantiate his claims of staff harassment.

Offender can be searched at any time for any reason. Offenders do not have a right to assignments. Transfers are not used as retaliation. Offender are given medical care.

Recommendation:  No action.

Anna McBee, CCII

Print Grievance Officer's Name:  Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

Date Received: 5/29/14   ☑ I concur   ☐ I do not concur   ☐ Remand

Comments:

Terry William 48  5/29/14

Chief Administrative Officer's Signature / Date

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.

[-Without Prejudice UCC 1-308/1-207]

William A. Riley   B03069   1/22/14

Committed Person's Signature   ID#   Date



ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**            Ex # 30

| Grievance Officer's Report |
|---|

**Date Received:** August 1, 2014     **Date of Review:** October 7, 2014     **Grievance #** (optional): 061-691

**Offender:** Riley, William     **ID#:** B01706

**Nature of Grievance:** ADA ACCOMMODATION

**Facts Reviewed:** Offender grieves alleged ADA violation by facility.

The ADA Coordinator Assistant Warden Of Programs Mrs. Motteler's response, dated 10/03/14, this Office in receipt of Grievance dated 08/01/14, the Grievance dated 07/14/14. Grievance indicates NO Counselor Response. Emergency Grievance requested and signed by CAO on 07/28/14 indicating an emergency not substantiated.

After review of your ADA Grievance, the following observation has been made:

ISSUED: Place to sit during out of cell time in yard pods - A review of your medical conditions and in consultation with medical staff, indicates you are able to ambulate and walk for 2 hours per day without any medical restrictions or accommodations. Therefore your request is being denied at this time.

This Grievance Officer is in receipt of the ADA Coordinator's review of the Offender. After review and investigation of findings, this Office has documentation made by the ADA Coordinator's findings.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED based on response of Facility ADA Coordinator to the issue. Any other judgement upon the issue that when returned for cause would have no practical effect upon the existing controversy.

S. Simpson        S. L. Simpson '9/14
_____        _____
Print Grievance Officer's Name        Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 10-8-14     ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

Randy Pfister   WAR        10-8-14
_____        _____
Chief Administrative Officer's Signature        Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____
William Riley

_____        2/2/4

ILLINOIS DEPARTMENT OF CORRECTIONS      Ex #31

## Administrative Review Board
### Return of Grievance or Correspondence

Offender: _Riley_ _William_ _B63064_
Last Name    First Name    MI    ID#

Facility: _Pontiac_

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: _6/18/14_    or ☐ Correspondence: Dated: _____
Received: _7/16/14_ Regarding: _Medical - Labial steel door, asthma,_
Date

The attached grievance or correspondence is being returned for the following reasons: _falls, foot issues._

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
     Office of Inmate Issues
     1301 Concordia Court
     Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
     319 E. Madison St., Suite A
     Springfield, IL 62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
     Date

☐ No justification provided for additional consideration.

Other (specify): _All grievances received were_
_returned as outlined. This issue w/o resolution_
_as submitted is forwarded._

Completed by: _Sarah Johnson_     _Sarah Johnson_     _____
    Print Name       Signature       Date

ILLINOIS DEPARTMENT OF CORRECTIONS

### Administrative Review Board
### Return of Grievance or Correspondence

Ex-32

Offender: __Riley__ __William__ __Bu30164__
  Last Name     First Name     MI     ID#

Facility: __Pontiac__

☑ Grievance: Facility Grievance # (if applicable) __562__ Dated: __4/15/14__ or ☐ Correspondence; Dated: _____
Received: __3/12/14__ Regarding: __Wells v(w) IDLS (2013) k__
  Date     __J Bennett experiged - S.T.G.__

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504, therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____

☐ No justification provided for additional consideration.

Other (specify): _____
_____

Completed by: __Sherry Benton__
  Print Name

ILLINOIS DEPARTMENT OF CORRECTIONS

Ex #33

## Administrative Review Board
### Return of Grievance or Correspondence

Offender: Riley William B03069
_____
Last Name ___ First Name ___ MI ___ IDa

Facility: Pontiac

☒ Grievance: Facility Grievance # (if applicable) _____ Dated 3/12/14 or ☐ Correspondence: Dated _____

Received: 8/7/14 Regarding: DR 11/7/13 was expunged & still Held

The attached grievance or correspondence is being returned for the following reasons: in Admin. Detention.

**Additional information required:**

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

**Redirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

**Further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
Date

☐ No justification provided for additional consideration.

Completed by: _____ Sarah Johnson _____

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Ex #34

Offender: _Riley_ _William_ _Babcoy_
          Last Name     First Name      MI    ID#

Facility: _Pontiac_

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: _3/12/14_ or ☐ Correspondence: Dated: _____

Received: _3/21/14_ Regarding: _Judgment on AD state due to DR_
          Date

_11/24/13 being expunged_

The attached grievance or correspondence is being returned for the following reasons:

---

Additional information required:

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

---

Misdirected:

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

---

No further redress:

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____ Date.

☐ No justification provided for additional consideration.

---

Other (specify):
_____
_____

---

Completed by: _Sarah Johnson_ _Sarah Johnson_ _/_
              (Print Name)        (Signature)

ILLINOIS DEPARTMENT OF CORRECTIONS

Administrative Review Board
Return of Grievance or Correspondence

$Ex \neq 35$

Offender: _Ciley_ _William_ _B03069_
Last Name / First Name / ID / IDOC

Facility: _Pontiac_

☑ Grievance: Facility Grievance # (if applicable) _____ Dated: _1/29/14_ or ☐ Correspondence: Dated: _____

Received: _5/01/14_ Regarding: _Being labeled a gang leader_

The attached grievance or correspondence is being returned for the following reasons: _on February 2014_

Additional information required:

☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide dates of disciplinary reports and facility where incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

Misdirected:

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

No further redress:

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____ Date

☐ No justification provided for additional consideration.

Other (specify): _____

Completed by: _Sarah Johnson_  _Sarah Johnson_
Print Name / Signature

STATE OF ILLINOIS

COUNTY OF _Will_

## AFFIDAVIT

I, _William D. Riley EL_ being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

On the date of February 18, 2014 I, William D. Riley EL asked Major McGarvey #543 K3-13 what Illinois Administrative Code authorized the Phase process for Administrative Detention. Major McGarvey #543 K3-13 stated that there was no Illinois Administrative Code that authorized the Phase process under 504 (c)(0) Administrative Detention. Major McGarvey #543 K3-13 also stated that the Illinois Administrative Code for the phase process was suppose to be done in December, 2013, but it didn't happen and that she and other prison officials are waiting for it in the near future.

[Without Prejudice UCC1-308/.-207]

_William D. Riley_
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS ___ DAY _____, 20___

_____
NOTARY PUBLIC

Ex #37

Affidavit

I, Brian Dugan, being first duly sworn upon oath, STATE
THAT I have personal knowledge of the facts set forth herein,
THAT I AM Competent To Testify And if called To Testify I would
STATE AS Follows:

1. On February 18th, 2014, I overheard Major McGarvey
conversing with Mr. WILLIAM Riley-EL As follows:

- Major McGarvey said, "I'm going to give it to you in the
RAUS. UNTIL A federal judge orders us"

At this point the Major raised her Arm, then lowered
it like a judge banging A gavel

"you won't be finding out the reasons you're back
here" (i.e. Administrative Detention) "or getting a hear-
ing any time Soon. THOSE reasons ARE IN your master
Files And at the administration's discretion.   I
personally recommended many of you For release,
Suggested hearings and notice of the reasons for your
detention. The Powers THAT be, far above me"

At this point the major pointed at the ceiling

"overruled me."

THE major continued

"AS FAR AS I know, And I checked, There isn't any-
Thing IN THE Administrative Code Authorizing The
Phase program"

2. I have read The foregoing and affirm the facts
CONTAINED IN THIS AFFIDAVIT Are True And Correct To THE
best of my personal knowledge And belief.

Affiant further sayeth naught.

Signed under penalty of perjury. Affiant: _____

Signed And Sworn To
before me this  20
day of February, 2014

_____  _____

Brian Dugan
A06663
Thorn.............
16650 S. Rout..........
P.O. Box 112
Joliet Hill, Illin...
............ 311

Ex #33

STATE OF ILLINOIS )
) SS
COUNTY OF __Will__ )

## AFFIDAVIT

I, __William D. Riley EL__ being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

On the date of Febuary 23, 2014 I, William D. Riley El talked to Warden Hagana pertaining to the arbitrary actions of his staff by way of a investigative report that was served upon affiant 17 days beyond the observation date, but the 20 Illinois Administrative Code, Chapter I, Section 504.30 (f) states "In no event shall a disciplinary report or investigation report be served upon an adult offender more than 8 days.... after the commission of an offence or the discovery there of unless the offender is unavailable or unable to participate in the proceedings. Warden Hagana made an excuse for his staff by stating "It's 8 days from the observation of an offence". Which is clearly not what the 20 Illinois Administrative Code states. Warden Hagana is conspiring with his staff to violate my civil rights

Without Prejudice ucc 1-30/1-317
William D. Riley El
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS __ DAY __ 20__

NOTARY PUBLIC



Ex #59

STATE OF ILLINOIS )
) SS
COUNTY OF __Will__ )

## AFFIDAVIT

I, __William D. Riley EL__ being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

On the date of 3/11/14 I, William D. Riley EL asked Major McGarvey #543 what was the results of my Phase II Committe review, Major McGarvey #543 stated we (the entire committee) voted to keep you in Phase I, because you were segregation and you haven't felt the full effect of Phase I. Affiant stated to Major McGarvey #543 that I Affiant beat the disciplinary infraction and the Grievance Officer stated that the 205 charge was not substantiated and does not state what unauthorized gang activity took place. Affiant then stated to Major McGarvey #543 so now its personal since I beat the ticket used to put me in Administrative Detention. Major McGarvey then stated with a smirk "No it's not personal". We (the entire committee) voted against you going to Phase II and now its up to the Warden. (Hogans)

_____

_____

Without Prejudice UCC 1 - 308/1-207]

William D. Riley EL
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS __12__ DAY __ Feb. __, 20 14

_____
Notary Public

OFFICIAL SEAL
FINEER N. BUTLER-WINTERS
Notary Public - State of Illinois
My Commission Expires Feb 28, 2015

Ex #40

## AFFIDAVIT

I, William D. Riley EL being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

On or about the date of March 24, 2014 the water was turned off at approximately 7:30am while grievant was still asleep because the toilets were backing up and over flowing in another part of the building in X-House, so there wasn't any water, nor could grievant use the washroom without having to sit in his cell and smell the human waste (i.e. defecation, urination) that other inmates had already done in their cells on lower center. Grievant/Affiant was served his lunch tray in these conditions with an 8oz milk, which was the only liquid provided to grievant for the whole eight hours shift. Affiant asked Sgt. Prado for something to drink, Sgt. Prado stated "there wasn't anything to drink". Affiant questioned Sgt. Prado as to the facts of the matter, whether the water was cut off in the whole institution or just X-House. Sgt. Prado stated that "X-House, B House and up front water was cut off". The purpose of the questions was to clarify why staff wasn't passing out water, because grievant has been in this type of situation before and staff had no problem passing out water under these circumstances. The X-House staff had water delivered so that the inmate cell-house workers could mop the over flowed water from the toilets that was filled with human waste and faeces, but refused to give the inmates stuck in their cells on lower center anything to drink on the 7 to 3 shift. At approximately 3:30 the toilets on lower center overflow (with the

(53)

Ex # 40A

PAGE 2

human waste and flooded the cells and wing with defecation and urination. Every cell on lower center was flooded with this human waste and urine and all other inmates on said wing were trapped in their cells and forced to clean said human waste without any protection (i.e. mask or biohazard suit). Affiant was subjected to raw sewage for hours at a time, because as soon as affiant cleaned his cell and ate dinner under these conditions of smelling the fumes from the human waste, at approximately 8:15 pm the toilets overflowed and flooded the cells and wing again and affiant was once again trapped in a cell full of human waste without any protection. Affiant and all the inmates on lower center were never given the opportunity to use the washroom like the other inmates in this building of x-house. We were forced to sit in these cells and suffer through the whole ordeal. The staff on 3 to 11 shift moved (5) five inmates with (9) nine officers to an area where they could use the washroom, but refused to provided the inmates on lower center with that opportunity. Affiant was stuck in his cell for more than 24 hrs without drinking water because affiant went to sleep at 10 o'clock the night before and didn't get up fully until 7:30 - 8:00 am the next morning where the water was already cut off. Major Schuer of the 3-11 shift personally found affiant on lower center while the wing was flooded with human waste.

---

Without Prejudice UCC 1-207/1-2077

William D. Player

AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS ___ DAY _____ 20__

_____
NOTARY PUBLIC

OFFICIAL SEAL
TAMEER N. BUTLER WINTERS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 03/11/2018

STATEVILLE CORRECTIONAL CENTER

FROM THE DESK OF..................

A. HALL    Ex #41

CORRECTIONAL COUNSELOR

DATE: 3/7/14
TO: Riley B03069
SUBJECT: Grievance

you need to provide a
copy of the below highlighted
document(s) in order for your
Grievance dated 2/21/14 & 3/1/14 to be
processed

Disciplinary & Investigative report
Shakedown Slip

Contracts or receipts to
confirm ownership

property receipts or
property inventory Records
previous to the date in
question

Ex#42

Illinois Department of Corrections

Notice of Administrative Detention Placement Review

This document shall serve as notice of your upcoming review for placement in Administrative Detention by the Administrative Detention Review Committee.

| William Riley | B03069 | Stateville C.C. |
|---|---|---|
| Offender Name | ID # | Facility |

**Review Type:**

☐ Initial Review (Opportunity to be present)

☒ Follow-up Review:  ☐ Opportunity to be present

☒ File Review

**Review Date:** Your Administrative Detention Placement Review will take place on 6/10/14 .

This review will be for: ☐ Initial Placement in Administrative Detention; ☒ Continued Placement; ☐ Transfer from Disciplinary Segregation.

**Notice of Administration Detention Placement Rationale:** In order to prepare you for your Administrative Detention placement review, you are advised that the Department's rationale for your prospective or continued placement in Administrative Detention is based upon the following reason(s):

Identified as an active affiliate of the Gangster Disciples STG and the Institutional Coordinator for the Gangster Disciples STG at Stateville C. C. .

Copies of the following identified documents relied upon by Department administrators that may subject you to Administrative Detention Placement, or continued placement, are attached to the Notice; however, portions may have been redacted based upon a finding that disclosure would compromise security or safety:

IDR issued on 11/26/13

**Description and Purpose of the Review:** Pursuant to Administrative Directive 05.12.101, offenders shall be afforded: initial Administrative Detention (AD) placement reviews, 90-day reviews of their on-going AD placement, and a placement review if the offender may be subject to AD placement prior to the end of an offender's disciplinary segregation status. Once placed in AD status, every offender will be subject to a 90-day review by the Administrative Detention Review Committee (Committee). You may appear personally in front of the Committee at their initial AD placement review and every 180 days thereafter, if applicable. If your upcoming review affords you the opportunity to personally appear, the type of review will be marked at the top of the form: 'Opportunity to be present'.

In practice, this means that once an offender is afforded the opportunity to personally appear at the Committee placement review, and if their placement in AD is continued, he or she will receive another file review (not in-person) by the Committee in 90 days. If placement in AD is continued at the time of the file

Exr-42A

review, the offender will be afforded the opportunity to again personally appear at the next 90 day review. This sequence of 90-day reviews will continue as long as the offender is determined to be appropriately placed in AD status. Administrative detention offenders who have received this notice of Committee placement review may submit written statements and documents two days in advance of the review. If the notice is for the opportunity for an in-person review, the offender may also present written statements and documents to the committee two days in advance of the review, in addition to the opportunity to personally appear to provide oral statements.

At the time of your review, the Committee will examine if your placement in AD and your current Phase is appropriate and within the guidelines and considerations in Administrative Directive 05.12.101. Upon conclusion of the review, the Committee will prepare a written report and recommendation concerning the review of your status to the Warden of your facility. The Warden and/or Deputy Director will then approve or disapprove the Committee's recommendations and render a decision on your future placement and Phase status. You will be informed in writing of the decision within 30 days of the Committee review date.

I certify that I have received the attached Notice of Administrative Detention Placement Review on this date.

Emstmt Projudice UCC 1-308/1-207 ]

__Will D. Rly El_____     __12/3/14__
      Offender Signature                        Date

---

This section is only for offenders who are afforded the right to attend the review in-person at the top of this form and wish to waive their right to attend in-person at their review date.

"I hereby acknowledge my right to personally attend the in-person review and knowingly and voluntarily waive my right to appear. I understand that I will be allowed to submit written statements and documents to the Committee for consideration two days prior to the review date but choose not to have the opportunity to personally attend and provide oral statements."

_____     _____
      Offender Signature                        Date

---

☐ Offender refused to sign receipt

__T. She_____     _____     __6/3/14__
   Serving Staff Printed Name          Serving Staff Signature           Date

Date Delivered:  __6/3/14__

Time Delivered:  __752__   ☒ AM ☐ PM

Illinois Department of Corrections

Notice of Administrative Detention Placement Review

This document shall serve as notice of your upcoming review for placement in Administrative Detention by the Administrative Detention Review Committee.

| Riley, William | B03069 | Pontiac |
|---|---|---|
| Offender Name | ID # | Facility |

**Review Type:**

☐ Initial Review (Opportunity to be present)

☒ Follow-up Review:  ☒ Opportunity to be present

　　　　　　　　　　☐ File Review

**Review Date:** Your Administrative Detention Placement Review will take place on **6/25/15** .

This review will be for: ☐ Initial Placement in Administrative Detention; ☒ Continued Placement; ☒ Transfer from Disciplinary Segregation.

**Notice of Administration Detention Placement Rationale:** In order to prepare you for your Administrative Detention placement review, you are advised that the Department's rationale for your prospective or continued placement in Administrative Detention is based upon the following reason(s):

RILEY, WILLIAM B03069 is being considered for placement in Administrative Detention, as an attempt to minimize RILEY'S influence over the general population. RILEY is a self-admitted GANGSTER DISCIPLE member, and has been identified as holding various leadership positions for the STG over his incarceration.

Copies of the following identified documents relied upon by Department administrators that may subject you to Administrative Detention Placement, or continued placement, are attached to the Notice; however, portions may have been redacted based upon a finding that disclosure would compromise security or safety:

**Description and Purpose of the Review:** Pursuant to Administrative Directive 05.12.101, offenders shall be afforded: initial Administrative Detention (AD) placement reviews, 90-day reviews of their on-going AD placement, and a placement review if the offender may be subject to AD placement prior to the end of an offender's disciplinary segregation status. Once placed in AD status, every offender will be subject to a 90-day review by the Administrative Detention Review Committee (Committee). You may appear personally in front of the Committee at their initial AD placement review and every 180 days thereafter, if applicable. If your upcoming review affords you the opportunity to personally appear, the type of review will be marked at the top of the form: "Opportunity to be present".

In practice, this means that once an offender is afforded the opportunity to personally appear at the Committee placement review, and if their placement in AD is continued, he or she will receive another file review (not in-person) by the Committee in 90 days. If placement in AD is continued at the time of the file

Printed on Recycled Paper

DOC 0432 (Eff. 5/2011)

Page 1

review, the offender will be afforded the opportunity to again personally appear at the next 90 day review. This sequence of 90-day reviews will continue as long as the offender is determined to be appropriately placed in AD status. Administrative detention offenders who have received this notice of Committee placement review may submit written statements and documents two days in advance of the review. If the notice is for the opportunity for an in-person review, the offender may also present written statements and documents to the committee two days in advance of the review, in addition to the opportunity to personally appear to provide oral statements.

At the time of your review, the Committee will examine if your placement in AD and your current Phase is appropriate and within the guidelines and considerations in Administrative Directive 05.12.101. Upon conclusion of the review, the Committee will prepare a written report and recommendation concerning the review of your status to the Warden of your facility. The Warden and/or Deputy Director will then approve or disapprove the Committee's recommendations and render a decision on your future placement and Phase status. You will be informed in writing of the decision within 30 days of the Committee review date.

**I certify that I have received the attached Notice of Administrative Detention Placement Review on this date.**

[Without Prejudice UCC 1-308/1-207]

William D. Riley El

_____
Offender Signature

6/19/15
_____
Date

---

This section is only for offenders who are afforded the right to attend the review in-person at the top of this form and wish to waive their right to attend in-person at their review date:

"I hereby acknowledge my right to personally attend the in-person review and knowingly and voluntarily waive my right to appear. I understand that I will be allowed to submit written statements and documents to the Committee for consideration two days prior to the review date but choose not to have the opportunity to personally attend and provide oral statements."

_____
Offender Signature

_____
Date

---

☐ Offender refused to sign receipt

_____
Serving Staff Printed Name

_____
Serving Staff Signature

_____
Title

Date Delivered: _____

Time Delivered: _____ ☐ AM ☐ PM

Ex# 43

**Illinois
Department of
Corrections**

PAT QUINN
Governor

S.A. GODINEZ
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Riley, William_      Date: _12/5/14_

Register # _B03069_

Facility: _Pontiac_

This is in response to your grievance received on _7/16/14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _6/15/14_   Grievance Number: _____   Griev Loc: _Stateville_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____
  Incident # _____
- ⊗ Other _Change in date of A.D._

Based on a review of all available information, this office has determined your grievance to be: _healing._

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____
- ⊗ Denied, in accordance with DR504F, this is an administrative decision.
- ○ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO or _____ was reviewed in accordance with transfer procedures and is an administrative decision.
- ○ In addition, property items are to be disposed of in accordance with DR501C.

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.30 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.
- ○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

⊗ Other _offender was notified of the change + does not substantiate claim of harassment._

FOR THE BOARD: _Sarah Johnson_      CONCURRED: _S.A.O. Godinez_
Sarah Johnson                                    S.A.O. Godinez
Administrative Review Board                       Director

cc: Warden, _Pontiac_ Correctional Center, _William Riley_ Register No.: _B03069_

Ex. #44



# Illinois
## Department of
## Corrections

PAT QUINN
Governor

S.A. GODINEZ
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Riley, William_  Date: _12-26-14_

Register # _B03069_

Facility: _Pontiac_

This is in response to your grievance received on _8-21-14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _7-8-14_ Grievance Number: _____ Griev Loc: _C14_

○ Transfer denied by the Facility or Transfer Coordinator

○ Dietary _____

○ Personal Property _____

○ Mailroom/Publications _____

○ Assignment (job, cell) _____

○ Commissary _____

○ Trust Fund _____

○ Conditions (cell conditions, cleaning supplies)

◉ Disciplinary Report dated _10-13-14_
Incident # _201401777_

○ Other _____

Based on a review of all available information, this office has determined your grievance to be:

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____

○ Denied, in accordance with DR504F, this is an administrative decision.

○ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ In addition, property items are to be disposed of in accordance with DR501C.

○ Other: _____

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

◉ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

○ Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

FOR THE BOARD: _____
Terri Anderson
Administrative Review Board

CONCURRED: _S.A. Godinez_
S.A. Godinez
Director

cc: Warden _____
Correctional Center
Register No. _B03069_

Ex # 45

To: Adjustment Committee                                    12/10/13
From: William D. Riley EL
      B03069


I'm requesting that the "Disciplinary Report" be thrown
out/dismissed, and expunged from my record, because it
is beyond the 14 days to hear the ticket. IN the EVENT
that you try and hear the ticket before 8:55 AM on the
10TH of December, is also a violation of Section 504.80 b where
I'm entitled to receive written notice of the facts, and charges being
presented against me no less than 24 hours prior to the Adjustment
Committee hearing. On 12/9/13 at 11:15 PM I, William D. Riley EL
received a corrected copy of the same ticket that was rewritten.
All of which was to be done within the 14 day time frame. The
ticket is no good, And the time frame for holding me in temporary
confinement has run its course, I'm asking to be released from
confinement immediately, in accordance with 504.50 K3. If none of the
above is correct Offender request a lie detector test for his self and all
confidential sources to prove Offender innocence.
Offender further saith not

ILLINOIS DEPARTMENT OF CORRECTIONS

Ex.#46

**Offender Disciplinary Report**

| Type of Report: | Stateville C C | Date: 11/7/13 |
| --- | --- | --- |
| ☐ Disciplinary  ☒ Investigative | Facility | |

Offender Name: Riley, William — ID #: B03069

**Offense Information:**

Observation Date: 11/7/13 — Approximate Time: 900 — ☒ a.m. ☐ p.m. — Location: STA Unit C

Offense(s): DR 504: 610; Investigative Status

**Observation:** On the above date and approx. time inmate Riley, William B03069 was placed under investigative status by this Reporting Investigator. EOR--------------------------------

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses

| J. Shaw | #9853 | Shaw | 11/7/13 | 7-21 | ☐ a.m. ☐ p.m. |
| --- | --- | --- | --- | --- | --- |
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

Shift Review: ☐ Temporary Confinement  ☐ Investigative Status  Reasons: _____

| Alan K. Lackey | | |
| --- | --- | --- |
| Printed Name and Badge # | Shift Supervisor's Signature  (For Transition Centers, Chief Administrative Officer) | 10-21-13 Date |

Reviewing Officer's Decision: ☒ Confinement reviewed by Reviewing Officer  Comment: _____

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

| ____ Grant  543 | | 11/14/13 |
| --- | --- | --- |
| Print Reviewing Officer's Name and Badge # | Reviewing Officer's Signature | Date |

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

| | | |
| --- | --- | --- |
| Print Hearing Investigator's Name and Badge # | Hearing Investigator's Signature | Date |

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

| | Offender's Signature | | ID# |
| --- | --- | --- | --- |

| Serving Employee (Print Name) | | Badge # | Signature | ☐ a.m. ☐ p.m. |
| --- | --- | --- | --- | --- |
| | Date Served | | Time Served | |

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

| | |
| --- | --- |
| Offender's Signature | ID# |

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

| Date of Disciplinary Report | Print offender's name | ID# |
| --- | --- | --- |

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Illinois Department of Corrections
Offender Disciplinary Report

Date: 11/08/13

Type of Report:
☐ Disciplinary    ☑ Investigative

Facility

Offender Name: RILEY, WILLIAM                ID #: _____

Observation Date: 11/26/13    Approximate Time: 4:55    Location: Investigation Unit

Offense(s): 205.504    205: SECURITY THREAT GROUP OR UNAUTHORIZED ORGANIZATIONAL ACTIVITY

Observation: NOTE: Each offense identified above must be substantiated. This Disciplinary Report replaces the Investigative Report issued to RILEY, WILLIAM 70069 on 10/7/13. RILEY was placed on Investigative Status due to Security Threat Group (STG) Activity.

According to the Offender Tracking System (OTS) RILEY is a member of the Gangster Disciple (GD) STG and has the following tattoos which are indicative of being affiliated with the GD-STG. A fork on his left arm, crossed pitchforks with GD stay on his right arm, and a 3 count 6 on his chest. There have been numerous confidential sources (CS) that have indicated RILEY of being an active member of the GD-STG as well as holding a leadership position.

A letter was intercepted on 11/7/13, on CS _____ whose name is being withheld for confidential and security purposes, which identified RILEY by his nickname "Big Will" as reflected in OTS as being an active GD-STG member with current knowledge of inmates who are occupying Leadership positions within the GD-STG organization.

Witness(es):

☐ Check if Offender Disciplinary Continuation Page DOC-201-A is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |
|---|---|---|---|---|

## Disciplinary Action:

Shift Review: ☐ Temporary Confinement    ☐ Investigative Status    Reasons: _____

| Printed Name and Badge # | Shift Supervisor's Signature (For Transition Center, Adult Administrative Officer) | Date |
|---|---|---|

Reviewing Officer's Decision: ☐ Confinement reviewed by Reviewing Officer    Comment: _____

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee.

☐ Minor Infraction, submitted to Program Unit.

| P. Thomas 14672 | | 12/4/13 |
|---|---|---|
| Print Reviewing Officer's Name and Badge # | Reviewing Officer's Signature | Date |

☑ Hearing Investigator's Review Required (Adult Corrections Facility Major Reports Only)

| Miller/Walker 2332 | | 12-5-13 |
|---|---|---|
| Print Hearing Investigator's Name and Badge # | Hearing Investigator's Signature | Date |

### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be interviewed along when you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space in this form, signing it, and returning it to the Adjustment Committee. You may need staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

| Miller/McLee | Offender's Signature | ID # |
|---|---|---|
| Serving Employee (Print Name) | 2332 Badge # | Signature |

12-5-13    1:05
Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature _____    ID # _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

| Date of Disciplinary Report | Name of Offender | ID # |
|---|---|---|

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above matter.

| Print Name of Witness | Badge # (if an Officer) | Expected Testimony | Date Signed |
|---|---|---|---|

14

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

EX 474

| Type of Report: | | |
|---|---|---|
| ☑ Disciplinary | Investigative | |

Stateville C.C.
Facility

Date: 11/26/13

Offender Name: RILEY, WILLIAM

ID #: B03069

Observation Date: 11/26/13   Approximate Time: 2:55   ☑ a.m. p.m.   Location: Investigations Unit

Offense(s): DR 504: __205: SECURITY THREAT GROUP OR UNAUTHORIZED ORGANIZATIONAL ACTIVITY__

Observation: (NOTE: Each offense identified above must be substantiated.) This Disciplinary Report replaces the Investigative Report issued to RILEY, WILLIAM B03069 on 11/7/13. RILEY was placed in investigative Status due to Security Threat Group (STG) Activity.

According to the Offender Tracking System (OTS) RILEY is a member of the Gangster Disciple (GD) STG and has the following tattoos which are indicative of being affiliated with the GD-STG. A Fork on his left arm, crossed pitchforks with the GD star on his right arm, and a 6 point star on his chest. There have been numerous confidential sources (CS) that have indicated RILEY or being a member of the GD-STG as well as holding a leadership position.

A letter was found on 11/7/13, an CS 1 whose name is being withheld for confidential and security purposes, which mentioned RILEY as being a GD-STG member.

CS 2 stated Riley was the new IC (Institutional Coordinator). According to GD-STG literature an IC is the high ranking leader in charge of the institution. (Same information in second packet)

Witness(es): ____

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| I. Bennett | 4372 | | 11/26/13 | 9:15 | ☑ a.m. p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

## Disciplinary Action:

Shift Review: ☐ Temporary Confinement   ☐ Investigative Status   Reasons: ____

Printed Name and Badge # ____

Shift Supervisor's Signature ____   Date ____
(For Transition Centers, Chief Administrative Officer)

Reviewing Officer's Decision: ☐ Confinement reviewed by Reviewing Officer   Comment: ____

☐ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Print Reviewing Officer's Name and Badge # ____

Reviewing Officer's Signature ____   Date ____

☐ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge # ____

Hearing Investigator's Signature ____   Date ____

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature ____   ID# ____

Serving Employee (Print Name) ____   Badge # ____   Signature ____

Date Served ____   Time Served ____   ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature ____   ID# ____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report ____   Print offender's name ____   ID# ____

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| Witness can testify to: | | | |

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| Witness can testify to: | | | |

Ex. 47B

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Disciplinary Continuation Page

State File O.C.

Facility

☒ Disciplinary Report ☐ Investigative Report ☐ Disciplinary Summary ☐ Adjustment Committee Summary

Report/Incident Date: 11/26/13                     Incident # (if applicable):

**Offender Information:**

Offender Name: RILEY, WILLIAM _____ ID # B03069 _____

Use the space below to provide any additional information.

CS 2 stated Riley is the new IC (Institutional Coordinator). According to GD-STG literature an IC is the high ranking leader in charge of the institution. (Same information in Second ticket)

CS 1 identified RILEY as being the current IC for the GD-STG. (Same information in Second ticket)

CS 4 stated RILEY has the rank as the IC for the GD-STG at Stateville. CS 4 stated RILEY is the IC (Institutional Coordinator) for the GD-STG, due to RILEY being the only one left to take the position after other GD-STG members were shipped out. CS 4 stated a lot of guys who are GD-STG members always go to RILEY to talk with him. (Same information in Second ticket)

CS 5 stated he had read an informational kite (letter) that stated "how morale was low, communication was down and imposters amongst us". CS 5 stated the kite was authored by RILEY.

CS 6 stated whatever leadership rank RILEY had before he was shipped, will still be in play now that RILEY was sent back to Stateville. (Same information in Second ticket)

The Gangster Disciples – STG is an organization that has not been approved to function within I.D.O.C pursuant to 20 Ill. Adm. Code 445 and 430.

RILEY is in violation of DR 504: 205 (Security Threat Group or Unauthorized Organizational Activity) by engaging in unauthorized GD-STG activity and holding a STG leadership position within an unauthorized organization (STG) while incarcerated in I.D.O.C.

The names and identities of the confidential sources are being withheld for the safety and security of the facility as well as the individuals involved. The confidential sources and informants have been deemed credible due to their corroborated statements given during this investigation.

RILEY was positively identified via Institutional Graphics. End of Report.

CORRECTED COPY EX #8  YL-214

Illinois Department of Corrections
**Offender Disciplinary Report**

Type of Report:
☐ Disciplinary   ☐ Investigative

Pontiac C.C.
Facility

Date: 11/29/13

Offender Name: RILEY, WILLIAM

ID #: B01509

Observation Date: 11/29/13   Approximate Time: 8:15   ☐ a.m. ☑ p.m.   Location: Investigations Unit

Offense(s): GB 504:   205: SECURITY THREAT GROUP OR UNAUTHORIZED ORGANIZATIONAL ACTIVITY

**Observation:** (NOTE: Each offense identified above must be substantiated.) This Disciplinary Report replaces the Investigative Report issued to RILEY, WILLIAM B01509 on 11/7/13. RILEY was placed in Investigative Status due to Security Threat Group (STG) Activity.

According to the Offender Tracking System (OTS) RILEY is a member of the Gangster Disciple (GD) STG and has the following tattoos which are indicative of being affiliated with the GD STG. A fork on his left arm, crossed pitchforks with the GD tag on his right arm, and a 6 point star on his chest. There have been numerous confidential sources (CS) that have indicated RILEY of being an active member of the GD STG as well as holding a leadership position.

A letter was intercepted on 11/7/13, on CS 1 whose name is being withheld for confidential and security purposes, which identified RILEY by his nickname "Big Will" as a ranking GD STG member with current knowledge of inmates who are occupying leadership positions within the GD STG organization.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0317 is attached to describe additional facts, observations or witnesses.

| J. Leonard | 4752 | | 11/29/13 | ☐ a.m. ☑ p.m. |
|Reporting Employee (Print Name)|Badge #|Signature|Date|Time|

**Disciplinary Action:**

Shift Review: ☐ Temporary Confinement   ☐ Investigative Status   Reasons:

Printed Name and Badge #    Shift Supervisor's Signature (For Transfer Centers, Local Administrative Officer)   Date

Reviewing Officer's Decision: ☐ Confinement reviewed by Reviewing Officer   Comment:

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee.
☐ Minor Infraction, submitted to Program Unit

| P. Rios   M87L | 4752? | | 12/4/13 |
|Print Reviewing Officer's Name and Badge #| |Reviewing Officer's Signature|Date|

☑ Hearing Investigator's Review Required (Adult Correctional Facility, Major Reports Only)

| C. Mayer   2752 | | | 12-3-13 |
|Print Hearing Investigator's Name and Badge #| |Hearing Investigator's Signature|Date|

Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement of explanation concerning the charges. You may present relevant physical material such as records or documents.

Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

| C. Mayer | 2752 | | | |
|Serving Employee (Print Name)|Badge #|Signature| | |

| 12-3-13 | | 1/15   p.m. |
|Date Served| |Time Served|

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature    Date

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

Type of Disciplinary Report    Printed Offender's Name    ID #

I am requesting that the Adjustment Committee or Program Sub Unit contact the following witnesses regarding the Disciplinary Report. (Only specify relevant witnesses)

| Witness Name (Print) | Witness Badge # | Offender ID (if offender) | Cell Number |

Offender's Signature

47

COMPLETED COPY EXHIBIT A

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Disciplinary Continuation Page

Stateville C.C.
Facility

☒ Disciplinary Report  ☐ Investigative Report  ☐ Disciplinary Summary  ☐ Adjustment Committee Summary

Report/Incident Date: 11/26/13 _____  Incident # (if applicable): _____

**Offender Information:**

Offender Name: RILEY, WILLIAM _____  ID # B03069 _____

Use the space below to provide any additional information.

CS 2 stated Riley is the new IC (Institutional Coordinator). According to GD-STG literature, an IC is the high ranking leader in charge of the institution.

CS 3 identified RILEY as being the current IC for the GD-STG.

CS 4 stated RILEY has the power, is the IC for the GD-STG at Stateville. CS 4 stated RILEY as the IC (Institutional Coordinator) for the GD-STG, due to RILEY being the only one left to take the position, after other GD-STG members were shipped out. CS 4 stated a lot of guys who are GD-STG members/affiliates go to RILEY to talk with him.

CS 5 stated he had read an informational type letter that stated "how morale was low, communication was down and imposters, among us" CS 5 stated the letter was authored by RILEY.

CS 6 stated whatever leadership rank RILEY had before he was shipped, will put him in charge once they RILEY was sent back to Stateville.

(The Gangster Disciples - STG is an organization that has not been approved to function within I.D.O.C. pursuant to 20 Ill. Adm. Code 445, and 450.

RILEY is in violation of DR 501, 205 (Security Threat Group or Unauthorized Organizational Activity) by engaging in unauthorized GD-STG activity, and holding a STG leadership position within an unauthorized organization (STG), while incarcerated in I.D.O.C.

The names and identities of the confidential sources are being withheld for the safety and security of the facility as well as the individuals involved. The confidential sources and documents have been replaced to protect their own personal statements given during this investigation.

RILEY, was positively identified via Institutional Graphics, Book-R Report.

_____

54

STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

ADJUSTMENT COMMITTEE

FINAL SUMMARY REPORT    Ex #49

Name: RILEY, WILLIAM                    IDOC Number: B03069                    Race: BLK

Hearing Date/Time: 12/10/2013  02:00 PM          Living Unit: STA-X-LC-16          Orientation Status: N/A

Incident Number: 201303461/1 - STA              Status: Final

Inmate signed waiver agreeing to hearing date less than 24 hrs. after ticket was served

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 11/26/2013 | 201303461/1-STA | BENNETT, JUNETTE R | INTERNAL AFFAIRS | 08:55 AM |
| 11/26/2013 | 201303461/2-STA | BENNETT, JUNETTE R | INTERNAL AFFAIRS | 08:55 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 205 | Gang Or Unauthorized Organization Activity | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

No Witness Requested

## RECORD OF PROCEEDINGS

Inmate Riley B03069 present, Disciplinary Report read. Riley B03069 gave the Adjustment Committee a written statement.

## BASIS FOR DECISION

Reporting I/A Officer J. Bennett reports a letter was found on 11/7/2013, CS1 (Confidential Source) whose name is being withheld for confidential and security purposes, which mention Riley B03069 as being a Gangster Disciple STG (Security Threat Group) member.

CS 2 stated Riley B03069 was the new IC (Institutional Coordinator). According to Gangster Disciple literature an IC is the high ranking leader in charge of the institution.

CS 3 Identified Riley B03069 as being the current IC for the Gangster Disciples STG.

CS 4 stated Riley B03069 had the joint as the IC for the Gangster Disciples STG at Stateville C.C. CS 4 stated Riley B03069 was the IC (Institutional Coordinator) for the Gangster Disciples STG, due to Riley B03069 being the only one left to take the position after other Gangster Disciples STG members were shipped out. CI 4 stated a lot of guys who are Gangster Disciples STG members always go to Riley B03069 to talk with him.

CS 5 Stated he had read an informational kite (letter) that stated "morale was low, communication was down and imposters amongst us" CI 5 stated the kite was authored by Riley B03069.

CS 6 stated whatever leadership rank Riley B03069 had before he was shipped, will still be in play now that Riley B03069 was sent back to Stateville C.C.

The Gangster Disciples STG is an organization that has not been approved to function within I.D.O.C pursuant to 20Ill. Adm. Code 445 and 450.

Riley B03069 is in violation of DR 504a 250 (Security Threat Group or Unauthorized Organizational Activity) by engaging in unauthorized Gangster Disciple STG activity and holding a STG (Security Threat Group) Leadership position within an unauthorized organization (STG) while incarcerated in I.D.O.C.

The Adjustment Committee is satisfied that Riley B03069 did in fact violate the charge cited.

## DISCIPLINARY ACTION   (Consecutive to any priors)

| RECOMMENDED | FINAL |
|-------------|-------|
| 3 Months C Grade | 3 Months C Grade |
| 3 Months Segregation | 3 Months Segregation |
| 3 Months Commissary Restriction | 3 Months Commissary Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| Basis for Discipline:Nature of Offense | |

## Signatures

Hearing Committee

WRIGHT, CLARENCE D  - Chair Person

|  | 12/13/13 | BLK |
|--|----------|-----|
| Signature | Date | Race |

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS
ADJUSTMENT COMMITTEE
FINAL SUMMARY REPORT

Ex.# 49A

**Name:** RILEY, WILLIAM

**Hearing Date/Time:** 12/10/2013  02:00 PM

**Incident Number:** 201300461/1 - STA

**IDOC Number:** B03069

**Living Unit:** STA-X-LC-16

**Status:** Final

**Race:** BLK

**Orientation Status:** N/A

## Signatures

### Hearing Committee

| | | | |
|---|---|---|---|
| WORKMAN, AMI J | | 12/10/13 | IND |
| | Signature | Date | Race |

Recommended Action Approved

Final Comments: N/A

| | | |
|---|---|---|
| MICHAEL A MAGANA / LKS  1/7/2014 | | 01/07/14 |
| Chief Administrative Officer | Signature | Date |

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

| | | |
|---|---|---|
| NICCOELLE E JACKSON | 1/30/2014 | 09:20 AM |
| Employee Serving Copy to Committed Person | When Served - - Date and Time | |

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Ex.F50 

| | Name: RILEY, WILLIAM | | IDOC Number: B03069 | Race: BLK |
|---|---|---|---|---|
| | Hearing Date/Time: 12/10/2013 02:00 PM | | Living Unit: STA-X-LC-16 | Orientation Status: N/A |
| | Incident Number: 201303461/2 - STA | | Status: Expunged Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 11/26/2013 | 201303461/1-STA | BENNETT, JUNETTE R | INTERNAL AFFAIRS | 03:55 AM |
| 11/26/2013 | 201303461/2-STA | BENNETT, JUNETTE R | INTERNAL AFFAIRS | 03:55 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 205 | Gang Or Unauthorized Organization Activity | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

No Witness Requested

---

## RECORD OF PROCEEDINGS
Inmate Riley B03069 present. Disciplinary Report read. Riley B03069 gave the Adjustment Committee a written statement.

## BASIS FOR DECISION
Reporting I/A Officer J. Bennett reports a letter was found on 11/7/2013. CS1 (Confidential Source) whose name is being withheld for confidential and security purposes, which mention Riley B03069 as being a Gangster Disciple STG (Security Threat Group) member.

CS 2 stated Riley B03069 was the new IC (Institutional Coordinator). According to Gangster Disciple literature an IC is the high ranking leader in charge of the institution.

CS 3 Identified Riley B03069 as being the current IC for the Gangster Disciples STG.

CS 4 stated Riley B03069 had the joint as the IC for the Gangster Disciples STG at Stateville C.C. CS 4 stated Riley B03069 was the IC (Institutional Coordinator) for the Gangster Disciples STG, due to Riley B03069 being the only one left to take the position after other Gangster Disciples STG members were shipped out. Cl 4 stated a lot of guys who are Gangster Disciples STG members always go to Riley B03069 to talk with him.

CS 5 Stated he had read an informational kite (letter) that stated "morale was low, communication was down and imposters amongst us" Cl 5 stated the kite was authored by Riley B03069.

CS 6 stated whatever leadership rank Riley B03069 had before he was shipped, will still be in play now that Riley B03069 was sent back to Stateville C.C.

The Gangster Disciples STG is an organization that has not been approved to function within I.D.O.C pursuant to 20Ill. Adm. Code 445 and 450.

Riley B03069 is in violation of DR 504a 250 (Security Threat Group or Unauthorized Organizational Activity) by engaging in unauthorized Gangster Disciple STG activity and holding a STG (Security Threat Group) Leadership position within an unauthorized organization (STG) while incarcerated in I.D.O.C.

The Adjustment Committee is satisfied that Riley B03069 did in fact violate the charge cited.

## DISCIPLINARY ACTION *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| | ---- EXPUNGED ---- |

Basis for Discipline:

## Signatures
### Hearing Committee

WRIGHT, CLARENCE D - Chair Person

WORKMAN, AMI J

Recommended Action Approved

| Signature | Date | Race |
|---|---|---|
| | 12/10/13 | CLK |
| | 12/10/13 | IND |

Final Comments: N/A

STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS

ADJUSTMENT COMMITTEE
FINAL SUMMARY REPORT      Ex,A50A

Name: RILEY, WILLIAM

IDOC Number: B03069

Race: BLK

Hearing Date/Time: 12/10/2013  02:00 PM

Living Unit: STA-X-LC-16

Orientation Status: N/A

Incident Number: 201303461/2 - STA

Status: Expunged Final

MICHAEL A MAGANA / LKS  3/5/2014

Chief Administrative Officer

03/05/14

Signature          Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person

3/25/14  1:45      When Served -- Date and Time

DEPARTMENT OF CORRECTIONS

Offender Disciplinary Report

Stateville C.C.
Facility

| Type of Report: | |
| --- | --- |
| ☑ Disciplinary | ☐ Investigative |

Date 06/12/14

Offender Name: Riley, William        ID #: B03069

Observation Date: 06/11/14    Approximate Time: 11:00   ☐ a.m. ☑ p.m.    Location: Stateville CC

Offense(s): DR 501: 205 Security Threat Group or Unauthorized Organizational Activity/601 to 205 Conspiracy to commit STG or Unauthorized Organizational Activity.

**Observation:** This Disciplinary Report is being issued as a result of an investigation completed on June 11, 2014. On June 3, 2014 Offender Riley, William B03069 was identified by Confidential Source #1, as the current IIC (Institutional Coordinator) for the Gangster Disciple STG at Stateville. The term "IIC" is a term used by the Gangster Disciples STG to describe the highest ranking member at the institutional level or branch (i.e. Stateville CC, Menard CC, etc.), an organization not approved by the Chief Administrative Officer as defined in Department Rule 450.

As defined in previously confiscated documents (unauthorized offender documents known as Gangster Disciple Literature or document of rules in which the Gangster Disciples STG govern their selves by) the Institutional Coordinator is a high ranking member of the institutional level branch of the GD's who is responsible for giving direction to the Gangster Disciples STG and who has ultimate influence over Gangster Disciple activity including offender leadership and membership, and any illicit activities conducted by the Gangster Disciples.

CS #1 also identified inmate Riley as ordering other GD affiliates who are housed in the Quarter Units at Stateville CC to start sending care packages or commissary items to the GD members in F-House who are currently serving time in Segregation.

Witness(es):

☐ Check if Offender Disciplinary Continuation Page DOC 0318 is attached to provide additional facts, observations or witnesses

| 1. Shift | | | | | |
| --- | --- | --- | --- | --- | --- |
| Reporting Employee (Print Name) | Badge # | Signature | Date 06/12/2014 | Time | ☐ a.m. ☐ p.m. |

### Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement    ☐ Investigative Status    Reasons: _____

Printed Name and Badge #        Shift Supervisor's Signature        Date
                                (For Temporary Confinement/Investigative Status only)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer    Comment: _____

☐ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

Print (Reviewing Officer's Name and Badge #        Reviewing Officer's Signature        Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only)

Print Hearing Investigator's Name and Badge #        Hearing Investigator's Signature        Date

Procedures Applicable to all Hearings on Investigative and Disciplinary Reports
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or statements.

Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports
If you deny the charges, you may request witnesses who have knowledge of the incident and physical evidence be interviewed.

☑ Check if offender refused to sign

Serving Employee (Print Name)        Badge #        Signature

Date Served        Time Served

☐ I hereby agree to waive 24 hours advance of changes prior to the disciplinary hearing.

(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)



Offender Disciplinary Continuation Page

Stateville C.C.
Facility

☐ Disciplinary Report   ☐ Investigative Report   ☐ Disciplinary Summary   ☐ Adjustment Committee Summary

Report/Incident Date: 03/13/13                    Incident # of incident:

| Offender Information: |
|---|
| Offender Name: ___ Riley, William ___ | ID #: ___ B03069 |

Confidential Source#2 states that inmate Riley continues to be the Institutional Coordinator even though he was placed in Administrative Detention because per Gangster Disciple Laws, Riley will remain the IC since he is still at Stateville. CS#2 identified inmate Riley as attempting to become a "BM" (Board Member) however inmate Riley's position has not yet been verified/confirmed at the facility level by the Gangster Disciple Membership.

Confidential Source#3 identified inmate Riley, even though he is in Administrative Detention, as the current Institutional Coordinator for the Gangster Disciples STG at Stateville CC. CS#3 states that inmate Riley will continue to hold the IC position until he is either removed from the facility or a BM (Board Member) removes him from that position.

Per OTS inmate Riley is a validated member and a validated leader of the Gangster Disciple STG.

Three Confidential Sources (names being withheld due for their safety and security and the safety and security of the institution) identified inmate Riley as the current Institutional Coordinator for the Gangster Disciple STG at Stateville.

Information obtained from Confidential Sources positively identifies Riley as holding the leadership position of Institutional Coordinator for the GD STG at Stateville. Inmate Riley is actively participating / conspiring in Security Threat Group and Unauthorized Organizational Activity. Riley is doing this by, as a matter of holding the Institutional Coordinator position and directing / authorizing others to engage in unauthorized organizational activities, meetings, etc. The Illinois Department of Corrections does not tolerate STG or Unauthorized Organizational Activities. Riley's participation in the Gangster Disciples as Institutional Coordinator violates DR 504 and his participation and influence within an unauthorized organization, also violates DR 450.

According to Illinois Compiled Statutes 730 ILCS 5/3-2-2 (r-10), it is the power and duty of the Illinois Department of Corrections to adhere to the following:
"To systematically and routinely identify with respect to each street gang active within the correctional system: (1) each active gang; (2) every existing inter-gang affiliation or alliance; and (3) the current leaders in each gang. The Department shall promptly SEGREGATE LEADERS from inmates who belong to their gangs and allied gangs. "Segregate" means no physical contact and, to the extent possible under the conditions and space available at the correctional facility, prohibition of visual and sound communication. For the purposes of this paragraph (r-10) "leaders" means person who:
(i) are members of a street gang;
(ii) with respect to other individuals within the street gang, occupy a position of organizer, supervisor, or other position of management or leadership; and
(iii) are actively and personally engaged in directing, ordering, authorizing, or requesting commission of criminal acts by others, which are punishable as a felony, in furtherance of street gang related activity both within and outside of the Department of Corrections."

Riley, William B03069 was identified by Institutional Graphics.

Names and identities of Confidential Sources are being withheld for safety and security reasons. All documentation pertaining to this investigation is on file and available to the Adjustment Committee for review upon request.

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Ex #52

| Name: RILEY, WILLIAM | IDOC Number: B03069 | Race: BLK |
|---|---|---|
| Hearing Date/Time: 6/17/2014  08:34 AM | Living Unit: PON-NA-02-30 | Orientation Status: N/A |
| Incident Number: 201401797/1 - STA | Status: Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 6/13/2014 | 201401797/1-STA | SHAW, JOEL S | INTERNAL AFFAIRS | 11:00 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 601.Conspiracy//205 | Gang Or Unauthorized Organization Activity | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

No Witness Requested

## RECORD OF PROCEEDINGS

Inmate Riley B03069 is present and DR is read. Inmate Riley B03069 pleads not guilty and states he has been in the HCU since April and was previously in Administrative Detention status since November.

## BASIS FOR DECISION

R/O reflects this disciplinary report is being issued as a result of an investigation completed on June 11 2014. On June 3 2014 Inmate Riley B03069 was identified by Confidential Source #1 as the current IC(Institutional Coordinator)for the Gangster Disciple STG at Stateville CC.

The term IC is a term used by the Gangster Disciples STG to describe the highest ranking member at the institutional level or branch, an organization not approved by the Chief Administrative Officer as defined in Department Rule 460.

Confidential Source #1 identified Riley B03069 as ordering other GD affiliates who are housed in Quarter Units at Stateville CC to start sending care packages or commissary items to the GD members in F house who are currently in segregation.

Confidential Source #2 states that Riley continues to be the Institutional Coordinator even though he was placed in Administrative Detention because per GD laws, Riley will remain the IC even though he is still at Stateville.

Confidential Source #3 identified Riley as the IC for the GD's even though he was in Administrative Detention, Riley will continue to hold the IC position until he is either removed from the facility or a Board Member removes him from position.

Inmate Riley identified by Institutional Graphics.

The identity of the Confidential Sources are being withheld due to the safety and security reasons, and they are deemed reliable due to their cooperating statements.

The committee is satisfied that inmate Riley B03069 did in fact violate the charge cited.

Calling Witness Would Undermine Authority Or Jeopardize Security

## DISCIPLINARY ACTION (Consecutive to any priors)

### RECOMMENDED

1 Year CGrade
1 Year Segregation
1 Year Commissary Restriction
6 Months Contact Visits Restriction

Basis for Discipline:NATURE OF OFFENSE

### FINAL

1 Year CGrade
1 Year Segregation
1 Year Commissary Restriction
6 Months Contact Visits Restriction

## Signatures
### Hearing Committee

| BEST, CHARLES F - Chair Person | Signature | 06/17/14 | BLK |
|---|---|---|---|
| MANSFIELD, DAVID L | Signature | 06/17/14 | WHI |
| | | Date | Race |

Recommended Action Approved

Final Comments: N/A

STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

ADJUSTMENT COMMITTEE
FINAL SUMMARY REPORT   Ex#52A

Name: RILEY, WILLIAM              IDOC Number: B03069                    Race: BLK
Hearing Date/Time: 6/17/2014  08:34 AM    Living Unit: PON-NA-02-30      Orientation Status: N/A
Incident Number: 201401737/1 - STA        Status: Final

TARRY D WILLIAMS / VPC  6/20/2014              T. Williams    06/20/14

Chief Administrative Officer                   Signature        Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person      When Served - - Date and Time

**Offender Disciplinary Report** $Ex \#53$

Type of Report:
☑ Disciplinary ☐ Investigative

Stateville C.C.
Facility

Date: 10/19/15

Offender Name: RILEY, WILLIAM

ID #: B09069

Observation Date: 10/19/15 Approximate Time: 11:30 ☐ a.m. ☐ p.m. Location: Unit X-Bullpen

Offense(s): DR 504: 205 Security Threat Group & Unauthorized Organizational Activity

Observation: (NOTE: Each offense identified above must be substantiated.) On the above date this R.I. along with Intelligence officer J. Shaw of the 13 boxes. All the seals were unbroken prior to the search of the boxes. During the search of one of the boxes, two STG related papers were recovered. After reading the paperwork, it was deemed to be indicative of the Gangster Disciple (GD) STG. One of the pages was titled: AWARENESS, PREPAREDNESS; these titles are sections of the "NEW CONCEPT", a teaching used by members of the GD STG.

The pages contained common GD references: "Those who believe in the Six Principles of Growth and Development. " The Six Principles refer to Love, Life, Loyalty; Knowledge, Wisdom, and Understanding, principles in which members of the GD STG abide by.

RILEY admitted ownership of the STG related paperwork, when asked by this R.I.
Per OTS RILEY is a validated member of the Gangster Disciple STG.
RILEY was identified by Institutional Graphics. The original paperwork can be viewed at the request of the Adjustment committee.

Witness(es): Officer J. Shaw #9853

☑ Check if Offender Disciplinary Continuation Page: DOC 0318 is attached to describe additional facts, observations or witnesses.

| I Clements | 2805 | | | | |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | | 10/19/15 Date | 11:40 Time ☐ a.m. ☐ p.m. |

## Disciplinary Action:

Shift Review: ☐ Temporary Confinement ☐ Investigative Status Reasons: _____

Printed Name and Badge # _____

Shift Supervisor's Signature _____ Date _____
(For Transition Centers, Chief Administrative Officer)

Reviewing Officer's Decision: ☐ Confinement reviewed by Reviewing Officer Comment: _____

☐ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Print Reviewing Officer's Name and Badge # _____

Reviewing Officer's Signature _____ Date _____

☐ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only)

Print Hearing Investigator's Name and Badge # _____

Hearing Investigator's Signature _____ Date _____

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature _____ ID# _____

Serving Employee (Print Name) _____ Badge # _____ Signature _____

Date Served _____ Time Served _____ ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature _____ ID# _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)*

Date of Disciplinary Report _____ Print Offender's Name _____ ID# _____

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report

STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
ADJUSTMENT COMMITTEE
FINAL SUMMARY REPORT   Ex.# 54

| Name: RILEY, WILLIAM | IDOC Number: B03069 | Race: BLK |
|---|---|---|
| Hearing Date/Time: 10/27/2015  03:45 AM | Living Unit: STA-X-UC-02 | Orientation Status: N/A |
| Incident Number: 20150304441 - STA | Status: Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 10/19/2015 | 20150304441-STA | CLEMENTS, JOSHUA J | X-HOUSE | 11:30 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 205 | Gang Or Unauthorized Organization Activity | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

No Witness Requested

## RECORD OF PROCEEDINGS

Inmate Riley B03069 present and DR read. Inmate Riley B03069 pleads not guilty and states 2 of his legal boxes are cardboard and they were not sealed. I A  planted everything that was found in his box. I m not a active GD.

## BASIS FOR DECISION

R/O reflects upon search of inmate Riley B03069 excess correspondence boxes 2 STG related papers were found.
Shakedown records reflects 2 STG related documents were taken from inmate Riley B03069 correspondence boxes on 10/19/15.
Inmate  Riley B03069 identified by Institutional Graphics.
The committee reviewed the documents and they were STG in nature.
The committee is satisfied that inmate Riley B03069 did in fact violate the charge cited.

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 1 Year CGrade | 1 Year CGrade |
| 1 Year Segregation | 1 Year Segregation |
| Transfer (Disciplinary) | Transfer (Disciplinary) |
| 1 Year Commissary Restriction | 1 Year Commissary Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |

Basis for Discipline:NATURE OF OFFENSE

## Signatures
### Hearing Committee

| BEST, CHARLES F - Chair Person | Signature | Date 10/27/15 | Race BLK |
|---|---|---|---|
| HOSSELTON, WILL E | Signature | Date 10/27/15 | Race WHI |

Recommended Action Approved :

Final Comments: N/A

STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
ADJUSTMENT COMMITTEE    $Ex \# 54A$
FINAL SUMMARY REPORT

Name: RILEY, WILLIAM                    IDOC Number: B03069                    Race: BLK

Hearing Date/Time: 10/27/2015   03:45 AM       Living Unit: STA-X-UC-02        Orientation Status: N/A

Incident Number: 201503044/1 - STA             Status: Final

---

NICHOLAS R LAMB / NRL 10/23/2015                                              10/23/16

Chief Administrative Officer                    Signature                      Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504, Subpart F.

                                                10/30/15                        
Employee Serving Copy to Committed Person       When Served - - Date and Time

STATE OF ILLINOIS )
COUNTY OF WILL ) SS                                                    EX.#33

Declaration/Affidavit of
" William D. Riley EL "

I, William D. Riley EL declare and depose after first being duly sworn under oath and advised of the penalty of perjury, state that the following declaration is truthful and accurate to the best of my memory, knowledge, and belief, in that:

I, William D. Riley EL am a Man, upright, standing squarely upon universal principles, who's character is governed by integrity and dignity. I am tired of being harassed and my constitutional rights violated by way of intimidation and threats of disciplinary reports of disobeying a direct order / impeding a investigation for inforcing my constitutional rights. Since it is apparent that the "Department of Corrections" will continue to harass individuals for their past association. I find it necessary, and just, to set the record straight. I am not a "Streetgang Member" or "Gang Member". I am not a member of the Gangster Disciples - "GD", to be more specific. I hold no rank, nor do I have any knowledge of the inner workings of the Gangster Disciples, or any other gang for that matter. I have not, will not, and do not engage in any gang-related criminal activity. Since all "Streetgangs" have been declared "Home Grown Terrorist Groups" under the "Patriot Act", and that "Streetgang Members" are subject to be indicted and tried under the "continuing criminal enterprise" (C.C.E) and the "State and Federal Rico Acts", I do not have to answer any questions. I have a constitutional right to Not-Self Incriminate

119

Ex.# 35A

myself, because anything said can told will be used against me.
I am guaranteed my right to the Fifth Amendment. So. I do not
wish to talk to your staff or be interviewed by your internal
affairs department. In the event I am called to internal
affairs for an interview, I wish to exercise the 5th, Fifth
Amendment of the United States Constitution, in that I wish
to remain silent until such time that an attorney of my choice
is present. I would also like to give "JUDICIAL NOTICE",
to whom necessary, that I am protected by the 5th, and 14th
Amendments of the United States Constitution, and pursuant to
Articles 2, 6, and 8, of the Illinois Constitution, against self-
incrimination. I also give "JUDICIAL NOTICE" that any
violation of my U.S. Constitutional rights or retaliation for the
exercise of those rights will result in a Civil Rights lawsuit,
wheather it be harassing my family, placing me in segregation,
bogus disciplinary reports, or transfering me to another facility to
create a hardship on my family will be addressed appropriately.

Further I saith Not

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the
undersigned certifies the decantions setforth in this instrument are true and
correct.

/s/ _____

Subscribed and sworn to before me
this _____ day of _____ 2014

_____

Ex. 5b

State of Illinois )
                  ) Scillicet
County of Will   )

TO: ATTORNEY GENERAL
    STATE OF ILLINOIS DEPT. OF CORRECTIONS
    "IDOC FILE #B07067"
    "IDOC DIRECTOR"
    "STATEVILLE A/W OPERATIONS"
    "IDOC INTERNAL AFFAIRS SPRINGFIELD"
    "IDOC INTERNAL AFFAIRS STATEVILLE"

## AFFIDAVIT OF TRUTH

" NON TERROR TREAT GROUP - NON ENEMY COMBATANT -
  NON DOMESTIC TERRORIST - NON GANG MEMBERSHIP "

"Under the Authority of the Moorish Science Temple of America"

" Indeed no more than (affidavit) is necessary to make the prima
Facie case". United States v. Kis, 658 F.2nd 526, 536 (7th Cir.
1981); Cert. Denied 50 U.S.L.W. 2189; Sup. Ct., March 22, 1982.

I, _WILLIAM-DARRELL; DELEVER_____, a living, breathing, flesh-and-
blood human being, Sui Juris, one of the sovereign people, a private
man on the land, non-combatant, an Moorish American by birth, a
child of the Living God - Allah, hereinafter the "Affiant", having
first been duly affirmed under the Constitution for the state of
Illinois and the Constitution for the united States of America,
and standing squarely on the principles of Love, Truth, Peace,
Freedom and Justice, do hereby depose, state and declare by my
signature that I am competent to state the facts within, and of
sound mind to enter this Affidavit of Truth into the Public Record,
having knowledge of the facts and declaring that to the best of my
belief, the following affirmations are true, correct, complete,
and not meant to mislead anyone. To Wit:

I AFFIRM THAT, I am a active member of the constitutionally
created and legis / Religious Organization incorporated styled
"Moorish Science Temple of America".

I AFFIRM THAT, my "Religion" is "Islamism", I follow the teachings
of Noble Drew Ali / Gobassalam Faith, and in a Moslem using the
living Laws of the Holy Koran of the Moorish Science Temple of
America: Inc, Love, Truth, Peace, Freedom and Justice.

Ex #5A

I AFFIRM THAT, Affiant WILLIAM-DARRELL; RILEY-EY_____, is NOT now
acting and has NOT in the past / ( ) years acted with the intent
to exact revenge or retribution for any "Gang, Terror Treat Group,
Enemy Combatant, Domestic Terrorist's" or any member of any "Gang,
Terror Treat Group, Enemy Combatant, Domestic Terrorist's.

I AFFIRM THAT, Affiant WILLIAM-DARRELL; RILEY-EY_____, is NOT now
acting and has NOT in the past / ( ) years acted with the intent
to obstruct justice, or intimidate or eliminate any witness
against any "Gang, Terror Treat Group, Enemy Combatant, Domestic
Terrorist's" or any member of any "Gang, Terror Treat Group, Enemy
Combatant, Domestic Terrorist's.

I AFFIRM THAT, any such records, claims, presumptions, assumptions,
etc., that I Affiant, WILLIAM-DARRELL; RILEY-EY_____, am a active
member, or affiliate of any Organized Street Gang, Domestic
Terrorist, Terror Treat Group, or Enemy Combatant (or any other
organization that promotes such acts, or calls itself by any other
name by its membership or the government, whom have deemed these
groups to be unconstitutional, etc.,) that willfully work confusion,
corruption, and chaos in the public and private sectors of society
are hereby and hereinafter disavowed, disclaimed, abnegated, and
rebutted.

I AFFIRM THAT, as a active member of the Moorish Science Temple of
America, and in conjuction with the Moorish Divine Constitution
and By-Laws ACT 6, I am bound by Divine Law to proclaim my
Nationality and to teach my people their Nationality and Divine
Creed, and thru this great missionary work I am to aid my people
in repenting from their sinful ways and that they should be
redeemed in accord with the religious aims of the Moorish Science
Temple of America Inc.

I AFFIRM THAT, Affiant WILLIAM-DARRELL; RILEY-EY_____, further
sayeth not.

## PERJURY JURAT

Pursuant to Title 28, United States Code, Section 1746 (1) and executed "without the United States". I affirm under penalty of perjury that the foregoing is true, correct, and complete to the best of my knowledge and belief, and further Affiant saith not. I now affix my signature and official seal to all the above Affirmations with explicit reservation of all my unalienable rights, without prejudice to any of these rights, pursuant to the dejure Constitution for the united States of America, 1774.

Respectfully submitted,
/without Prejudice UCC 1-207/1-308/

William Darnell: Clay-El
in propria persona, proceeding sui juris, with assistance special.
_____ Principal, by Special Assurance,
Subscribed, sealed, and affirmed to this 14 day of November 20 10.

## ACKNOWLEDGMENT

SUBSCRIBE AND SWORN TO before me this 14th day of December 2010, a Notary Public Commissioned by the Secretary of the State of Illinois, of the above said state and county, that the above mentioned natural person personally appeared and know to me to be the one whose name is subscribed to the above within this instrument and is acknowledged to be the same.

Jamel Chustfield
Notary Public
My Comission Expires: October 26, 2014







**Illinois**
Department of
**Corrections**

**BRUCE RAUNER**
Governor

**DONALD STOLWORTHY**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

May 21, 2015

William Riley
Register No. B03069
Pontiac Correctional Center

Dear Mr. Riley:

This is in response to your grievance received on August 7, 2014, regarding a disciplinary report dated June 13, 2014, which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Offender Riley grieves in summary the disciplinary report dated June 13, 2014 for Conspiracy/Gang or Unauthorized Organizational Activity. He states that a previous disciplinary report written for the same charge was expunged 6 months prior. He states he is not a gang leader and has not engaged in any gang activity. He grieves Internal Affairs staff have used the same information from the previous disciplinary report.

This office has reviewed the disciplinary report, 201401797, written by J. Shaw, citing you for the offenses of 601.205-Conspiracy/Gang or Unauthorized Organization Activity. A review of the Adjustment Committee summary indicates you were found guilty of 601.205. Recommended discipline was: 1 year C-grade, 1 year Segregation, 1 year Commissary Restriction, 6 months Contact Visits Restriction. The Chief Administrative Officer concurred with the recommendation on June 20, 2014.

It is noted Offender Riley requested the CS#1 as a witness. This was denied by the Adjustment Committee indicating calling this witness would undermine authority or jeopardize security. The report written by Internal Affairs staff following the completion of an investigation indicates information was provided to them on June 3, 2014.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office is reasonably satisfied the offender committed the offenses and recommends the grievance be denied.

FOR THE BOARD:     *Sarah Johnson*

Sarah Johnson
Administrative Review Board
Office of Inmate Issues

CONCURRED:     *Stolworthy*

Donald Stolworthy
Director
6/9/15

cc:    Warden, Pontiac Correctional Center
       William Riley, Register No. B03069



6/23/15

I'm submitting the following documents on my behalf to state for the record my status. I am "NOT" a self-admitted Gangster Disciple. I am, A Moorish American Moslem, A member of the Moorish Science Temple of America. I have been such for the past (10) ten years. I do not engage in any criminal-gang activity. The ticket used to place me in AD was expunged. See attached Exhibit #6#2c. I'm Also submitting A "Affidavit of Truth, And A "Declaration signed and Notarized by me establishing what my status is. And I submit this As evidence on my behalf. I thank you in Advance.

Sincerely

William D. Riley EL



Ex 37



**Illinois**
Department of
**Corrections**

Pat Quinn
Governor

S. A. Godinez
Director

Pontiac Correctional Center
700 W. Lincoln Street, P.O. Box 99
Pontiac, IL 61764

Telephone: (815) 842-2816
TDD: (800) 526-0844

## PONTIAC CORRECTIONAL CENTER
### Wardens memo

DATE:       June 23, 2014

TO:         Administration Detention Offenders

FROM:       Randy Pfister, Warden
            Pontiac Correctional Center

SUBJECT:  Administration Detention Placement – EFFECTIVE JULY 1, 2014

- Administrative detention shall consist of three phases with Phase I being the most restrictive and Phase III being the least restrictive. Offenders shall be afforded privileges in accordance with Phase I upon initial placement.

- Offenders shall be subject to double celling. Double celling shall only occur after an Offender Special Placement Double Cell Assessment, DOC 0303, has been completed and approved in accordance with Administrative Directive 05.03.107.

- Placement reviews, recommendations and decisions shall be guided in accordance with the considerations set forth in 20 Ill. Adm. Code 504.660(b), and shall be documented on the DOC 0417. The placement review, recommendation and decision shall consider, at minimum:

    1. Offender disciplinary reports;

    2. Initial administrative detention placement documents;

    3. An offender summary, prepared by the Intelligence Unit, documenting any updates or developments to intelligence information related to the safety and security of the facility;

    4. Mental health evaluations; and

    5. Offender oral or written statements, if provided.

(117)

- The Committee shall meet at least once every 90 days, or sooner if deemed appropriate, to conduct a review of each offender placed in administrative detention to determine if continued placement is appropriate. The Committee shall afford the offender the opportunity to appear in-person before the Committee at six-month intervals during the time of one of the 90-day reviews.

- The offender shall be afforded the opportunity to appear at the placement hearing to provide oral or written statements relevant to his or her administrative detention placement and to present relevant documents.

- Offenders placed in administrative detention may request basic educational materials in the form of worksheets and workbooks from the library or Educational Facility Administrator.

| Privilege | Phase I | Phase II | Phase III |
|---|---|---|---|
| Recreation / Yard | Five hours per week (minimum) | Six hours per week (minimum) | Six hours per week (minimum) |
| Visits | Two 1-hour visits per month (non-contact), 1 visit on weekend or holiday | Three 2 hour visits per month (non-contact). 1 visits on weekend or holiday | Five 2-hour visits per month (with Meet & Greet as security measures allow). 3 visits on weekend or holiday. |
| Telephone | One 30-minute phone call per month | Two 30-minute phone calls per month | One 30-minute phone calls per week |
| Property | Permitted property with no food items | Permitted property with food items | Permitted property with food items |
| Commissary | By Grade Two shop per month - $40 max.; basic hygiene and correspondence items | By Grade Two shop per month - $40 max.; basic hygiene and correspondence items only | By Grade Two shop per month - $60 max.; basic hygiene and correspondence items |
| Housing Assignments | Subject to Double Celling (with other Phase I offenders only) | Subject to Double Celling (with other Phase II offenders only) | Subject to Double Celling (with other Phase III offenders only) |
| Showers | Two per week (Ten minutes minimum) | Three per week (Ten minutes minimum) | Three per week (Ten minutes minimum) |

Warden Randy Pfister



Ex #60

# State of Illinois - Department of Corrections
## Counseling Summary

| | | | |
|---|---|---|---|
| IDOC # | B03069 | Counseling Date | 06/29/15 12:45:12:583 |
| Offender Name | RILEY, WILLIAM | Type | Personal |
| Current Admit Date | 04/02/2002 | Method | Face To Face |
| MSR Date | | Location | PON NORTH ADMINISTRATIVE |
| HSE/GAL/CELL | NA-02-29 | Staff | BROWN, CHAD M., Corrections Clerk III |

On 6/25/15 the AD committee completed a face to face review. The committee recommended remain in AD and current Phase.

EX #61

| Qty | Item | | Price |
|---|---|---|---|
| 1 | Brush - Fine Red Sable Flat Set of 5 | | 12.03 |
| 1 | Oil Paint Mars Black | | 4.63 |
| 1 | Oil Paint Raw Umber | | 4.63 |
| 1 | Art Canvas Pad, 18 x 24, Fredrix w/ett. | | 24.84 |
| 1 | Brush Bright Set of 6 | | 12.84 |
| 1 | Golden Taklon Fan Brush Set of 3 | | 18.54 |
| 1 | Filbert Brush Set .5,2,4,6,8 | | 7.57 |
| 1 | Brush - Filbert Set of 6 | | 15.40 |
| 1 | Canvas Panel - 18 x 24 | | 3.87 |
| 1 | Stringent Acrylic Set of 12 | | 6.36 |
| 1 | Reeves Oil Set of 12 | | 3.05 |
| 1 | Red Sable Flat Sz 8 Brush | | 12.58 |
| 1 | Brush Round 3/8 | | 5.51 |
| 2 | Canvas Panel - 18 x 24 | 2 x 3.76 | 7.52 |
| 2 | Canvas Panel - 9 x 12 | 2 x 1.20 | 2.40 |
| 1 | Color Pencil Set of 24 | | 4.33 |
| 4 | Crescent Board 15 x 20 | 4 x 2.23 | 8.92 |
| 1 | Tracing Paper, 11" x 12" | | 4.60 |
| 2 | Eraser, White Pearl 3 pk | 2 x .88 | 1.76 |
| 2 | Colorless Pencil Blender | 2 x 1.10 | 2.20 |
| 2 | Eraser - Pentel Twist Erase Pencil 5mm Blk | 2 x 3.05 | 6.10 |
| 1 | Bright 10 Brush Set for Blending | | 15.42 |
| 5 | Crescent Board 15 x 20 | 5 x 2.23 | 11.15 |
| 1 | Turpenoid Natural 4 oz | | 6.76 |
| 1 | Sketchbook 8.5 x 11 | | 15.17 |
| 2 | Oil paint Mars black | 2 x .02 | 15.00 |
| 2 | Reeves Drawing Pencil Set of 12 | 2 x 13.42 | 26.84 |
| 1 | Canvas Panel - 18 x 24 | | 7.52 |
| 1 | Sargent Titanium White | | 11.55 |
| 1 | Liquid Pe?5.? | | .5 |
| | | | |

EX# 61A

1 Turpenoid Natural 4oz — 6.74
1 Brush 10 Brush Stroke Pen Blending — 15.42
2 Canvas Panel 8x24 — 2 x 5.82 — 11.84
1 Brush Oil 3/4 Oval Wash — 1 x 7.73 — 17.76
2 Plastic Pallet — 2x .79 — .79
1 Turpenoid Natural 4oz — 6.76
1 Linseed Oil - Weber 4oz Plastic Bottle — 6.06
2 Reeves oil set — 2 x 16.84 — 33.68
1 Linseed Oil - Weber 4oz Plastic Bottle — 6.06
1 Color Pencil Set of 3 Skintone — 1.51
1 Filbert Brush Set Sz 0, 1, 2, 4 — 7.44
1 Turpenoid Natural 4oz — 6.76
1 Canvas Panel - 18 x 24 — 5.82
3 Canvas Panel — 3 x 1.98 — 5.94
1 Red Sable Flat Sz8 Brush — 6.30
1 Filbert Brush Set Sz 0, 1, 2, 4 — 7.44
1 Oil paint - Viridian 37ml — 6.05
1 Oil paint - Cobalt Blue 37ml — 5.20
2 Oil paint - Alizarin Crimson 37ml — 2 x 6.05 — 12.70
1 Oil paint - Naples Yellow Hue 37ml — 12.64
1 Oil paint - Thalo Blue 37ml — 5.20
1 Oil paint - Paynes Gray 37ml — 5.55
1 Oil paint - Prussian Blue 37ml — 6.55
1 Oil paint - Cerulean Blue Hue 37ml — 8.05
1 Oil paint - Mars Black — 5.55
1 Oil paint - Yellow Ochre 37ml — 5.55
1 Oil paint - Raw Sienna 37ml — 
1 Oil paint - Raw Umber —

Exhibit No.          Ex #61B

1 Oil paint - Sap Green 37ml                                    5.66
1 Oil paint - Cad Light Red 37ml                                6.05
1 Oil paint - Cad Yellow Med. 37ml                             6.05
1 Oil paint - Rose Madder 37ml                                 12.64
1 Oil paint - Burnt Sienna 37ml                                5.66
2 Canvas Panel 9x12                     2 x 1.82               3.64
1 Brush Round 3/0                                              1.41
2 Red Sable Flat Sz 8 Brush            2 x 6.30               12.60
1 Filbert Brush Set Sz 0, 1, 3, 4                              7.44
1 Latex Quick Dry                                             14.32
1 Art Masking Fluid                                           15.30
1 Oil paint - Titanium White                                  13.55
1 Brush Round Set w/0, 1, 4                                    5.44
2 Red Sable Flat Sz 8 Brush                                   12.60
1 Art Canvas Pad, 12x16, Fredrix, 10/sht                      14.86
1 Oil paint - Sap Green                                        6.67
1 Oil paint - Naples Yellow Hue 37ml                          12.64
1 Brush Flat 4                                                7.08
1 Oil paint - Burnt Sienna 37ml                               6.05
1 Brush Flat #6 (Bristle)                                      6.20
1 Art Canvas Pad, 18x24, Fredrix, 10/sht.                     32.22
1 Brush - Flat Size 6 (Bristle)                               14.62
1 Brush - Bright #8 (Oil/Acrylic)                             9.27
1 Oil paint - Chrom Oxide Green 37ml                          16.01
1 Reeves Drawing Pencil Set of 12                             5.18
1 Oil paint - Titanium White                                  6.05
1 Brush water color #12                                       1.24
1 Brush Wonder White 3/0                                      1.24
1 Lead Re-Fill .07                                            1.30
1 Charcoal Pencil, Soft                                         .99
1 Charcoal Pencil, Medium                                      .99

2 Eraser-Pentel Twist Erase Pencil 5M4/BLK   2 x 5.39     10.78

1 Art Maxi Sketch Pad, 10x18, 20#, 50/bf     12.98

1 Art Eraser, Gray Design Kneaded Rubber     .99

1 Fine Point Color Pen Set     6.59

           ($ 35.70)

        Total $ 234.34

( Missing Property )

      Clothing

2 Adidas Basketball Shoe Floaters   2 x 53.13     106.76

1 Reebox Runner Himara     52.38

1 Terry Bathrobe     33.44

1 Watch, Casio F-533     30.75

1 Reebox Kobo II     13.25

1 Lined Jackets, 2 XL-5XL     41.80

1 Athletic T-Shirts 2x-3x     11.25

1 Boxer Brief, 2x     7.50

2 Laundry Bag 24x36   2 x 4.35     9.70

1 Boxer Brief, 1X     6.23

1 Sweat Shirt, 3x     11.89

1 Towel, Bath     5.98

1 Pajamas 5X     17.50

1 Sweatpants, 6X     26.25

1 Sweat Shirt, 5X     15.38

1 Crew T-Shirt, 5x-6x     12.63

1 Thermal Pants 4x-5x-6x     8.15

1 Thermal Shirt x5-5x-6x     1.9

1 Smock Pants, Black     14.93

1 Ear Warmer         2.19
1 Gym Shorts Mesh 82 2x3x7c    14.98
2 Towel Bath             2x6.88     13.76
2 Laundry Bag 24x36      2x4.68    7.36
1 Gloves, Brown, Unlined             1.25

( Missing Property )

Total   507.80

Electronic's

1 CT TV LI3 NS Flat Screen TV     274.19
1 Lamp                        10.63
1 Trimmer, Beard, Conair        17.37
1 Razor - Wahl Trimmer          14.91
1 Sony Digital Am/Fm/Cassette Walkman   57.51
1 Norelco Beard Trimmer Clear      21.44
1 JVC Gummy Plus Earbuds       7.39
1 Headphone Ext, 6 ft          2.25
2 Cable Co-Ax 6Ft FEE-6     2x2.11    4.95
1 Cable Co-Ax 6Ft FFE-6          2.17
1 Right Angle Adapter For TV 2pk     3.75
1 Connector, Double Female "F", F31   3.31
1 Extention Cord               2.09
1 Headphone Ext, 6ft            2.35
1 Splitter, Co Ax 2 Set/Gpe-2     1.98
1 Cable Co-Ax 3Ft FFE-6        2.10
1 Connector, Double Female "F", F31   3.31

1 Headphones, Ross 1220     21.81
1 Legal Postage 16 Combined     26.25

Total 614.13

## Missing Property
### (food - Cosmetics)

2. Granola Bars    2X 3.38     6.76
1 Granola Cereal     2.50
1 Oats, Instant     2.31
8 Hot Chili, Refried beans w/Rice 8X .88     7.04
2 Little Debbie, Honey Bun   2X 1.61     3.22
1 Oatmeal, Variety Pack & Sugar Free     2.31
4 Refried beans 8oz Plain   4X 1.23     4.72
4 Rice, Instant Pre-Cooked 3oz 4X 1.18     4.72
1 Toothpaste, Colgate Gel 4.2oz     2.19
10 Embossed Envelopes   10X .58     5.80
30 Embossed Envelopes   30X .58     17.40
1 Magic Shave For Bald Heads     4.05
2 Elements Dandruff Shampoo 5FLoz 2X 2.44     4.88
20 Embossed Envelopes   20X .58     11.60
1 Nail Clippers Lg     .89
1 Magic Shave Cream 6oz     4.05
1 Elements Dandruff Shampoo 5FL oz     2.44
2 Toothpaste, Colgate Gel 4.2oz 2X 2.19     4.38
2 Sunscreen Roll-On   2X 1.88     3.76
4 Soap, Trial String   4X .86     3.44
4 Baby Wipes, box 4X .69     2.76

Look (Please supplement the following itemized property of

New Grand Total/Grievance, pertaining to missing property), along with (Exhibit?)

\$ 6,502.17 (Missing Property)

(Photo's)

| | |
|---|---|
| Flick Me Inc. | 107.00 |
| Extreme Photo Collection | 4.00 |
| Bludaman Entertainment | 5.00 |
| Mo Music | 57.00 |
| HoParee'/KC | 5 cd |
| South Beach Singles | 17.00 |
| Buck Shot Photos | 31.00 |
| South Beach Singles | 37.00 |
| South Beach Singles | 17.00 |
| South Beach Singles | 17.00 |
| Frya Girls | 25.00 |
| Ms. Deja Ent. | 9.99 |
| TCE Online | 13.00 |
| DPG Media Group | 10.00 |
| Ashantis Creative Touch | 21.37 |
| Ashantis Creative Touch | 21.37 |
| Ashantis Creative Touch | 21.37 |
| Bad Girl Erotic Inc | 33.75 |
| Camel Toe Photo | 33.00 |
| Wet Girls Inc. | 33.00 |
| Bludaman Entertainment | 30.00 |
| New Line Media LLC | 35.00 |
| Mo Music Entertainment | 33.00 |
| Clockworks Production | 10.00 |
| New Line Media LLC | |
| Frya Girls | |
| A Creative Touch | |

| | |
|---|---|
| American Bulletin | 233.60 |
| The American Bulletin | 148.00 |
| Afrikan World Book | 161.76 |
| American Bulletin | 258.30 |
| The American Bulletin | 25.00 |
| The American Bulletin | 115.00 |
| ISA | 23.50 |
| African World Books | 147.90 |
| Oxford University | 4.19 |
| African World Books | 122.80 |
| Edward R. Hamilton | 95.25 |
| R.V. Bay Publication | 149.00 |
| ARBTO Inc. | 55.00 |
| Edward R. Hamilton | 56.25 |
| Total | 2322.29 |

# Illinois Department of Corrections



RILEY
00001

*(handwritten) this notice To ME. ... as possible*

*(handwritten) Exhibit 94 - A*

# John Howard Association of Illinois

375 East Chicago Avenue, Suite 529  Chicago, IL 60611
Tel. 312-503-6300  Fax. 312-503-6306  www.thejha.org

## Monitoring Tour of Stateville Correctional Center
### September 14, 2010

*Summary: Too many responsibilities, not enough resources.*

On September 14, 2010, eight representatives of the John Howard Association of Illinois conducted a monitoring tour of Stateville Correctional Center. Opened in 1925, Stateville contains maximum-security, protective custody, and a medical unit. Stateville also serves as the Northern Reception and Classification Center for Cook and its collar counties. The Northern R&C is tasked with receiving inmates, assessing their risk status and health issues, transporting them to and from court if necessary, and ultimately sending them to an appropriate facility.

Marcus Hardy has been Warden of Stateville for almost one year. Warden Hardy has done a commendable job managing Stateville's multiple functions and working to bring volunteers into Stateville to increase the facility's limited educational and vocational opportunities. However, Warden Harvey's efforts are often hamstrung by the fact that the prison is given too many responsibilities without adequate resources.

### The Context

To understand current conditions at Stateville, it is necessary to appreciate two significant problems the facility faces.

Like all of Illinois' prisons, Stateville has long suffered from a lack of resources, but the state's budget crisis has made this problem worse. In recent months, the state has had problems paying venders who are already contracted to deliver goods and services. This issue affects all aspects of the prison.

One telling example is sanitation. Cockroaches are a chronic problem throughout the prison, according to staff and inmates. When JHA representatives asked Warden Hardy about this issue, he agreed and attributed the problem to the fact that the prison's exterminator has not been able to adequately do his job because the state has repeatedly failed to pay for his services on time.

Stateville's lack of resources is compounded by the fact that it serves as the Northern Reception and Classification Center for all incoming inmates from the northern part of the state, the region that sends the most inmates to IDOC. This operation puts a significant strain on resources that the prison does not possess in abundance. The Northern R&C houses more inmates than Stateville proper—on September 26, the R&C housed 2,036, while Stateville housed 1,584.

Warden Hardy is acutely aware of these problems, but the reality is that there is little either he or the Department of Corrections can do to solve them. As long as the state continues to send record numbers of people to prison, the Department of Corrections has to incarcerate them, regardless of its ability to do so.

Because the budget crisis is hurting all state agencies, it may seem tempting to ignore the situation of our state prisons. That would be a serious mistake. These problems create significant safety concerns for inmates and staff. And of course, poor prison conditions also present a safety risk for the general public, as the overwhelming majority of people who are sent to prison will eventually be released back into society.

## Medical and Mental Health Care

Medical and correctional staff said the Health Care Unit has significant understaffing problems. For example, there is no permanent Nursing Director.

That position is being filled on a temporary basis by a Wexford Health Sources employee who is not licensed to work as a nurse in Illinois.

Deficits in hours of service are in most instances made up by overtime. Many medical staff are working 64 hours a week or more. This is expensive and can lead to employee burnout and mistakes in care.

Staff said the 32-bed infirmary is nearly always full. Patient-inmates must sometimes be sent back to their cells and treated there to free an infirmary bed for an inmate more in need of it. Meanwhile, the 10-bed infirmary at the Reception and Classification Center is unstaffed and empty.

Staff said they must send some inmates to other institutions for dialysis because Stateville is unable to treat the number of patients requiring it. The physical therapist has yet to see some patient-inmates who made their appointment in 2009.

Patients needing sophisticated care such as orthopedic or gastro-intestinal surgery generally go to the University of Illinois Medical Center. Staff said they are unable to get quick treatment for patient-inmates, however.

Medical staff said that staff shortages similar to those cited above have been the norm at Stateville for at least four years. They said the situation has worsened recently.

Monitoring Report of Stateville Correctional Center
September 14, 2010
Page 4 of 8

On the positive side, Stateville has its full complement of five authorized physicians and psychiatrists. Medical staff said they expect to hire a psychologist in the foreseeable future, bringing the prison to its full complement of seven.

Mental health services are especially important at Stateville, as 951 inmates are receiving psychiatric care and 532 are receiving psychotropic medication.

*Observations: Stateville's population is aging as many inmates are serving long sentences or life terms. This means they need more medical and mental health care than the typical prison. This need is likely to be magnified in the future as the longer sentences handed down over the past two decades lead to an increasingly elderly prison population.*

*Recommendation: Fully staff Stateville's medical and mental health care staff.*

## Inmate Mail and Visiting Hours

Nearly every inmate JHA interviewed reported significant problems with the mail service and visiting hours. It can take as long as three months to receive a letter, and visitors have to wait as long as three hours before they could see a family or loved one, according to some inmates.

While Warden Hardy said it has never taken longer than six-weeks for an inmate to receive a letter, he confirmed that there were delays in mail and visiting. He attributed these problems to a lack of staffing. He also told JHA that since he became Warden, he has made it a priority to decrease these delays.

*Observation: It is taking too long for inmates to receive mail, and visitor are waiting too long before they can see their friend or family member.*

4

133

*Recommendation: Prison administration should continue to work to bring down these delays.*

## F-House

Stateville is home to F-House, the only functioning panopticon left in the



United States. The brainchild of 19th century British philosopher Jeremy Bentham, panopticons have a single center tower with rows of cells circled around it. The purpose of this design was intended to make it easier for one observer to monitor large groups of inmates. Bentham argued that the panopticon would also create "a new mode of obtaining power of mind over mind," as inmates would internalize the tower's gaze and eventually learn to monitor themselves.

Whatever lofty goals Bentham envisioned for his panopticons, the reality of Stateville's F-House is far from ideal. As soon as the inmates begin to shout to each other, the room acts as an amplifier and is soon deafening. While the observation tower is supposed to enable corrections officer to effectively monitor inmates, it is hard to believe this is possible, as the cell doors are almost impossible to see through.

The F-House contains four different classifications of prisoners. It houses inmates in segregation, inmates who are appealing their removal from protective custody, general population inmates, and inmates bound for court in the northern part of Illinois.

5

( EXHIBIT - A )

The F-House presents several security issues. Given that its structure allows inmates to easily communicate with one another, it is ill suited for segregation, which is intended to isolate inmates from one another. It is unfair to subject non-segregated inmates to segregation, and puts a strain on staff to manage so many different kinds of population in a single house. Holding such diverse populations together violates a basic principle of correctional policy.

*Observation: F-House has too many different and conflicting classifications of inmates and is ill equipped for inmates in segregation.*

*Recommendation: Ideally Department of Corrections would close the F-House. Until that happens, prison administration should find alternative space for its inmates in segregation.*

## X-House

X-House is where Stateville once housed death row inmates. Today it houses inmates who are in protective custody. Staff JHA interviewed reported serious safety concerns about X-House. They felt that the walls were not thick enough and that the doors lacked adequate locks, both of which presented escape risks.

*Observation: X-House seems ill suited to house inmates.*



*Recommendation: While space is limited, prison administration should explore the possibility of closing X-House.*

## Programming

Like all maximum-security prisons in Illinois, Stateville has extremely limited educational or vocational opportunities. The prison offers a small GED program, a barber program, as well as a handful of on-site industries jobs, but most inmates have nothing to do but sit in their cell. Moreover, while the average length of stay is one year, Stateville houses many long-term prisoners

(139)

EX 63 F

who are sentenced to 20 years or more. It is the policy of the Department of Corrections to allow inmates with shorter sentences to take available educational and vocational classes before inmates with longer sentences. While this policy is designed to ensure that inmates are prepared to reenter society, it has the unintended of consequence of barring long-term prisoners from participating in programming.

Staff interviewed by JHA all said that the lack of programming created security risks for themselves and inmates. "We have to give these guys something to do," said one correction officer. "If we don't, they're going to be more likely to cause problems."

Since he came to Stateville in December, Warden Hardy has worked to provide additional educational and vocational opportunities for inmates. During his brief tenure, Warden Hardy has hosted several volunteer programs, including Lutheran Social Services Story Book Program that enables incarcerated fathers to send recorded stories to their children and the SMART program that teaches inmates stress management techniques.

*Observation: While Stateville needs more educational and vocational programming, prison administration should be commended for recruiting volunteers.*

*Recommendation: Prison administration should continue to explore how volunteers can increase educational opportunities, especially for long-term prisoners who otherwise would be unlikely to participate in prison programming.*

This report was written by John Maki, Coordinating Director of the John Howard Association. He may be reached at (312) 503-6305 or jmaki@thejha.org.

Chris Bernard (JHA Staff), Philip J. Carrigan (JHA Board Member), Shuntay Grant (JHA Citizen Observer) Tony Lowery (JHA Citizen Observer), Robert Manor (JHA Staff), Alan Rubens (JHA Board Member), Tija Walters (JHA Citizen Observer), and Beth Webb (JHA Citizen Observer) contributed to this report.

Since 1901, JHA has provided public oversight of Illinois' juvenile and adult correctional facilities. Every year, JHA staff and trained volunteers inspect prisons, jails and detention centers throughout the state. Based on these inspections, JHA regularly issues reports instrumental in improving prison conditions.

### ###