IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM RILEY-EL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 11180 |
| | ) | |
| v. | ) | Honorable Joan B. Gottschall |
| | ) | |
| SALVADOR GODINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Now come Defendants, Joshua Clements, Michael Range, Charles Best, Tarry Williams, Nicholas Lamb, David Mansfield, and Theodore Fredricks, by and through their attorney, Lisa Madigan, Attorney General for Illinois, and respectfully submit a memorandum in support of their Motion to Dismiss Plaintiff's Amended Complaint, stating as follows:

**INTRODUCTION**

Plaintiff brings a retaliation claim against Defendants arising out of events that allegedly occurred at Stateville Correctional Center. In response, Defendants move to dismiss Plaintiff's Amended Complaint in its entirety and assert that Plaintiff has misrepresented and concealed the number of lawsuits that he has filed. Additionally, Plaintiff's tendency to file numerous, duplicate lawsuits despite this Court's admonitions against doing so demonstrates a disregard for this Court. Lastly, Defendants assert that any claims against them in their official capacities for monetary damages should be dismissed.

**MATERIAL FACTS**

Plaintiff's 165-page Amended Complaint, filed *pro se*, names thirty-nine Defendants and alleges multiple constitutional violations at two different Illinois Department of Corrections

1

facilities, namely Stateville and Pontiac Correctional Centers. (Dck. No. 13, p. 3.) In its June 22, 2016 order pursuant to Section 1915(A) of the Prison Litigation Reform Act (PLRA), this Court found that Plaintiff's Amended Complaint stated a colorable claim of retaliation against the Stateville Defendants only (Counts I through III). (Dck. No. 13, p. 2.) Accordingly, this Court dismissed the other claims (Counts IV through VII) and other Defendants that Plaintiff had named in his Amended Complaint. (Dck. No. 13, p. 1.) Plaintiff purports to sue Defendants in their individual and "in their supervising and official capacity." (Am. Compl. ¶¶ 2, 32.)

Plaintiff's Amended Complaint is handwritten on a standard complaint form pursuant to Local Rule 81.1, which was created for inmates who want to file lawsuits in the United States District Court for the Northern District of Illinois. (See Am. Compl. generally.) Local Rule 81.1 provides that: "*Pro se* complaints brought under the Civil Rights Act, 42 U.S.C. § 1983, by persons in custody shall be in writing, signed and certified. Such complaints shall be on forms supplied by the Court." The standard form, which Plaintiff used to file his Amended Complaint, states:

> List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States: . . . IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE....

Accordingly, Plaintiff was required to "List ALL lawsuits" that he had filed in any state or federal court. However, in his Amended Complaint, Plaintiff represented to this Court that he had filed five other lawsuits, listing case numbers: 11-cv-4401, 13-cv-5768, 13-cv-5771, 13-cv-8656 and 2015-MR-1504. On March 28, 2016, Plaintiff also signed and certified to this Court: "By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief." (Dck. No. 14, p. 25.)

A cursory search of the court files in the Northern District of Illinois alone reveal that Plaintiff has filed six other lawsuits that he did not disclose to this Court, which include but may not be limited to the following:

- *William D. Riley El v. Officer Carters, et. al., 13 C 5773*, filed on 08/13/13.
  Outcome: On January 24, 2014, this Court found that **the allegations in Plaintiff's lawsuit appeared "related to, if not simply a continuation of, claims asserted in another suit of his pending before this court"** and ordered Plaintiff's counsel in case no. 11-4401 to amend the complaint if the claims in both cases were the same or related. Plaintiff's counsel in case no. 11-4401 amended the complaint on March 18, 2014, incorporating the allegations from case no. 13-5773 into the amended complaint in case no. 11-4401, and this Court consolidated the two lawsuits. (Emphasis added.) (Exhibit 1)

- *William Riley-El v. State of Illinois, et al., 13 C 6226*, filed on 08/30/13.
  Outcome: On October 2, 2013, this Court dismissed the lawsuit as "duplicative of the claims made in Riley-El v. State of Illinois, 13 C 5771 (N.D. Ill.) (Gottschall, J.)." This Court also cautioned Plaintiff against "filing needless, duplicative lawsuits" and warned that **"[i]f Plaintiff files duplicative lawsuits in the future, the Court may dismiss them as frivolous and issue Plaintiff a 'strike' pursuant to 28 U.S.C. § 1915 (g)."** (Emphasis added.) (Exhibit 2)

- *William Riley-El v. State of Illinois, et al., 13 C 6227*, filed on 08/30/13.
  Outcome: On October 2, 2013, this Court vacated a prior order granting Plaintiff's application to proceed *in forma pauperis* and dismissed the lawsuit as "duplicative of the claims made in Riley-El v. State of Illinois, 13 C 5768 (N.D. Ill.) (Gottschall, J.)." This Court also cautioned Plaintiff against "filing needless, duplicative lawsuits" and warned that **"[i]f Plaintiff files duplicative lawsuits in the future, the Court may dismiss them as frivolous and issue Plaintiff a 'strike' pursuant to 28 U.S.C. § 1915 (g)."** (Emphasis added.) (Exhibit 3)

- *William Riley-El v. S.A. Godinez, et al., 13 C 6725*, filed on 09/18/13.
  Outcome: On October 2, 2013, this Court dismissed the lawsuit as "duplicative of the claims made in Riley-El v. State of Illinois, 13 C 5773 (N.D. Ill.) (Gottschall, J.)." This Court also cautioned Plaintiff against "filing needless, duplicative lawsuits" and warned that **"[i]f Plaintiff files duplicative lawsuits in the future, the Court may dismiss them as frivolous and issue Plaintiff a 'strike' pursuant to 28 U.S.C. § 1915 (g)."** (Emphasis added.) (Exhibit 4)

- *William D. Riley El v. Randy Pfister, et al., 14 C 7776*, filed on 10/03/14.
  Outcome: Plaintiff's petition for habeas corpus was denied in 2016. (Exhibit 5)

- *William Riley-El v. Salvador Godinez, et al., 15 C 10530*, filed on 11/20/15.
  Outcome: This lawsuit is currently being litigated.

Further, in the case at bar which was filed on December 10, 2015, this Court, after reviewing Plaintiff's Amended Complaint, dismissed Plaintiff's conditions of confinement claim for conditions at Stateville Correctional Center. This Court reasoned that "Plaintiff's claim in 15 C 10530 involves unconstitutional conditions of confinement at Stateville, and the conditions complained of in that case are almost identical to those complained of in Plaintiff's amended complaint." In addition, this Court admonished Plaintiff stating that **"[i]n the future, Plaintiff should avoid bringing duplicate claims in more than one suit."** (Emphasis added.) (Dck. No. 13, p. 4.)

Finally, it should be noted that Plaintiff failed to list all of his other lawsuits in most of the complaints he has filed in the Northern District of Illinois. For example, in case numbers 13-cv-6226 and 13-cv-6227, Plaintiff only listed case number 11-cv-4401 in his *pro se* Complaints although he had filed four other cases in the Northern District. (Exhibits 6 and 7.) Likewise, in case number 13-cv-6725, Plaintiff only listed two cases in his *pro se* Complaint, 11-cv-4401 and 13-cv-5768, although he had filed four other cases in the Northern District. (Exhibit 8.) In case number 15-cv-10530, Plaintiff only listed four Northern District cases in his *pro se* Complaint: 11-cv-4401, 13-cv-5768, 13-cv-5771, and 13-cv-8656 although he had filed at least five other cases in the Northern District. (Exhibit 9.)

## **STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not merely state an

"unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

A plaintiff's complaint must contain allegations that "state a claim to relief that is plausible on its face." *Iqbal*, at 663, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 663. In reviewing the sufficiency of a complaint under this standard, the court must accept as true all well-pleaded factual allegations. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). However, legal conclusions and "conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.*

## ARGUMENT

**I. Plaintiff's Misrepresentations and Disregard For the Court's Orders Mandate A Dismissal Of The Instant Lawsuit.**

Defendants urge this Court to dismiss Plaintiff's lawsuit with prejudice and issue a strike against him pursuant to 28 U.S.C. § 1915(g) for the following reasons: (1) Plaintiff failed to list all of his lawsuits in his *pro se* Amended Complaint (Dck. No. 14); (2) Plaintiff failed to list all of his lawsuits in numerous other complaints filed in the Northern District; and (3) Plaintiff failed to heed this Court's warning about filing duplicative, frivolous lawsuits. (See Exhibits 1-4; Dck. No. 13, p. 4.)

In *Hoskins v. Dart*, the district court found that the *pro se* prisoner plaintiff's failure to list all of his lawsuits in his complaint was material and intentional, and thus fraudulent. 633 F.3d 541, 543 (7th Cir. 2011). The district court noted that at the time the prisoner certified the accuracy of his complaints with his signature, he was actively litigating cases that he failed to disclose in

5

his complaint. *Id.* The Seventh Circuit upheld the district court's dismissal of the prisoner's cases with prejudice, holding that courts may impose appropriate sanctions, including dismissal or default, against litigants who violate discovery rules and other rules and orders designed to enable judges to control their dockets and manage the flow of litigation. *Id.* The Court reasoned that sanctions are permissible in such cases because a district court relies on a party's description of his or her litigation history to manage its docket, and disclosure of a prisoner's litigation history enables a court to adhere to the three-strike requirement of 28 U.S.C. § 1915(g). *Id.* at 544.

In a subsequent case, the Seventh Circuit upheld a district court judge's dismissal of a *pro se* prisoner plaintiff's lawsuit for failing to disclose his complete litigation history. *See Thompson v. Taylor*, 473 Fed.Appx. 507, 509-510 (7th Cir. 2012) (holding that the district court was justified in dismissing the plaintiff's suit as he was warned in the standard complaint form, in capital letters, that a party's failure to describe additional lawsuits filed may result in dismissal of the case). The Seventh Circuit has also held that a dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary. *M. Ayoubi v. Dart*, 640 Fed.Appx. 524, 528-29 (7th Cir. 2016) (citing *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998).

Here, a cursory and non-exhaustive search of the court files in the Northern District of Illinois alone, reveal that Plaintiff has filed at least six other lawsuits, listed above, that he never disclosed to this Court. Plaintiff, as an experienced *pro se* litigator, made material misrepresentations by failing to inform or disclose to this Court the multitude of lawsuits that he has filed. Plaintiff's instant Amended Complaint deceptively lists only five lawsuits although he has filed at least four other lawsuits in the Northern District, including one case that is currently pending, 15-cv-10530. (Dck. No. 14, p. 7.) Of significance, Plaintiff conveniently omitted from

6

the *pro se* complaints he has filed in the Northern District, case numbers 13-cv-5773, 13-cv-6226, 13-cv-6227, and 13-cv-6725, which are the cases where this Court has warned Plaintiff not to file duplicative lawsuits or a strike would be assessed against him. (See Exhibits 1-4.) Plaintiff's failure to list in his complaints the four cases where this Court ordered him to cease filing duplicative lawsuits is significant evidence of fraud. In addition, the fact that Plaintiff was again admonished to cease filing duplicative claims in this Court's June 22, 2016 order pursuant to Section 1915(A), shows Plaintiff's complete disregard for the Court and its rules. (Dck. No. 13, p. 4.)

As such, Defendants request that this Court dismiss Plaintiff's lawsuit with prejudice and apply a strike against him pursuant to 28 U.S.C. § 1915 (g).

## II. Plaintiff's Claims for Monetary Damages Against Defendant Baldwin in His Official Capacity Are Barred By the Eleventh Amendment.

Plaintiff claims to sue Defendants in their individual and official capacities. As Plaintiff seeks monetary damages for his claims, Plaintiff's claims against Defendants are barred by the Eleventh Amendment and must be dismissed.

A suit against a defendant acting in his or her official capacity is effectively a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). A state is not a "person" subject to suit under 42 U.S.C. § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Powers v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Additionally, the Eleventh Amendment generally bars suits in federal court against state officials in their official capacities when the state is the real party in interest. *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). "When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual

officials are nominal defendants." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (internal quotation omitted).

The United States Supreme Court has unequivocally held that an unconsenting state cannot be sued in federal court unless Congress has chosen to override the Eleventh Amendment through legislation pursuant to its power under section five of the Fourteenth Amendment. *Pennhurst v. Halderman*, 465 U.S. 89, 100-01 (1984); *see also Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). Courts recognize another exception to this rule where the plaintiff alleges a constitutional violation and seeks injunctive relief against a state official acting in his official capacity. *American Soc. of Consultant Pharmacists v. Patla*, 138 F.Supp.2d 1062, 1068 (N.D. Ill. 2001) (citing *Papasan v. Allian*, 478 U.S. 265, 276-78 (1986). However, this exception does not permit suits for monetary relief against state officials. *Edelman*, 415 U.S. at 664-67. In other words, courts can tell a state official to comply with federal standards in the future; however, federal courts cannot tell a state official to use state funds to make reparation for the past. *Edelman*, 412 U.S. at 664-65 (citing *Rothstein v. Wyman*, 467 F.2d 226 (2d Cir. 1972)).

Here, Plaintiff's Amended Complaint purports to be against Defendants in their individual and "in their supervising and official capacity." (Am. Compl. ¶¶ 2, 32.) In addition, Plaintiff also alleges that Defendants actions were "pursuant to a custom and policy that was enforced by defendants." (Am. Compl. ¶ 5.) The allegations in the Amended Complaint seem to indicate that Plaintiff intended to sue Defendants in their official capacities while also seeking money damages, in addition to injunctive relief. In essence, Plaintiff seems to ask this Court to order state officials to make reparation for the past using state funds, which the Supreme Court has held to be unconstitutional. Therefore, to the extent that Plaintiff intends to sue Defendants in their official

8

capacities for monetary damages to challenge alleged unconstitutional customs and policies, Plaintiff's claims are barred by the Eleventh Amendment and should be dismissed with prejudice.

WHEREFORE, for the reasons stated above, Defendants, Joshua Clements, Michael Range, Charles Best, Tarry Williams, Nicholas Lamb, David Mansfield, and Theodore Fredricks, respectfully request that the Court dismiss Plaintiff's lawsuit, with prejudice; assess a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g); and grant such other relief as the Court finds reasonable and just.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| LISA MADIGAN <br> Attorney General of Illinois | By: | /s/ Deborah J. Baker <br> DEBORAH J. BAKER <br> Assistant Attorney General <br> 100 West Randolph St., 13th Floor <br> Chicago, Illinois 60601 <br> (312) 814-2035 <br> Dbaker@atg.state.il.us <br> *Attorney for Defendants* |

## **CERTIFICATE OF SERVICE**

TO: William D. Riley (#B-03069)
Stateville Correctional Center - STV
P.O. Box 112
Joliet, IL 60434

The undersigned certifies that on November 4, 2016, she electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. The undersigned further certifies that the foregoing document was served upon the above individual via U.S. first class mail (the next business day if mailed after 3:00 p.m.), proper postage prepaid.

*/s/ Deborah J. Baker*