NG

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

**FILED**

William D. Riley EL
 Plaintiff

No. 15 C 11180

DEC 0 1 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

V.

Honorable Joan B. Gottshall

Salvador Godinez, et, al.,
 Defendants

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS
JOSHUA CLEMENTS, MICHAEL RANGE, CHARLES BEST, TARRY
WILLIAMS, NICHOLAS LAMB, DAVID MANSFIELD, AND
THEODORE FREDRICKS MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT

Now comes Plaintiff, William D. Riley EL, pro se, pursuant to
Fed. R. Civ. P. 12(b)(6), hereby, And respectfully moves this Honorable
Court for AN order denying defendants 12(b)(6) motion to dismiss
plaintiff's Amended Complaint. In support thereof plaintiff states
the following:

## I. INTRODUCTION

1. Plaintiff Asserts that at all times pertinent to this complaint
plaintiff was incarcerated within the Illinois Department of Corrections.

2. Plaintiff brings to the courts A retaliation claim Against said
defendants Arising out of events that occurred At Stateville
Correctional Center.

3. Plaintiff asserts that he has never concealed the number of lawsuits that he has filed and defendants motion misconstrues the factual events in a misleading manner.

4. Plaintiff asserts that on or about the date of 8/13/13, plaintiff filed (3) three civil rights complaints seeking assistance from the court to resolve violations of plaintiff's rights. In the meantime between time plaintiff wrote a letter to the clerk asking him if he had received said civil rights complaints, and the clerk stated "no," so plaintiff fashioned together another set of copies of the aforementioned civil rights complaints and mailed them again.

5. Plaintiff asserts that a week went by after the second mailing of said complaints, and plaintiff received notice from the clerk with the case numbers 13C5768, 13C5771, and 13C5773, another week went by and plaintiff received another set of complaints with the assigned case numbers as 13C6225, 13C6226, and 13C6227. So the same complaints were processed twice by the clerk.

6. Plaintiff asserts that even though the court reprimanded him for the duplicate filing of said complaints, the filing of said complaints was done from a misunderstanding between the clerk and plaintiff. There was never and ill intention to deceive the court or defraud anyone.

7. Plaintiff assert that every civil rights complaint that plaintiff has filed, has been in front of the Honorable Joan B. Gottshall, and ever order that she has issued, plaintiff has taken heed to and used them as learning lessons, because of plaintiff's prose status and lack of experience with the federal courts.

8. Plaintiff asserts that case numbers 13C6225, 13C6226, and 13C6227 are not seperate and distinct filings, but are one and the same with 13C5768, 13C5771, and 13C5773, so there would be no need to list them because their filing was a miscommunication between plaintiff and the clerk.

9. Plaintiff asserts that the only reason, plaintiff addressed the conditions issue in the instant cause is to show atypical and significant hardship, when it came to the arbitrary placement in segregation/isolation and the conditions plaintiff was subjected to out of harassment and retaliation for filing grievances, and civil rights complaints. Plaintiff didn't know they had to be seperately filed.

10. Plaintiff asserts that complaints 15 C 10530 and 15 C 11180 were wrote weeks apart, and because of such there was no way for plaintiff to include them in the standard form section for "Listing All lawsuits" because plaintiff didn't have the filing numbers yet, so it would be impossible to do.

11. Plaintiff asserts that complaint 14 C 7776, was a *Habeas Corpus* filing on my criminal conviction, and didn't know it was considered a lawsuit. Plaintiff thought a Habeas Corpus petition was an appeal to the Federal Court for review of my criminal conviction not a lawsuit.

12. Plaintiff also contends that this complaint is against the following defendants, as so ordered by the court on 6/22/16, enter on 6/23/16; Wright, Shaw, Clements, Lasker, McGarvey, Range, Best, Mansfield, Williams, Marshall, Fredricks, Hosselton, and Lamb, not Baldwin as argued in defendants second argument.

## II. LEGAL STANDARD

13. A Rule 12 (b)(6) motion challenges the sufficiency of the complaint. See Hallinan v. Fraternal Order of Police of Chicago, Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The **short** and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955,

167 L. Ed. 2d 929 (2007). Under the federal notice pleading standards, A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Put differently, A "complaint must contain sufficient factual matter, accepted as true, to state A claim to relief that is plausible on it's face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570), "In evaluating the sufficiency of the complaint, courts view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." See Anchor Bank. FBS v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011).

## III. ARGUMENT

A. Plaintiff argues that the Assistant Attorney General Deborah J. Baker severly misrepresents the facts of plaintiff's litigation history in the federal court, and as such plaintiff argues that his instant civil rights complaint of retaliation against defendants should not be dismissed.

14. Plaintiff argues that defendants position to dismiss plaintiff's lawsuit with prejudice and issue a strike against him pursuant to 28 U.S.C. § 1915 (g) is misleading, unfounded, and without merit.

15. Plaintiff asserts that 28 U.S.C. § 1915 (g) doesn't apply to the material facts of this plaintiff's litigation history. For the purpose of this litigation 28 U.S.C. § 1915 (g), is stated as follows;

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

granted, unless the prisoner is under imminent danger of serious physical injury.

16. Plaintiff contends that none of the past events of plaintiff's litigation history may be applied to or subjected to any of the requirements of the aforementioned statute.

17. Plaintiff asserts that his first civil rights complaint ever filed in federal court was in 2011, in front of a judge that changed form, may he rest in peace, which subsequently, was moved to the Honorable Joan B. Gottschall court room.

18. Plaintiff asserts that every civil rights complaint that he has filed since, has been, in front of the Honorable Joan B. Gottschall, including the instant litigation, and none of them have ever been dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted.

19. Plaintiff contends that because of a miscommunication between the Clerk and plaintiff, plaintiff's litigation record looks as if, plaintiff has three dismissal, but the suits dismissed were suits that were already filed, but mistakenly processed again because of miscommunication, and once plaintiff realized the mistake, plaintiff informed the court, and got reprimanded for it, with the subsequent court order that dismissed case numbers 13C6225, 13C6226, and 13C6227, which were in fact, the same civil rights complaints as 13C5768, 13C5771, and 13C5773, word for word, so when the Assistant Attorney General makes reference to these complaints as different, she doesn't know the circumstances behind the mishap. Plaintiff reiterates that the filing of these complaints were a miscommunication, not an act of fraud, or meant to deceive any one or malice on his part.

20. Plaintiff asserts that "the judicial forum is a place in which serious people attend to serious business," Morris v. Jenkins, 819 F.2d 678, 682 (7th Cir. 1978). Inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494-95, 52 L.Ed.2d 72 (1977). The knowing failure

of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on civil rights complaint form is conduct subject to sanctions by the court. See Warren v. Guelker, 29 F.3d 1386 (9th Cir. 1994). Plaintiff acknowledges the circumstances for which defendants presents their argument, but asserts that those circumstances, are not these, for which plaintiff litigation history represent, and defendants motion to dismiss plaintiff's amended complaint should fail.

### B. Plaintiff's claims for monetary damages against defendants in their official capacity should stand.

21. Plaintiff contends that the Supreme Court has held in Harlow v. Fitzgerald, 457 U.S. 800, 819, 102 S.Ct. 2727, 2739, 73 L.Ed.2d 396 (1982), that government officials performing discretionary functions are shielded from civil liability "insofar, as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". In Anderson v, Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the court noted that in order for a right to be "clearly established" in this context, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right".

22. Once a public official has raised a defense of qualified immunity, the plaintiff must establish two things in order to defeat the defense; (1) that the facts alleged describe a violation of a protected right, and (2) that this right was clearly established at the time of the defendants alleged misconduct. 42 U.S.C.A. § 1983, Mordi v. Zeigler, 770 F.3d 1161.

23. Plaintiff asserts that the First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989). "To state a First Amendment claim for retaliation, a prisoner need not allege violation of a seperate and distinct constitutional right." Id, at 1242. Rather, "the gist of a retaliation claim is that

a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison officials actions were "the results of his having filed a grievance concerning the conditions of his imprisonment." Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11TH Cir. 1989).

24. It has been previously determined that the conduct alleged by plaintiff states a constitutional claim. The Court must next determine whether the law was clearly established at the time of defendants alleged actions for which this suit pertains. See O'Connor, 117 F.3d at 16-17. In the context of a qualified immunity defense, binding precedent is not needed to clearly establish a right. Rakovich v. Wade, 850 F.2d 1180, 1209 (7TH Cir. 1988); Brokaw v. Mercer County, 235 F.3d 1000, 1002 (7TH Cir. 2000). In the absence of binding precedent a court "should look to whatever decisional law is available" in order to determine if the law is clearly established. Rakovich, 850 F.2d at 1209.

25. Next, plaintiff asserts that "it is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under section 1983 even if the act, when taken for different reasons, would have been proper." Buise v. Hudkins, 584 F.2d 223, 229 (7TH Cir. 1978); see also Matzker v. Herr, 748 F.2d 1142, 1150-51 (7TH Cir. 1984).

26. It is well established that "an act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." DeWalt v. Carter, 224 F.3d 607, 618 (7TH Cir. 2000), and plaintiff's grievances are protected by the First Amendment. See Walker v. Thompson, 288 F.3d 1005, 1009 (7TH Cir. 2002) (grievances may be constitutionally protected speech under the speech and petition clauses of the First Amendment). A prisoner is entitled to take advantage of grievance procedures without fear of recrimination, and if a prison official retaliates against the prisoner for making nonfrivolous claims, the official violates the inmates first Amendment rights. Hoskins v. Lenear, 395 F.3d 372, 375 (7TH Cir. 2005); Hasan v. U.S. Dept. of Labor, 400 F.3d 1001, 1005 (7TH Cir. 2005); Babcock v. White, 102 F.3d 267, 275 (7TH Cir. 1996).

27. The right to be free from arbitrary and intentional punishment at the hands of correctional officers was clearly established. See O'Connor, 117 F.3d at 16-17.

28. A suit like this one, against a government officer in his official capacity is equivalent to a suit against the government entity itself, McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Thus, the Department, administrators are liable in their official capacities only if policy or custom played a part in the violations of federal law. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); McRorie, 795 F.2d at 783.

29. A policy or custom may be found either in an affirmative proclamation of policy or in the failure of an official "to take any remedial steps after the violations". Larez, 946 F.2d at 647, see also McRorie, 795 F.2d at 784 (custom inferred from failure to reprimand or discharge).

30. When government officials abuse their offices, "actions for damages may offer the only realistic avenue for vindication of constitutional guarantees". Harlow v. Fitzgerald, 457 U.S., at 814, 102 S.Ct., at 2736.

31. "Qualified immunity may be raised in a motion to dismiss, but at that stage, the court consider only the facts in the complaint which the court are obligated to accept as true." Lanigan v. Village of East Hazel Crest, IL., 110 F.3d 467, 471 (7th Cir. 1997).

32. Plaintiff asserts that defendants have clearly violated his constitutional rights, and those rights were clearly established at the time defendants engaged in their actions, and for those reasons defendants defense of qualified immunity should fail.

Respectfully submitted,
Without Prejudice UCC 1-308/1-207?

William D. Riff El

IN THE

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

OF ILLINOIS, EASTERN DIVISION

William D. Riley EL                    )
Plaintiff/Petitioner                   )
                                       )
                    Vs.                )          No. 15 C 11180
                                       )
Salvador Godinez, et, al,              )   Honorable Jean B. Gottschall
Defendant/Respondent                   )

## PROOF/CERTIFICATE OF SERVICE

TO: U.S. District Court Clerk        TO: Deborah J. Baker
"Prisoner Correspondence"            Asst. Attorney General
219 S. Dearborn St                   100 W. Randolph, 13th Floor
Chicago, IL 60604                    Chicago, Illinois 60601

Plaintiff Motion In Opposition To Defendants Motion To Dismiss Plaintiff
Amended Complaint

PLEASE TAKE NOTICE that on November 27 , 20 16 . I placed the
attached or enclosed documents in the institutional mail
at Stateville _____ Correctional Center, properly addressed to the
parties listed above for mailing through the United States Postal Service

                                    [without Prejudice UCC 1-308/1-207]
DATED: 11/27/16                     /s/ William D. Riley EL
                                    Name: William D. Riley EL
                                    IDOC#: B83069
                                    Address: P.O. Box 112
                                             Joliet, Illinois [60434-0112]


Subscribed and sworn to before me this_____day of _____,20_____

_____
Notary Public

William D. Riley EL
B03069 STA-C-C.
P.O. Box 112
Joliet, Illinois [60434-0112]

IDOC INMATE
LEGAL MAIL



ZIP 60463 $ 001.36
02 1W
0001394077 NOV 29 2016

DC
2016 DEC -1 AM 11:25

U.S. District Court Clerk
"Prisoner Correspondence"
219 S. Dearborn St.
Chicago, Illinois 60604

(LEGAL MAIL)
11/27/16

(LEGAL MAIL)
11/27/16



12/01/2016-42

(LEGAL MAIL)
11/27/16