IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM RILEY-EL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 11180 |
| | ) | |
| v. | ) | Honorable Joan B. Gottschall |
| | ) | |
| SALVADOR GODINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Now come Defendants, Joshua Clements, Michael Range, Charles Best, Tarry Williams, Nicholas Lamb, David Mansfield, Theodore Fredricks, Kevin Laskey, and Jenny McGarvey, by and through their attorney, Lisa Madigan, Illinois Attorney General, for their Reply in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating as follows:

**ARGUMENT**

In Plaintiff's response to Defendants' motion to dismiss, Plaintiff first asserts that case nos. 13 C 5768, 13 C 5771, and 13 C 5773 were inadvertently filed in duplicate as cases 13 C 6225[1], 13 C 6226, and 13 C 6227. As an explanation for the duplicate filings, Plaintiff reasons that he sent three civil rights complaints to the Clerk of Court ("Clerk") on or around August 13, 2013, and after writing a letter to the Clerk at some point and receiving a response indicating that his

---

[1] Defendants' note that the CM/ECF system for the Northern District of Illinois shows that 13 C 6225 is the case number for a lawsuit filed by an inmate with a different name and assigned to a different Honorable Judge but filed on the same date as case nos. 13 C 6226 and 13 C 6227.

1

complaints had not yet been received, he mailed three additional civil rights complaints to the Clerk. Plaintiff claims that the duplicate filings were due to a misunderstanding between himself and the Clerk. (ECF No. 45 ¶¶ 4-6.) Defendants concede that Plaintiff's explanation regarding the duplicate filings of case nos. 13 C 5768, 13 C 5771, 13 C 6226, and 13 C 6227 is plausible considering the filing dates and the claims asserted in these cases. However, Plaintiff has not provided an explanation for the duplicative filing in case no. 13 C 5773, which was consolidated with case no. 11 C 4401.

Next, Plaintiff asserts that the only reason he presented a conditions of confinement claim in the instant case was "to show atypical and significant hardship when it came to the arbitrary placement in segregation/isolation and the conditions plaintiff was subjected to out of harassment and retaliation for filing grievances and civil rights complaints." (ECF No. 45 ¶ 9.) However, the Court's June 22, 2016 order pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A) is controlling and states that Plaintiff's conditions of confinement complaints with respect to Stateville Correctional Center were almost identical to those complained of in case no. 15 C 10530. (ECF No. 13, pp. 3-4.) Plaintiff's reason for filing a duplicate conditions claim in the instant case is not supported by the actual allegations in his Amended Complaint as evidenced in the Court's June 22, 2016 order. (ECF No. 13, pp. 3-4.)

Most importantly, Plaintiff's response fails to provide a reasonable explanation for his failure to list all of his federal and state lawsuits on several of his *pro se* complaints, including the initial Complaint in the case at bar. A non-exhaustive search of Plaintiff's prior and pending lawsuits shows that Plaintiff has filed ten other lawsuits in the Northern District of Illinois alone. Even if this Court accepts that Plaintiff had a good reason for believing that case nos. 13 C 6226, and 13 C 6227 did not need to be listed on any of his civil complaint forms due to Plaintiff's belief

that these lawsuits are the same as case nos. 13 C 5768 and 13 C 5771, there are still eight other lawsuits that Plaintiff was required to list on his civil complaints. Plaintiff has provided no explanation for why he failed to list all of the lawsuits that he filed in any state or federal court on all of his civil complaints. A review of several of Plaintiff's previously filed *pro se* complaints shows that he failed to accurately represent his litigation history to the Court on several occasions.

Wherefore, for the reasons stated in their memorandum in support of their motion to dismiss and for the reasons stated above, Defendants Joshua Clements, Michael Range, Charles Best, Tarry Williams, Nicholas Lamb, David Mansfield, Theodore Fredricks, Kevin Laskey, and Jenny McGarvey respectfully request that the Court dismiss Plaintiff's lawsuit, with prejudice, and assess a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g). In the alternative, Defendants request that the Court dismiss all claims for monetary damages against Defendants in their official capacities, and grant such other relief as the Court finds reasonable and just.

|  |  | Respectfully submitted, |
|---|---|---|
| LISA MADIGAN |  |  |
| Attorney General of Illinois | By: | */s/ Deborah J. Baker* |
|  |  | Deborah J. Baker |
|  |  | Assistant Attorney General |
|  |  | 100 West Randolph St., 13th Floor |
|  |  | Chicago, Illinois 60601 |
|  |  | (312) 814-2035 |
|  |  | Dbaker@atg.state.il.us |
|  |  | *Attorney for Defendants* |

## CERTIFICATE OF SERVICE

TO: William D. Riley (#B-03069)
    Stateville Correctional Center - STV
    P.O. Box 112
    Joliet, IL 60434

The undersigned certifies that on December 21, 2016, she electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. The undersigned further certifies that the foregoing document was served upon the above individual via U.S. first class mail (postmarked the next business day if mailed after 3:00 p.m.), proper postage prepaid.

                                        */s/ Deborah J. Baker*