PC SCAN

FILED
5/28/2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

William D. Riley EL )
    Plaintiff )  Case No. 15 CV 11180
)
VS )
)  Honorable Judge John Z. Lee
Salvador Godinez et. al., )
    Defendants. )  Magistrate Judge Young B. Kim
)

## PLAINTIFF'S RESPONE TO DEFENDANTS LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS

Plaintiff, William D. Riley EL, pro se, responds to Defendants Local Rule 56.1 Statement of Material Facts As follows:

## PARTIES

1. Plaintiff, William D. Riley EL, admits he is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently housed At Stateville Correctional Center ("Stateville").

2. Plaintiff admits that Defendant, Clarence Wright was a Correctional Lieutenant At Stateville from 1996 until July 2015, And the backup Chairperson of the Adjustment Committee from approximately 2012-2015.

3. Plaintiff admits that Defendant, Jenny McGarvey was a Major or Shift Supervisor at Stateville from October 2010-2015.

4. Plaintiff admits that Defendant, Charles Best is a Correctional Lieutenant at Stateville, and has served as the Chairperson of the Adjustment Committee from 2012 to present.

5. Plaintiff admits that Defendant, Joel Shaw was a Correctional Officer assigned to the Intelligence Unit at Stateville from 2003-2016, and also served as the Institutional Coordinator of the Intelligence Unit from 2011-2016.

6. Plaintiff admits that Defendant, Joshua Clement was a Correctional Officer assigned to the Intelligence Unit at Stateville during the time of the allegations.

7. Plaintiff admits that Defendant, Kevin Laskey was a Major or Shift Supervisor at Stateville at all relevant times.

8. Plaintiff admits that Defendant, Michael Range was a Correctional Officer at Stateville at all relevant times, and served as a Hearing Investigator from 2010-2013.

9. Plaintiff admits that Defendant, David Mansfield was a Correctional Counselor at Stateville during the time of the allegations, and served as a member of the Adjustment Committee from 2008-June 2016.

10. Plaintiff admits that Defendant, Tarry Williams was the Warden of Stateville from April 1, 2014 to July 1, 2015.

11. Plaintiff admits that Defendant, Cherry Marshall was a Major at Stateville during the time of the allegations.

12. Plaintiff admits that Defendant, Theodore Fredericks has been a Major or Shift Supervisor at Stateville from May 2011 to present.

13. Plaintiff admits that Defendant, Jill Hosselton was a member of the Adjustment Committee at Stateville that heard Plaintiff's October 2015 ticket.

14. Plaintiff admits that Defendant, Nicholas Lamb was the Assistant Warden of Operations at Stateville from July 2015-November 2015 and February 1-present.

## JURISDICTION AND VENUE

15. Plaintiff admits he brought this lawsuit pursuant to 42 U.S.C. Section 1983 alleging Defendants violated his constitutional rights.

16 Plaintiff admits that the alleged incidents occurred at Stateville between June 2013 and October 2015.

## PLAINTIFF'S ALLEGATIONS

17. Plaintiff admits that Plaintiff's original complaint was filed on December 10, 2015, and dismissed by Judge Gottschall on March 3, 2016.

18. Plaintiff admits that Plaintiff filed his Amended Complaint on June 22, 2016, and Judge Gottschall permitted Plaintiff to proceed on Counts I-III only.

19. Plaintiff admits and denys, that Count I alleges that on November 9, 2013, Plaintiff was held in the Healthcare Unit at Stateville on orders from Defendant Major McGarvey and Warden Lemke, and then Major McGarvey ordered him to be transferred to the maximum security wing in X-House two days later, in retaliation for filing grievances. In addition, Plaintiff claims that Defendant Chairperson Wright arbitrarily placed him solitary confinement for 3 months in retaliation for naming him as a defendant in a prior lawsuit. Plaintiff believes that Defendants retaliated against him for grievances regarding

his medical care filed prior to November 7, 2013. Plaintiff also asserts that Defendant Warden Lemke retaliated against him after Plaintiff question him about a medical permit that his staff wasn't honoring on or about November 5, 2013, whereby Defendant Lemke had Plaintiff extracted from his cell and stripped searched (3 times!), and transferred to Menard on November 7, 2013, and once Plaintiff was returned to Stateville two day later, and placed on the maximum security wing on or about November 12, 2013. Plaintiff filed a grievance on or about November 19, 2013, thats when Defendants Joel Shaw, Major Kevin Laskey, and Major McGarvey conspired to issue a investigative report on or about November 24, 2013, then Defendants Kevin Laskey, Jenny McGarvey, and Michael Range conspired to issue a disciplinary report and corrected copy beyond the time frame allowed by the 20 Ill. Admin Code 504. 30 (f) in clear violation of their ("IDOC") on rules and regulations. See Ex #2 of Defendants Local Rule 56.1 Statement of Undisputed Facts, Plaintiff Deposition P1: 20-24, 86-90, 21: 22-24 - 23:1

20. Plaintiff admits that, Count II alleges that Defendants Officer Shaw, Officer Clements, Major Laskey, Major McGarvey, Officer Range, Lt. Best, D. Mansfield, and former Warden Williams issued a June 13, 2014 disciplinary ticket in retaliation for plaintiff getting the first disciplinary infraction expunged. Plaintiff also alleged that, upon information and belief, the Defendants continued retaliation was related to grievances he filed on 3/27/14, 4/5/14, 4/17/14, and 5/9/14.

21. Plaintiff admits that, Count III alleges that Defendants Officer Clement, Officer Shaw, Major Marshall, Major Fredericks, Lt. Best, J. Hasselton, and Assistant Warden Lamb continued to retaliate against him by issuing another false disciplinary ticket on October 19, 2015.

## DISPUTED AND UNDISPUTED MATERIAL FACTS

22. Plaintiff cannot admit or deny the validity or accuracy of the November 26, 2013 Offender Disciplinary Report.

23. Plaintiff admits on November 27, 2013, Defendant Major McGarvey completed and signed the Shift Review portion of the Report. Plaintiff denys that based on the nature of the offense, McGarvey determined it was necessary to place Plaintiff in Temporary Confinement status, and forward the report to the Reviewing Officer, because Plaintiff was already being held in temporary confinement since the cell extraction and transfer to Menard, and the return of Plaintiff back to Stateville, from November 7, 2013.

24. Plaintiff admits Officer Bennett completed a corrected copy of the Report. Defendant Officer Range served as Hearing Investigator and Plaintiff refused to sign the corrected copy.

25. Plaintiff admits on December 10, 2013, Defendant Wright presided over the Adjustment Committee hearing against Plaintiff on ticket #2013-0346I.

26. Plaintiff cannot admit or deny if Defendant Wright, as Chairperson of the Adjustment Committee made decisions arbitrarily.

27. Plaintiff admits that, the Adjustment Committee found Plaintiff guilty of the charges; and recommended a punishment of 3 months C-Grade, 3 months segregation, 3 months commissary restriction, and 6 months contact visit restriction.

28. Plaintiff denys that the Adjustment Committee's recommended punishment was made final at that time, because the ruling of the Adjustment Committee was overturned and expunged from Plaintiff's record.

29. Plaintiff cannot admit or deny, the validity or accuracy of the disciplinary ticket dated June 13, 2014, or to the reliability of the confidential sources relied upon.

30. Plaintiff admits that on June 13, 2014, Defendant Major Laskey completed and signed the Shift Review portion of the report issued by Officer Shaw, but denies it was necessary to place Plaintiff in temporary confinement status, because Plaintiff was already being held in Administrative isolation.

31. Plaintiff admits that on June 14, 2014, Defendant Major McGarvey reviewed and signed the report and determined that the offense was a Major infraction based on the nature of the offense.

32. Plaintiff denys that the June 13, 2014 Offender Disciplinary report did not subject Plaintiff to any discipline. Plaintiff received a year across the board because of what was alleged in the June 13, 2014 report and transferred to Pontiac Correctional Center and placed in segregation in cell house-North Administration Detention (AD)

33. Plaintiff Admits it is the role of the Adjustment Committee to determine whether an offender is guilty of the infractions.

34 Plaintiff admits that Defendant Best, Mansfield, Range were not personally involved, but deny that Laskey, and McGarvey were not personally involved, because McGarvey and Laskey were personally involved in everything pertaining to Plaintiff by his status being Administrative isolation ordered by the Warden, and Chief of Operations for IDOC, via the Director.

35. Plaintiff admits that Defendants Clements, Shaw, Laskey, Range, and McGarvey were not present at the June 17, 2014 Adjustment Committee hearing on the ticket.

36 Plaintiff admits that on June 17, 2014, Defendant Lt. Best presided over the Adjustment Committee, and Defendant Mansfield also served as a member of the Committee.

37. Plaintiff cannot admit or deny if Defendant Best, as Chairperson made decisions Arbitrarily.

38. Plaintiff cannot admit or deny if the Adjustment Committee reviewed the relevant evidence and statements.

39. Plaintiff cannot admit or deny if the Adjustment Committee, based on the evidence, found Plaintiff guilty of the charges.

40. Plaintiff admits that on June 20, 2014, the Defendant former Warden Williams' designee concurred with the Adjustment Committee's recommended punishment.

41 Plaintiff admits that on October 19, 2015, Plaintiff was issued an Offender Disciplinary Report by Defendant Officer Joshua Clements for STG related material, in violation of Department Rule 504.

42. Plaintiff cannot admit or deny if the charges were appropriate based on the observations of Defendants Clements and Shaw who conducted a search of Plaintiff's excess correspondence boxes on October 19, 2015, because Plaintiff's excess correspondence legal boxes were in the custody and control of the Defendants since November 7, 2013 and were suppose to be sealed, and Plaintiff never admitted ownership of any documents and continue to deny any STG involvement.

43. Plaintiff cannot admit or deny what Defendant's observations was or if Plaintiff Activity was in violation of Department Rule 504A.

44. Plaintiff admits that on October 20, 2015, Defendant Major Fredericks reviewed the report issued by Defendant Clements, Plaintiff denies that it was necessary to place him in temporary confinement by Major Marshall because Plaintiff was still being held in Administrative isolation. See Ex #2 Pla. Depos. 41:12-13

45. Plaintiff admits that Defendants Best and Fredericks had no involvement in the search of Plaintiff's correspondence legal boxes on October 19, 2015, led to the charges brought against him.

46. Plaintiff denies that the October 19, 2015 report did not subject Plaintiff to any discipline, because Plaintiff received a year across the board for the allegations alleged in the report.

47. Plaintiff admits and denies that Defendants Clements, Fredericks, and Shaw had no further involvement with Plaintiff related to this incident and were not present at the October 27, 2015 Adjustment Committee hearing on the ticket, because defendants Clements and Shaw were suppose to be interviewed by the Adjustment Committee.

48. Plaintiff admits on October 27, 2015, Defendant Lt. Best presided over the Adjustment Committee, and Defendant Hosselton also served as a member of the Adjustment Committee.

49. Plaintiff cannot admit or deny what the Adjustment Committee reviewed or what it based its decision on. Plaintiff admits he received a year across the board.

50. Plaintiff admits on October 28, 2015, that the Warden's office concurred with the Adjustment Committee's recommended punishment.

51. Plaintiff admits that Defendant Lamb reviewed and signed the Final Summary Report on October 28, 2015.

52. Plaintiff cannot admit or deny Defendant Lamb's involvement was limited to reviewing.

53. Plaintiff denies that Defendants Best, Clements, Fredericks, Laskey, Mansfield, McGarvey, Range, Shaw, and Wright have never been aware of any grievances or complaints filed by Plaintiff. Pla. Dep-58:4-15

54. Plaintiff admits that Grievances are handled internally by the Clinical Services Department. And Defendants were never assigned to the Clinical Services Department.

55. Plaintiff denies that none of the incidents that occurred in 2013, 2014, and 2015 prevented or deterred Plaintiff from continuing to file grievances, but it did prevent Plaintiff from filing a medical lawsuit against Warden Lemke pertaining to the denial of medical treatment pertaining to medical permits which was brought by other prisoners here at Stateville.

56. Plaintiff admits he never sent any grievances directly to Lt. Best.

57. Plaintiff admits that he does not know whether Major Marshall was aware of his grievances or lawsuits.

58. Plaintiff denies that other than the instant lawsuit, Defendants Best, Clement, Fredericks, Laskey, Mansfield, McGarvey, Range, Shaw, and Wright are not aware of any lawsuits filed by Plaintiff. Defendants are lying because Plaintiff filed a lawsuit in 2011 pertaining to denial of yard because of my disability and the yard schedule for the entire prison was changed to accommodate Plaintiff and all other individuals with disabilities. See Pla. Dep. 50: 4-15, 38:14-40:12

59 Plaintiff admits to the Shift Supervisor responsibility.

60. Plaintiff admits to the Reviewing Officers responsibility.

61. Plaintiff admits to the Hearing Investigators responsibility.

62. Plaintiff admits to the Adjustment Committee's responsibility.

63. Plaintiff admits to what the Offense 205 STG is and that at all times it was considered a Major infraction.

64. Plaintiff admits to what the definition of Department Rule (DR) 504A Offense 205 STG is.

65. Plaintiff can neither admit or deny the allegations in paragraph 65.

66. Plaintiff can neither admit or deny the allegations in paragraph 66.

67. Plaintiff can neither admit or deny the allegations in paragraph 67.

68. Plaintiff can neither admit or deny the allegations in paragraph 68.

69. Plaintiff can neither admit or deny the allegations in paragraph 69.

70. Plaintiff admits that he sued Jill Hosselton because she signed off on the Adjustment Committee finding.

71. Plaintiff denies that he cannot identify anything that would have caused Hosselton to retaliate against him except for the fact that Hosselton conspired with the other defendants, to keep me in isolation. Ex #2, Pla. Depos. 22:19-21

72. Plaintiff admits he made verbal complaints to Defendant Lamb about other Officers not following the Departmental Rules (DR).

73. Plaintiff admits he is suing Kevin Laskey. See Ex #2, Pla. Depos. 21:22-22:21

74. Plaintiff admits that he believes Major Laskey is retaliating against him because of the ADA disability yard, that Plaintiff got implemented in 2010. See Ex #2 Pla. Depos. 38:14-40:12.

75. Plaintiff admits he is suing David Mansfield, because he conspired with the other Defendant to issue and punish Plaintiff with false tickets.

76. Plaintiff can neither admit or deny the allegation in paragraph 76.

77. Plaintiff admits that he is suing Cherry Marshall, for retaliation.

78. Plaintiff admits that he is suing Jenny McGarvey, for retaliation.

79. Plaintiff admits that he is suing Joel Shaw, for retaliation.

80. Plaintiff admits that he is suing Clarence Wright, for retaliation.

Respectfully submitted,
[All Right Reserved, without prejudice UCC 1-308]
William D. Riley El © ™
William D. Riley El © ™
B03069 STA. C.C
P.O. Box 112
Joliet, Illinois [60434-0112]