IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| William Riley El, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 CV 11180 |
| | ) | |
| Salvador Godinez, *et al*., | ) | Honorable Judge John Z. Lee |
| | ) | |
| Defendants. | ) | Magistrate Judge Young B. Kim |

**DEFENDANTS' REPLY IN SUPPORT OF**
**THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Clarence Wright, Joel Shaw, Joshua Clements, Kevin Laskey, Jenny McGarvey, Michael Range, Charles Best, David Mansfield, Tarry Williams, Cherry Marshall, Theodore Fredericks, Jill Hosselton, and Nicholas Lamb ("Defendants"), by and through their attorney, Kwame Raoul, Attorney General of Illinois, and for their reply in support of their Motion for Summary Judgment, state the following:

**I.     Plaintiff's Responsive Filings Should be Stricken for Failure to Comply with the Local Rules**

Plaintiff filed a Response to Defendants' Motion for Summary Judgment ("Motion"), Memorandum of Law in Support of his Response to Defendants' Motion ("Response Memo"), and a Response to Defendants' Local Rule 56.1 Statement of Material Facts ("Response to DSOF"). Dkt. 145-147. A review of Plaintiff's filings shows a blatant disregard for the requirements of Local Rule 56.1.

First, it should be noted that Plaintiff's Motion contains portions copied word for word from Defendants' Motion for Summary Judgment. *See* Dkt. 137 and 145. Second, Plaintiff's Response Memo is essentially a narrative of Plaintiff's version of various events that occurred throughout his incarceration without any factual support or proper record citations. *See* Dkt. 147.

1

In addition, Plaintiff relies on the wrong standard of review and does not address any of the arguments raised by Defendants in their motion for summary judgment. *Id.* Plaintiff also improperly attempts to advance new claims and allegations that are not in the Complaint (including claims against unknown/unnamed individuals, and claims that were previously dismissed). *Id.* Yet, Plaintiff has not filed a Statement of Additional Facts, as permitted under Local Rule 56.1. Furthermore, Defendants submit that Plaintiff's Response Memo fails to comply with Local Rules 5.2 and 7.1 because the margins are not a minimum of one inch on each side, and it consists of single spaced print. *See* Dkt. 147. Thus, Plaintiff's Response Memo, which is exactly 15 pages, would exceed the page limit if he complied with the form requirements. Given that Plaintiff did not seek leave to file an oversized brief, his Response Memo should be stricken. Finally, Plaintiff's Response to Defendants' Statement of Facts consists of legal conclusions and arguments without any citations to factual support in the record. *See* Dkt. 146. Thus, the Court should strike Plaintiff's responsive documents in their entirety.

**II.  The Court Should Disregard the "Facts" in Plaintiff's Memorandum**

Alternatively, if the Court is inclined to review Plaintiff's filings, it should disregard the additional facts that are in his Response Memo, and not properly presented in a Rule 56.1(b)(3)(C) statement. "The obligation set forth in Local Rule 56.1 'is not a mere formality.' Rather, 'it follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.'" *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (internal citations omitted). The Seventh Circuit has "routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." *Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 537 (7th Cir. 2011). "Specifically, the statement of additional facts must set forth, in short numbered paragraphs, facts that require the

denial of summary judgment (in other words, *material* facts), supported by specific references to the record." *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. March 7, 2000) (emphasis in original).

Plaintiff's "Facts" section should also be disregarded because it contains numerous improper citations to his Complaint as evidence. *See* Dkt. 147 at ¶¶1-10. The Complaint allegations are not evidence; and thus, are insufficient to support a statement of facts at summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A); Local Rule 56.1(b). To avoid summary judgment, Plaintiff must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Henning v. O'Leary*, 477 F.3d 492, 496 (7th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). Thus, to the extent Plaintiff's references to his Complaint are intended as assertions of fact, they should be disregarded.

Additionally, the "facts" that Plaintiff inserted throughout his Response Memo should be stricken because they are improper arguments and legal conclusions that are not supported by the record. *See* Dkt. 147 at ¶¶1-10, 17-18, 22-29, and 31-34. The court is entitled to expect strict compliance with Local Rule 56.1, and not "credit any Local Rule 56.1 statements and responses that consist of hearsay, speculation, legal conclusions, improper argument, and evasive denials, in addition to those that do not properly cite to the record, are unsupported, or are otherwise improper." *Whiting v. Wexford Health Sources, Inc.*, 181 F. Supp. 3d 489, 491 (N.D. Ill. 2015), aff'd, 839 F.3d 658 (7th Cir. 2016). To the extent Plaintiff has attempted to disguise his arguments and legal conclusions as facts by citing to his deposition testimony (*see* Dkt. 147 at ¶¶1-5), these assertions should be disregarded because he improperly cites directly to the evidence. *See Bordelon v. Chi. Sh. Reform Bd. of Trs.*, 233 F.3d 524, 528–29 (7th Cir. 2000) (providing that, the purpose of Local Rule 56.1 would be defeated if the court were required to wade through improper

3

denials and legal argument in search of a genuinely disputed fact); *see also Mervyn v. Nelson Westerberg, Inc.*, 142 F. Supp. 3d 663, 664–66 (N.D. Ill. Nov. 1 2015). Furthermore, Plaintiff is only directing the Court to more speculation and legal conclusions, without actually providing any legitimate evidentiary support for his statements. *See* Dkt. 147 at ¶¶1-5. Self-serving affidavits – being statements without factual support in the record – will not defeat a motion for summary judgment, and a party seeking to avoid summary judgment may not establish a dispute of material fact on unsubstantiated assertions in its factual summary or affidavits. *Palmer v. Circuit Court, Social Serv. Dep't*, 905 F. Supp. 499, 501 (N.D. Ill. Oct. 30, 1995) (Castillo, J.).

Lastly, and perhaps most troubling, is that Plaintiff repeatedly makes assertions of fact that have no basis in the record. *See* Dkt. 147 at ¶¶6-10, 17-18, 22-29, and 31-34. Despite being *required* to do so under the rules, Plaintiff consistently failed to provide any evidence whatsoever to support his assertions. *See* Fed. R. Civ. P. 56(c)(1)(A); and Local Rule 56.1(b)(1), (b)(3)(C). The court is not obligated in considering a motion for summary judgment to assume the truth of a non-movant's conclusory allegations on faith or to scour the record to unearth material factual disputes. *Carter v. Am. Oil Co.*, 139 F.3d 1158, 1163 (7th Cir. 1998). All of the purported facts that Plaintiff dispersed throughout his Response Memo are arguments and legal conclusions based on pure speculation, and not supported by the evidence. *See* Dkt. 147 at ¶¶1-10, 17-18, 22-29, and 31-34. Accordingly, the Court should strike and disregard Plaintiff's "Facts" section, as well as the assertions of fact contained in his "Argument" section.

### III. The Court Should Disregard Plaintiff's Response to Defendants' Rule 56.1 Statement of Material Facts, and Deem all of Defendants' Facts Admitted

None of Plaintiff's Responses to Defendants' Statements of Undisputed Facts warrant the Court's consideration. *See* Dkt. 146 at p. 4-11. First, the manner in which Plaintiff drafted his responses is improper and misleading because he repeatedly modifies and/or misrepresents

4

Defendants' statements of fact, and only addresses select portions of such statements, while completely neglecting other parts. *See Id.* at ¶¶22-24, 26, 28-34, 36-44, 46, 49, 51-52, 55, 59-70, and 72-80. Similarly, Plaintiff states in numerous responses that he "cannot admit or deny." *Id.* at ¶¶22, 26, 29, 37-39, 42-43, 49, 52, 65-69, and 76. This response is particularly troubling with regard to Defendants' statements of fact that are based entirely on Plaintiff's own deposition testimony. *See Id.* at ¶¶52, 65-69, and 76; and Dkt. 139 at ¶¶52, 65-69, and 76. Regardless, having failed to respond to Defendants' statement of facts, these facts are admitted by operation of Local Rule 56.1(b)(3); *see also Jackson v. Int'l Bhd. of Teamsters, Local Union No. 705,* 2004 WL 1718635, (N.D. Ill. July 30, 2004), *aff'd,* 125 Fed. Appx. 729 (7th Cir. 2005) (explaining that "failure to properly meet the requirements to deny a moving party's statement of facts results in the moving party's version of the facts being deemed admitted").

Second, where Plaintiff has asserted a dispute, his denials should be disregarded because they are merely arguments in an attempt to create a dispute where none exists. *See Malec*, 191 F.R.D. at 584 (providing that "a Rule 56.1(b)(3)(A) response is not the place for purely argumentative denials"). Moreover, such denials are improper because Plaintiff either does not provide any record citations (Dkt. 146 at ¶¶23, 28, 32, 34, 47, and 55); or, he improperly cites directly to his deposition testimony, which does not actually support the denial. *Id.* at ¶¶44, 53, 58, and 71. "Where a non-moving party denies a factual allegation by the party moving for summary judgment, that denial must include a specific reference to the affidavit or other part of the record that supports such a denial." *Ammons v. Aramark Uniform Servs. Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Therefore, the Court should disregard Plaintiff's Response to DSOF, deem Defendants' version of the facts admitted, and enter summary judgment in favor of Defendants.

**IV.  Plaintiff Failed to Establish an Issue of Material Fact**

Defendants are entitled to summary judgment because Plaintiff's Response Memo failed to put forth *any* competent and admissible evidence that would establish an issue of material fact. *See* Dkt. 147. Instead, Plaintiff relies on various legal conclusions, speculation, and unsupported "contentions." *Id*. For example, Plaintiff argues that, the allegations in his Complaint "certainly present a chronology from which retaliation can be inferred." *Id*. at ¶28. Plaintiff also argues that his "contention that the disciplinary tickets w[ere] fabricated in retaliation for engaging in protected speech is properly within the scope of a 1983 suit." *Id*. at ¶31. He further contends that the "temporal proximity" of his grievances and lawsuits he filed "raised an inference that his First Amendment activity was a motiving factor." *Id*. at ¶¶31 and 33. Additionally, Plaintiff states that he "has presented a narrative of events from which a reasonable jury could infer retaliation" (*Id*. at ¶34); and "accepting all his allegations as true, 'one possible inference' of Plaintiff's Complaint…is that the alleged harassment…would deter a person of ordinary firmness from exercising his First Amendment rights." *Id*. at ¶35. This is not enough to overcome summary judgment.

First, Plaintiff appears to be relying on the wrong standard. Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007). Thus, Plaintiff's narrative is not enough to state a claim at this stage, given that there is no admissible evidence in the record that Defendants retaliated against him. Second, Plaintiff's statements and unsupported version of the facts are not enough to defeat summary judgment. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts...[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

'genuine issue for trial.'" *Id.* at 380 (*citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986) (footnote omitted)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id*. (*citing Anderson,* 477 U.S. at 247–248). Moreover, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Id*.

Furthermore, Plaintiff waived his arguments in opposition to summary judgment because he failed to respond to any of the arguments raised by Defendants' Motion for Summary Judgment. *See generally,* Dkt. 147 and 139. "The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment." *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014); *Hassebrock v. Bernhoft*, 815 F.3d 334, 342 (7th Cir. 2016). Plaintiff's Response Memo does not dispute Defendants' argument that they were not aware of his grievances, or that they genuinely believed he violated department rules when they participated in the disciplinary process, and that there was a legitimate, non-retaliatory basis for issuing the tickets. Plaintiff also does not dispute Defendants' argument that they did not personally cause him harm because they did not impose discipline on him; and that they did not deter his future First Amendment activity because he was never deterred from filing grievances and lawsuits. Finally, Plaintiff did not address Defendants' argument that they were not personally involved in any constitutional violation. Therefore, Plaintiffs' failure to contest Defendants' arguments constitutes a waiver of any response to their defense, and summary judgment should be granted in favor of Defendants.

WHEREFORE, Defendants Wright, Shaw, Clements, Laskey, McGarvey, Range, Best, Mansfield, Williams, Marshall, Fredericks, Hosselton, and Lamb respectfully request that this Honorable Court enter summary judgment in their favor, dismiss all of Plaintiff's claims against them with prejudice, and grant any such further relief the Court finds reasonable and just.

Respectfully submitted,

KWAME RAOUL
Attorney General for Illinois

/s/ *Colleen M. Shannon*
COLLEEN M. SHANNON
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Floor
Chicago, Illinois 60601
(312) 814-4450
cshannon@atg.state.il.us

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on July 10, 2019, the above and foregoing document was electronically filed using the Court's CM/ECF system, and a copy was also served on Plaintiff at the address below via U.S. mail.

William Riley-El #B-03069
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

/s/ *Colleen M. Shannon*